**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIC SILVERMAN, on behalf of himself and all others similarly situated, | Case No. 1:07-CV-04507 (Consolidated) |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | Honorable Amy St. Eve<br>Magistrate Judge Michael T. Mason |
| MOTOROLA, INC., et al., | |
| Defendants. | |

**NON-PARTIES KPMG LLP, DAVID PRATT, AND
DENNIS PARROTT'S MOTION FOR LEAVE TO FILE UNDER SEAL
THEIR (1) MOTION TO QUASH OR MODIFY SUBPOENA AND FOR
PROTECTIVE ORDER, AND (2) MEMORANDUM IN SUPPORT**

James R. Figliulo (ARDC No. 6183947)
Stephanie D. Jones (ARDC No. 6220362)
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street
Suite 3600
Chicago, Illinois  60603
(312) 251-5262

Counsel for Non-Parties KPMG LLP,
David Pratt, and Dennis Parrott

Scott R. Lassar (ARDC No. 1586270)
Jeffrey C. Sharer (ARDC No. 6239167)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Michael C. Kelley (*pro hac vice*
   application pending)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California  90013
(213) 896-6000

Counsel for Non-Parties KPMG LLP, David
Pratt, and Dennis Parrott

Dated:  May 4, 2010

Non-Parties KPMG LLP, David Pratt, and Dennis Parrott (collectively, the "KPMG Non-Parties"), respectfully move this Court, pursuant to Local Rule 26.2, for leave to file under seal their Motion to Quash or Modify Subpoena and for Protective Order, and their Memorandum in Support of that Motion, with accompanying exhibits.  In support of this motion, the KPMG Non-Parties state as follows:

1. Plaintiffs in the above-captioned case have issued subpoenas to compel production of documents and information from the KPMG Non-Parties (the "Subpoenas"). Pursuant to Fed. R. Civ. P. 45(c) and 26(c), the KPMG Non-Parties are filing a motion seeking to quash or modify the Subpoenas, as well as for a protective order (the "Motion to Quash").

2. The Subpoenas call for production of a wide range of documents and information, including, among other things, documents and information relating to the process by which the Public Company Accounting Oversight Board (the "PCAOB") annually inspects KPMG's audit practice pursuant to section 104 of the Sarbanes-Oxley Act of 2002 (the "Act"), 15 U.S.C. § 7214.

3. Under section 105(b)(5)(A) of the Act, documents and information related to the the PCAOB's annual inspections of registered accounting firms are "confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court …."  15 U.S.C. § 7215(b)(5)(A).

4. The PCAOB has stated that "the Act … expressly restricts the Board from making public any information that is subject to the protection of section 105(b)(5)(A) of the Act."  Statement Concerning the Issuance of Inspection Reports, PCAOB Release No. 104-2004-001, at 6 (Aug. 26, 2004) (Attached as Ex. 1).  The same statement provides further: "In the context of an inspection report, the Board generally will maintain as nonpublic any otherwise nonpublic information that the Board obtained concerning the [accounting] firm or its clients ….  So while the public portion of inspection reports will generally include discussion of

observations arising out of the review of specific audit engagements, the reports will not identify the issuers in question." *Id.* (emphasis added).  For the Court's convenience, the KPMG Non-Parties are attaching to this motion an example of a PCAOB inspection report, in which the issuers as to which comments are being addressed are identified only as "Issuer A," "Issuer B," and "Issuer C."  Report on 2006 Inspection of Crowe Chizek and Company LLC, PCAOB Release No. 104-2007-116, at 4-7 (Sept. 24, 2007) (Attached as Ex. 2).

5. Because of the nature of the materials sought by the Subpoenas, in order fully to make and support the Motion to Quash, it is necessary for the KPMG Non-Parties to address in their papers certain matters related to the PCAOB inspection process that are confidential and privileged under section 105(b)(5)(A).  15 U.S.C. § 7215(b)(5)(A).

6. Counsel for the KPMG Non-Parties has referred plaintiffs' counsel both to section 105(b)(5)(A) as well as clear authority that demonstrates that the PCAOB itself interprets the privilege to protect the identity of an audit client whose audits become the subject of inspection.  Based on that authority, counsel for the KPMG Non-Parties sought plaintiffs' counsel's agreement that this motion and related documents should be filed under seal.  Plaintiffs' counsel refused and has stated its intent preemptively to compromise the protection afforded by section 105(b)(5)(A) to KPMG and its clients by filing a motion to compel on the public docket of the Court.  (*See* Letter from T. Smith to M. Kelley dated May 4, 2010 (Attached as App. Ex. O to KPMG Non-Parties' Memorandum in Support of their Motion to Quash).)

7. Accordingly, the KPMG Non-Parties hereby respectfully seek leave to file under seal their Motion to Quash and Memorandum in Support, with accompanying exhibits, pursuant to Local Rule 26.2.  *E.g.*, *Solaia Tech. LLC v. Arvinmeritor, Inc.*, No. 02-4704, 2004 WL 549449, at *1 (N.D. Ill. Jan. 28, 2004) (noting that "information required by statute to be maintained in confidence" is entitled to be filed under seal) (Attached as Ex. 3); *Schimizzi v. Illinois Farmers Ins. Co.*, No. 93-173, 2007 WL 2572133, at *1 (N.D. Ind., Sept. 4, 2007)

3

("Preserving the confidentiality afforded by the statute insures the continued effectiveness of the peer review process, protects the interests of the community as a whole, and provides good cause for continuing to maintain the documents under seal in this case.") (Attached as Ex. 4).

8. For the same reasons, the KPMG Non-Parties further respectfully request that the Court require that any responsive filing or related motion be filed by plaintiffs likewise be filed under seal pursuant to Local Rule 26.2.

9. Finally, pursuant to Local Rule 26.2(g), the KPMG Non-Parties further request this Court grant access to the sealed documents only to counsel who have filed a notice of appearance in this case on behalf of the plaintiffs or defendants. After the conclusion of this litigation, the sealed motion, memorandum, and exhibits should be destroyed. *See* Local Rule 26.2(g).

WHEREFORE, Non-Parties KPMG LLP, David Pratt, and Dennis Parrott respectfully request that the Court grant their motion for leave to file under seal pursuant to Local Rule 26.2.

Dated: May 4, 2010

Respectfully submitted,

KPMG LLP, DAVID PRATT, AND DENNIS PARROTT

**/s/ Jeffrey C. Sharer**

| | |
|---|---|
| James R. Figliulo (ARDC No. 6183947)<br>Stephanie D. Jones (ARDC No. 6220362)<br>FIGLIULO & SILVERMAN, P.C.<br>10 South La Salle Street<br>Suite 3600<br>Chicago, Illinois 60603<br>(312) 251-5262<br><br>Counsel for Non-Parties KPMG LLP,<br>David Pratt, and Dennis Parrott | Scott R. Lassar (ARDC No. 1586270)<br>Jeffrey C. Sharer (ARDC No. 6239167)<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>(312) 853-7000<br><br>Michael C. Kelley (*pro hac vice*<br>   application pending)<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Los Angeles, California 90013<br>(213) 896-6000<br><br>Counsel for Non-Parties KPMG LLP, David<br>Pratt, and Dennis Parrott |

## CERTIFICATE OF SERVICE

      I, Jeffrey C. Sharer, one of the attorneys for Non-Parties KPMG LLP, David Pratt, and Dennis Parrott, hereby certify that on May 4, 2010, service of the foregoing Motion for Leave to File Under Seal their (1) Motion to Quash or Modify Subpoena and for Protective Order, and (2) Memorandum in Support was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                    **/s/ Jeffrey C. Sharer**