IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC SILVERMAN, on behalf of himself and all others similarly situated, | Case No. 1:07-CV-04507 (Consolidated) |
| Plaintiff, | CLASS ACTION |
| v. | Honorable Amy St. Eve<br>Magistrate Judge Michael T. Mason |
| MOTOROLA, INC., et al., | |
| Defendants. | |

## NON-PARTIES KPMG LLP, DAVID PRATT, AND DENNIS PARROTT'S MOTION TO QUASH OR MODIFY SUBPOENA AND FOR PROTECTIVE ORDER

James R. Figliulo (ARDC No. 6183947)
Stephanie D. Jones (ARDC No. 6220362)
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-5262

Counsel for Non-Parties KPMG LLP,
David Pratt, and Dennis Parrott

Scott R. Lassar (ARDC No. 1586270)
Jeffrey C. Sharer (ARDC No. 6239167)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Michael C. Kelley (*pro hac vice*
   application pending)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000

Counsel for Non-Parties KPMG LLP, David
Pratt, and Dennis Parrott

Dated: May 4, 2010

Non-parties KPMG LLP, David Pratt, and Dennis Parrott (collectively, the "KPMG Non-Parties"), by their attorneys, hereby move pursuant to Fed. R. Civ. P. 45(c)(3) and 26(c), for an order quashing or modifying plaintiffs' Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, issued to Messrs. Pratt and Parrott, respectively, on April 19, 2010, and plaintiffs' Subpoena in a Civil Action, issued to KPMG LLP on December 29, 2009 (collectively, the "Subpoenas"), to the extent that the Subpoenas call for production of documents received from or communicated to the Public Company Accounting Oversight Board ("PCAOB," or the "Board") as part of the PCAOB inspection of KPMG's audit practice for the year ended December 31, 2006 (the "PCAOB Inspection"), or prepared as a result of the PCAOB Inspection or otherwise related to the PCAOB Inspection. KPMG further respectfully moves this Court for entry of a protective order precluding plaintiffs from questioning Messrs. Pratt and Parrott or any other witness, during their forthcoming depositions, regarding the PCAOB inspection process and KPMG's responses to that process.

In support of their motion, the KPMG Non-Parties state as follows:

1. Plaintiffs' requests call for, among other things, "[a]ll documents and communications concerning the Public Company Accounting Oversight Board's review of KPMG's

Redacted

(Mem. App. Exs. H and I.)[1]

---

[1] Although plaintiffs have issued separate subpoenas to KPMG (on December 29, 2009) and to Messrs. Pratt and Parrott (both on April 19, 2010), the only documents, responsive to plaintiffs' requests, within the possession, custody, or control of Messrs. Pratt and Parrott are documents that were prepared or obtained in the course of their professional duties for KPMG and are therefore within the possession, custody, or control of KPMG. Accordingly, this motion asks

2. Under section 105(b)(5)(A) of the Sarbanes-Oxley Act of 2002, documents and information related to the PCAOB's annual inspections of registered public accounting firms are "confidential and privileged as an evidentiary matter" and are exempt from "civil discovery or other legal process ... in any proceeding in any Federal or State court or administrative agency ...." 15 U.S.C. § 7215(b)(5)(A).

3. Pursuant to Local Rule 37.2, the KPMG Non-Parties state that after consultation by telephone and good faith attempts to resolve differences, the parties are unable to reach an accord. On Monday, May 3, 2010, Michael C. Kelley and Stephanie D. Jones, counsel for the KPMG Non-Parties, participated in a telephone call with Trig Smith, counsel for plaintiffs. The KPMG Non-Parties asked plaintiffs to withdraw their subpoena requests as to all documents and information related to the PCAOB inspection process. Plaintiffs agreed to exclude from their requests correspondence between KPMG and the PCAOB (including any internal KPMG communications that attach such correspondence) and documents that KPMG created specifically in response to a request from the PCAOB; however, they refused to withdraw their requests as to other documents, including documents related to the PCAOB inspection process subject to the statutory PCAOB inspection privilege.

A memorandum in support of this motion is being filed contemporaneously herewith.

---

that all of plaintiffs' subpoenas be quashed or modified to the full extent that they call for documents subject to the PCAOB inspection privilege, but for simplicity refers simply to the documents in question as "KPMG documents."

WHEREFORE, for the reasons stated in their supporting memorandum, the KPMG Non-Parties respectfully request that the Court enter an order (1) quashing the Subpoenas to the extent that they call for production of documents received from or communicated to the PCAOB as part of the PCAOB Inspection, or prepared as a result of the PCAOB Inspection or otherwise related to the PCAOB Inspection; and (2) precluding plaintiffs from questioning KPMG, through Messrs. Pratt and Parrott or any other witness, regarding the PCAOB inspection process and KPMG's responses to that process.

Dated: May 4, 2010

Respectfully submitted,

KPMG LLP, DAVID PRATT, AND DENNIS PARROTT

/s/ Jeffrey C. Sharer

James R. Figliulo (ARDC No. 6183947)
Stephanie D. Jones (ARDC No. 6220362)
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-5262

Counsel for Non-Parties KPMG LLP,
David Pratt, and Dennis Parrott

Scott R. Lassar (ARDC No. 1586270)
Jeffrey C. Sharer (ARDC No. 6239167)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Michael C. Kelley (*pro hac vice* application pending)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000

Counsel for Non-Parties KPMG LLP, David Pratt, and Dennis Parrott

## CERTIFICATE OF SERVICE

I, Jeffrey C. Sharer, one of the attorneys for Non-Parties KPMG LLP, David Pratt, and Dennis Parrott, hereby certify that on May 6, 2010, service of the foregoing Motion to Quash or Modify Subpoena and for Protective Order was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Jeffrey C. Sharer
Jeffrey C. Sharer