UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Amy J. St. Eve |
| MOTOROLA, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' MEMORANDUM
### IN SUPPORT OF THIRD PARTY KPMG'S RESPONSE TO
### PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Defendants respectfully submit this memorandum in support of third-party KPMG LLP's ("KPMG") response to Plaintiffs' motion to compel the production of documents. Defendants join in KPMG's request that Plaintiffs' motion be denied because the documents sought are not relevant to the claims at issue in this case and for the reasons set forth in KPMG's response. Plaintiffs seek production of the entire universe of KPMG workpapers related to Motorola's Mobile Devices business and certain company-level workpapers. These materials are *in addition to* the workpapers regarding the third quarter licensing transactions which KPMG already has produced. Plaintiffs' motion, if granted, would expand the scope of this case well beyond its present borders and allow Plaintiffs the opportunity to look for additional, unrelated accounting issues to further broaden their case. Plaintiffs should not be permitted such a fishing expedition for additional issues at this late stage, when the close of fact discovery is in just over six weeks.

Since Judge Moran's order on Defendants' motion to dismiss and until very recently, this case concerned Motorola's development and release of 3G phones in the second half of 2006.

These allegations were at the center of the Consolidated Amended Complaint and served as the basis for this Court's determination of relevance on all four of Plaintiffs' motions to compel.

After 15 months of discovery, Plaintiffs informed the Court and Defendants that they intended to amend the complaint to raise issues regarding two third quarter 2006 software licensing transactions. Even then, however, the need to amend was described by Plaintiffs in relation to the 3G case. Plaintiffs described the amendment's purpose as "conform[ing] the operative pleading with new evidence of allegations regarding Defendants' false statements and omissions, including allegations of GAAP disclosure and accounting omissions and improprieties related to problems with Motorola's 3G portfolio." Plaintiffs described the nature of the amendment as it related to the two third quarter licensing transactions as including "additional allegations regarding the undisclosed development problems impacting Motorola's 3G handset programs and financial results, and defendants' efforts to cover up those impacts through the two IP transactions that Motorola executed with Freescale and Qualcomm in the final days of 3Q06." Nowhere in their motion papers did Plaintiffs indicate that the Second Amended Complaint would transform this case about Motorola's 3G portfolio into a more garden-variety accounting case regarding Motorola's overall accounting and disclosure practices for the third quarter and fiscal year of 2006, regardless of their relationship to the 3G portfolio.

Based on these representations from Plaintiffs, this Court allowed certain limited discovery into the third quarter licensing deals in response to a motion to compel. Plaintiffs argued that such discovery was relevant because the transactions "allowed defendants to conceal from investors during the Class Period that Motorola's 3G product portfolio was a 'bust,' suffering from delays and infirmities, and fill a 3Q06 earnings gap that exceeded $500 million due to the 3G product problems." This Court allowed discovery because of this asserted link

between the 3G portfolio and the licensing deals. The Court's order compelled production of a limited set of documents from certain custodians relating to the revenue recognition and disclosure of the third quarter licensing transactions, including communications with KPMG regarding those topics, but declined to compel production in response to a more general request regarding the terms of the agreements.

During its negotiations with Plaintiffs regarding the scope of production, Plaintiffs and KPMG agreed that the scope of its production would be determined by this Court's order on Plaintiffs' fourth motion to compel regarding the third quarter licensing transactions. *See* Pls.' Ex. D & E. Shortly after this Court's order, KPMG produced all hard copy workpapers that relate to the licensing transactions in its third quarter review or fiscal year 2006 audit. That production included: KPMG's memoranda to file documenting the testwork performed on the two transactions as part of both its quarterly review for the third quarter and fiscal year audit for 2006 (which included consideration of the Company's revenue recognition for these transactions and encompassed its extensive analysis of the timing of the Qualcomm transaction, including comparisons of different time-stamped versions of the agreement); memoranda documenting KPMG's account of the Audit Committee meetings regarding the third quarter earnings release dated October 17, 2006 and regarding the Form 10-Q filed November 2, 2006; KPMG's SAS 61 communication to the Audit Committee for the third quarter of 2006, which included, among other things, identification of significant unusual transactions in the quarter; the Company's management representation letter to KPMG; KPMG's review of Motorola's third quarter earnings release; and KPMG's audit procedures for revenue recognition in software transactions as applied to these two third quarter 2006 transactions. Plaintiffs have not identified any specific type of additional workpaper that is necessary for their analysis in this case beyond what was

produced or suggested that KPMG has failed to produce something which it previously committed to produce.

Instead, despite its agreement to KPMG's production of hard copy workpapers related to the third quarter licensing transactions, Plaintiffs now seek to expand the scope of their request to include all KPMG's hard copy workpapers related to its 2006 third quarter review and fiscal year audit of the Mobile Devices business, as well as documents related to the consolidated audit of the entire Company.  These documents cover topics far outside KPMG's review of the third quarter licensing transactions, such as the Mobile Devices business's Taxes, Accounts Receivable, Warranty, IT documentation, or unrelated customer contracts.  It is impossible to imagine circumstances in which these issues could have any substantial relationship with the transactions at issue.

As this Court has recognized, the scope of relevance under the Federal Rules of Civil Procedure is not infinite.  Slip Op. at 2 (Docket 129, July 24, 2009).  The Seventh Circuit directs that discovery is not to be used as a fishing expedition.  *Id.*  Simply titling these as the "Relevant Workpapers", as Plaintiffs have done here, is not sufficient to support compelling production. Plaintiffs have not provided any justification as to why the entirety of the Mobile Devices workpapers, as well as certain company-level workpapers, are relevant to their case.  Plaintiffs' only rationale for their need is the fact that the third quarter licensing transactions would have affected various line items.  Plaintiffs make little effort to identify why certain workpapers could relate to the third quarter licensing transactions.  For example, Plaintiffs could argue that KPMG's revenue analysis of all licensing transactions during these time periods was relevant to their analysis, or that some portion of the inventory testwork performed by KPMG could help support their argument on alleged strategic inventory purchases related to the licensing

transactions. Plaintiffs' motion seeks documents beyond the scope of what is relevant here and appears to be nothing more than an attempt to identify additional areas of inquiry in Motorola's financial statements. This is not an appropriate use of discovery, particularly at this late stage of the discovery process where the fact discovery cut-off is only six weeks away.

Plaintiffs argue that discovery of this expanded set of workpapers is necessary to allow analysis of the financial implications of severe 3G product development problems. Plaintiffs have had ample opportunity to explore this issue in their discovery of Motorola, which includes the production of over 2.5 million pages of documents and, by the close of fact discovery, over 30 depositions. Plaintiffs have not identified any workpapers that relate to this issue.

Finally, Plaintiffs assert that the documents sought are necessary to analyze defendants' reasonable reliance upon the advice of its auditor. This assertion is without merit. Defendants have made clear that their reliance upon KPMG's review and audit relate only to the discrete issues of the accounting and timing of the third quarter licensing transactions, and KPMG already has produced the workpapers related to those transactions. These workpapers that KPMG already has produced are unified as to those issues.[1]

Accordingly, for the reasons set forth herein, and in KPMG's response to Plaintiffs' motion to compel, Plaintiffs' motion should be denied.

---

[1] The cases cited by Plaintiffs do not support the general principle that an auditor must produce complete sets of its workpapers in all instances. Plaintiffs' cases generally relate to situations where the entirety of a party's financial statements were at issue, as opposed the situation here where the accounting for only two transactions is at issue.

Dated: May 17, 2010

                                                  Respectfully submitted,

                                                  /s/ Elizabeth Leise

Stephen M. Sacks
M. Sean Laane
James W. Thomas
Elizabeth Leise
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000 (telephone)
(202) 942-5999 (facsimile)

*Lead Counsel for Defendants*

J. Timothy Eaton
Michael P. Sheehan
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 527-4000 (telephone)
(312) 527-4011 (facsimile)
msheehan@shefskylaw.com
ARDC No. 6238081

*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2010, a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THIRD PARTY KPMG'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** was delivered:

By Electronic Mail and United States First Class Mail

ROBBINS RUDMAN GELLER
  & DOWD
Trig R. Smith
Jennifer L. Gmitro
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile: 619-231-7423

ROBBINS RUDMAN GELLER
  & DOWD
Samuel H. Rudman
Davis A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631-367-7100
Facsimile: 631-367-1173

*Lead Counsel for Plaintiffs*

MILLER LAW LLC
Marvin A. Miller
Lori A. Fanning
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312-332-3400
Facsimile: 312-676-2676

*Liaison Counsel for Plaintiffs*

By United States First Class Mail

VANOVERBEKE MICHAUD
  & TIMMONY, P.C.
Thomas A. Michaud
79 Alfred Street
Detroit, MI 48201

*Additional Counsel for Plaintiff*

/s/ Elizabeth Leise
Elizabeth Leise

- 1 -