UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff | ) | CLASS ACTION |
| vs. | ) | Judge St. Eve<br>Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) | |
| Defendants. | ) | |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of January 31, 2012 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Macomb County Employees' Retirement System and Plaintiff St. Clair Shores Police and Fire Pension System (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation (as defined herein); and (ii) Defendants Motorola, Inc. (n.k.a. Motorola Solutions, Inc.), Edward J. Zander, Ronald G. Garriques, David W. Devonshire and Richard N. Nottenburg, by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The initial complaint filed in this case was *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507, in the United States District Court for the Northern District of Illinois (the "Court") on August 9, 2007. Two other substantially identical class action cases, *Segal v. Motorola, Inc., et al.*, No. 07 CV 4782 and *Acheson v. Motorola, Inc., et al.*, No. 07 cv 5004, were filed in the Court on August 23, 2007 and September 5, 2007, respectively. On October 16, 2007, these cases were consolidated by Court order as *Silverman v. Motorola, Inc., et al.* under the case number 1:07-cv-04507, and Macomb County Employees' Retirement System was appointed Lead Plaintiff.

On December 20, 2007, the Consolidated Amended Complaint for Violation of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The named defendants in the complaint were Motorola, Inc., Edward J. Zander, Ronald G. Garriques, David W. Devonshire, Richard N. Nottenburg, Daniel M. Moloney, Gregory Q. Brown, and Padmasree Warrior. On February 5, 2008, defendants moved to dismiss the complaint. On September 23, 2008, the Court granted in part and denied in part defendants' motion to dismiss.

Thereafter, defendants filed an answer denying all allegations in the complaint and asserting defenses thereto.

On February 27, 2009, Plaintiffs filed a motion for class certification, which the Court granted on August 25, 2009, appointing Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System as class representatives and Robbins Geller Rudman & Dowd LLP as class counsel.

On March 10, 2010, Plaintiffs filed the Second Amended Complaint for Violation of Federal Securities Laws (the "Complaint"). Defendants did not move to dismiss the Complaint, but filed an answer denying all material allegations in the Complaint and asserting various defenses thereto. On November 15, 2010, the parties entered into a stipulation of dismissal, voluntarily dismissing all claims against defendant Padmasree Warrior, which the Court approved the following day.

During the pendency of the Litigation, Plaintiffs and defendants engaged in extensive discovery. The parties briefed more than 15 discovery disputes, subpoenaed more than 40 parties and third parties resulting in the production of over 3.8 million pages of documents and conducted approximately 60 depositions.

On September 7, 2010, defendants Gregory Q. Brown, Daniel M. Moloney and Richard D. Nottenburg moved for summary judgment on Plaintiffs' §20(a) claim. Mr. Nottenburg simultaneously moved for summary judgment on Plaintiffs' §10(b) claim. On February 16, 2011, the Court granted summary judgment in favor of Messrs. Brown and Moloney. With respect to Mr. Nottenburg, the Court granted summary judgment as to Plaintiffs' §10(b) claim and denied summary judgment as to Plaintiffs' §20(a) claim.

On March 21, 2011, all remaining defendants moved for summary judgment on Plaintiffs' §10(b) claim. The Court denied Defendants' motion for summary judgment on July 25, 2011.

Throughout the course of the litigation, the parties engaged the services of Judge Daniel Weinstein (Ret.), a nationally recognized mediator. The parties engaged in several in-person mediation sessions with Judge Weinstein during 2010 and 2011 and numerous telephonic exchanges regarding a potential settlement of the Litigation. Pursuant to an Order issued by Judge St. Eve, the parties engaged in another mediation with Judge Weinstein in New York City on December 14, 2011. While the parties were unable to reach a resolution of the Litigation during the December 14, 2011 mediation, Judge Weinstein thereafter issued a mediator's proposal to settle the Litigation for $200,000,000.00. The parties accepted Judge Weinstein's mediator's proposal to settle the Litigation for that amount subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage, that the prices of Motorola publicly traded securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as

the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the publicly traded securities of Motorola, Inc. during the period from July 19, 2006 through January 4, 2007, inclusive, excluding (1) Defendants and their immediate family; (2) any entity in which Defendants have or had a controlling interest; (3) Officers and Directors of Motorola, Inc.; and (4) the legal representatives, heirs, successors or assigns of any excluded party.

1.4 "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5 "Class Period" means the period commencing on July 19, 2006 through and including January 4, 2007.

1.6 "Defendants" means Motorola, Inc., now known as Motorola Solutions, Inc., and the Individual Defendants. A Defendant shall be deemed to have a "controlling interest" in an entity if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership interests, of such entity.

1.7 "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Plaintiffs' attorneys' fees and expenses, Plaintiffs' reimbursement, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.10 "Individual Defendants" means Edward J. Zander, Ronald G. Garriques, David W. Devonshire and Richard N. Nottenburg.

1.11 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Keith F. Park, Tor Gronborg, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.13 "Lead Plaintiff" means Macomb County Employees' Retirement System.

1.14 "Litigation" means the consolidated actions under case number 1:07-cv-04507.

1.15 "Motorola" means Motorola, Inc., now known as Motorola Solutions, Inc.

1.16 "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Plaintiffs, provided for herein or approved by the Court and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

1.17 "Notes" means Motorola's 7.5% Notes due 5/15/25 (CUSIP 620076AHA), 8.4% Notes due 8/15/31 (CUSIP620076ACA), 6.5% Notes due 11/15/28 (CUSIP 620076APA), 6.5% Notes due 9/1/25 (CUSIP 620076AKA), 6.5% Notes due 3/1/08 (CUSIP 620076AG4), 5.8% Notes due 10/15/08 (CUSIP 620076AN9), 7.625% Notes due 11/15/10 (CUSIP 620076AR), and 4.68% Notes due 11/16/07 (CUSIP 620076AU3).

1.18 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19 "Plaintiffs" means Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System.

1.20 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21 "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.22 "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined below) arising out of or based upon both the purchase or other acquisition of Motorola publicly traded securities during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in ¶1.28 hereof.

1.23 "Released Persons" means each and all of the Defendants and their Related Parties.

1.24 "Settlement Amount" means Two Hundred Million Dollars ($200,000,000.00) in cash to be paid by either wire transfer or check to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.25 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.26 "Settling Parties" means, collectively, the Defendants, Plaintiffs and the Class.

1.27 "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

1.28 "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment

to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2. The Settlement**

**a. The Settlement Fund**

2.1 Defendants shall pay or cause to be paid the Settlement Amount by check or wire transfer in accordance with instructions to be provided by the Escrow Agent within the later of twenty-one (21) calendar days: (a) after the entry of an order granting preliminary settlement approval; or (b) the receipt by Defendants' counsel of a tax identification number and wire instructions for the account established by the Escrow Agent for the Settlement Fund. If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the settlement only if (i) Lead Counsel have notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel have provided such written notice. The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account maintained by the Escrow Agent.

**b. The Escrow Agent**

2.2 The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3 The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5 All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6 Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

**c. Taxes**

2.7 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree

to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

**d. Termination of Settlement**

2.8 In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants in accordance with ¶7.4 herein.

**3. Preliminary Approval Order and Settlement Hearing**

3.1 Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2 Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Plaintiffs' request for reimbursement of expenses, if any.

**4. Releases**

4.1 Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2 The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3 Upon the Effective Date, as defined in ¶1.7 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4 Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims. Claims to enforce the terms of this Stipulation are not released.

**5. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims

submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

    5.2    The Settlement Fund shall be applied as follows:

    (a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

    (b)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

    (c)    to pay attorneys' fees and expenses of counsel to the Plaintiffs (the "Fee and Expense Award"), and to reimburse Plaintiffs for their expenses, if and to the extent allowed by the Court; and

    (d)    after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

    5.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

    5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5 Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

5.6 The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7 The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Plaintiffs, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

5.8 No Person shall have any claim against Plaintiffs, Plaintiffs' counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6. Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2 The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, plaintiffs' counsel agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶6.3.

6.4 Plaintiffs may submit an application for reimbursement of their time and expenses incurred in the prosecution of the Litigation. However, in the event that the Effective Date does not occur, or the judgment or the order approving Plaintiffs' application for reimbursement of their time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then each Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such reimbursement for time and expenses previously paid to it from the Settlement Fund plus interest

thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5 The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.6 Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to plaintiffs' counsel over and above payment out of the Settlement Fund.

6.7 Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) Defendants have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b) the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

       (c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

the Judgment has become Final, as defined in ¶1.9 hereof.

7.2 Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3 The Defendants shall have the option to terminate the settlement in the event that Class Members representing more than a certain percentage of Motorola publicly traded securities subject to this settlement have excluded themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Plaintiffs and the Defendants. If the Court requires that the Supplemental Agreement be filed, it shall be filed under seal with the Court.

7.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less expenses which have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount.

7.5 In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of December 18, 2011. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.28, 2.6-2.8, 6.3-6.4, 7.4-7.6, and 8.3-8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of plaintiffs' counsel or expenses to the Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6 If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.7. In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.7 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

**8. Miscellaneous Provisions**

8.1 The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2 The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3 Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.8 Lead Counsel, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.11 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of January 31, 2012.

ROBBINS GELLER RUDMAN
& DOWD LLP
MICHAEL J. DOWD
KEITH F. PARK
TOR GRONBORG
SUSAN G. TAYLOR
TRIG R. SMITH
JENNIFER L. GMITRO
IVY T. NGO

TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

KIRKLAND & ELLIS LLP
ROBERT J. KOPECKY
ANNE M. SIDRYS
DANIEL E. LAYTIN

ANNE M. SIDRYS

300 North LaSalle Street
Chicago, IL 60654
Telephone: 312/862-2000
312/862-2200 (fax)

Counsel for Individual Defendants

MOTOROLA, INC., now known as
MOTOROLA SOLUTIONS, INC.
LEWIS A. STEVERSON

LEWIS A. STEVERSON

Senior Vice President
General Counsel and Secretary
for Motorola Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 2, 2012.

s/ Keith F. Park

KEITH F. PARK

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: keithp@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-04507

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Joseph Barber**
  jbarber@tdrlawfirm.com,edocket@tdrlawfirm.com
- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **David K. Cole**
  courtnotification@mayerbrown.com
- **Michael J. Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **J. Timothy Eaton**
  teaton@shefskylaw.com,sfdocket@shefskylaw.com
- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com
- **James R. Figliulo**
  jfigliulo@fslegal.com
- **Jennifer L. Gmitro**
  JGmitro@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Deborah R. Gross**
  debbie@bernardmgross.com
- **David Hall**
  dhall@rgrdlaw.com
- **Mark H Horwitch**
  mhorwitch@tdrlawfirm.com,edocket@tdrlawfirm.com
- **Stephanie D. Jones**
  sjones@fslegal.com
- **Robert J. Kopecky**
  rkopecky@kirkland.com
- **M. Sean Laane**
  sean.laane@aporter.com
- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com
- **Daniel E. Laytin**
  dlaytin@kirkland.com

- **Kim Ann Leffert**
  courtnotification@mayerbrown.com
- **Erin K. Lynch**
  elynch@shefskylaw.com,sfdocket@shefskylaw.com
- **Richard A. Maniskas**
  sradcliffe@glancylaw.com
- **John C Massaro**
  john_massaro@aporter.com
- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,JRamirez@millerlawllc.com
- **Matthew P Montgomery**
  mattm@csgrr.com
- **Ivy T Ngo**
  ingo@rgrdlaw.com
- **Keith F. Park**
  keithp@rgrdlaw.com
- **David A Rosenfeld**
  drosenfeld@csgrr.com
- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com
- **Joseph Russello**
  jrussello@csgrr.com
- **Stephen M Sacks**
  stephen_sacks@aporter.com
- **Jeffrey Charles Sharer**
  jsharer@sidley.com,efilingnotice@sidley.com
- **Michael P. Sheehan**
  msheehan@shefskylaw.com,sfdocket@shefskylaw.com
- **Anne J. Sidrys**
  anne.sidrys@kirkland.com,kimberly.love@kirkland.com
- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Susan G Taylor**
  SusanT@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **James W. Thomas , Jr**
  james.thomas@aporter.com,elissa.spencer@aporter.com,matthew.roessing@aporter.com
- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Joseph I. Goldstein**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**Jerry A Isenberg**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**D Seamus Kaskela**
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087

**Michael Kelley**
Sidley and Austin
555 West Fifth Street
40th Floor
Los Angeles, CA 90013

# INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release Form | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff | ) | <u>CLASS ACTION</u> |
| vs. | ) | Judge St. Eve<br>Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) | |
| Defendants. | ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, a consolidated action is pending before this Court styled *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507 (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of January 31, 2011 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _____________, 2012, at __.m., at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the amount of reimbursement of expenses to Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class and not later than ____________, 2012 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

(b) Not later than ___________, 2012, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and on *PR Newswire*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or acquired the publicly traded securities of Motorola for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Motorola publicly traded securities within ten (10) days after receipt thereof, or, if they have not already done so in connection with the dissemination

of the Notice of Pendency of Class Action dated November 2, 2011, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

8. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

9. Any Person falling within the definition of the Class and who purchased or otherwise acquired Motorola publicly traded securities may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for

Exclusion"), postmarked no later than ____________, 2012. To be valid, a Request for Exclusion must state all of the information requested by ¶2 of §XII of the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

10. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before ____________, 2012, by Robbins Geller Rudman & Dowd LLP, Keith F. Park, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Kirkland & Ellis LLP, Anne M. Sidrys, 300 North LaSalle St., Chicago, IL 60654, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on or before __________, 2012. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of Plaintiffs, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by Plaintiffs for their expenses shall be filed and served by __________, 2012. Replies to any objections shall be filed and served by _________, 2012.

13. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by plaintiffs' counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

14. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

18. If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante.

19. Pending final determination of whether the proposed settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: ______________________

______________________________
THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
& DOWD LLP
MICHAEL J. DOWD
KEITH F. PARK
TOR GRONBORG
SUSAN G. TAYLOR
TRIG R. SMITH
JENNIFER L. GMITRO
IVY T. NGO

______________________________
KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | ) | No. 1:07-cv-04507<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge St. Eve<br>Magistrate Judge Mason |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MOTOROLA, INC. ("MOTOROLA") DURING THE PERIOD FROM JULY 19, 2006 THROUGH JANUARY 4, 2007, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE __________, 2012.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of cases that have been consolidated by the Court as *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507 (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Plaintiffs and Defendants, dated as of January 31, 2012 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of Defendants or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

## I. STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of Two Hundred Million Dollars ($200,000,000.00), plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration and certain taxes and tax related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members. Your recovery from this fund will depend on a number of variables, including the number and type of Motorola publicly traded securities you purchased or otherwise acquired during the period from July 19, 2006 through January 4, 2007, inclusive, and the timing of your purchases and any sales. In the unlikely event that 100% of the eligible publicly traded securities of Motorola purchased or acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Motorola common stock will be approximately $0.28 before deduction of Court-approved fees and expenses. Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

## II. STATEMENT OF POTENTIAL OUTCOME

Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount

by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

## III. REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing. Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants would have also asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Motorola publicly traded securities were fully and adequately disclosed. The proposed settlement provides an immediate benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

## IV. STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Members of the Class, nor have they been paid for their

expenses. If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees of 27.5% of the Settlement Fund and expenses not to exceed $4,950,000, plus interest thereon, to be paid from the Settlement Fund. If the amount requested is approved by the Court, the average cost per share of Motorola publicly traded securities will be $0.09. In addition, each of the two Plaintiffs may seek up to $7,500 in expenses incurred in representing the Class.

## V. IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

## VI. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on __________, 2012, at __ __.m., before the Honorable Amy J. St. Eve, United States District Judge, Courtroom 1241, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn, Chicago, IL 60604. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Two Hundred Million Dollars ($200,000,000.00) in cash should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and the expenses of Plaintiff should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII. DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1. "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2. "Claims Administrator" means the firm of Gilardi & Co. LLC.

3. "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the publicly traded securities of Motorola, Inc. during the period from July 19, 2006 through January 4, 2007, inclusive, excluding (1) Defendants and their immediate family; (2) any entity in which Defendants have or had a controlling interest; (3) Officers and Directors of Motorola, Inc.; and (4) the legal representatives, heirs, successors or assigns of any excluded party.

4. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in paragraph 3 above.

5. "Class Period" means the period commencing on July 19, 2006 through and including January 4, 2007.

6. "Defendants" means Motorola, Inc., now known as Motorola Solutions, Inc., and the Individual Defendants. A Defendant shall be deemed to have a "controlling interest" in an entity if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership interests, of such entity.

7. "Individual Defendants" means Edward J. Zander, Ronald G. Garriques, David W. Devonshire and Richard N. Nottenburg.

8. "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

9. "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Keith F. Park, Tor Gronborg, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

10. "Lead Plaintiff" means Macomb County Employees' Retirement System.

11. "Litigation" means the consolidated actions under case number 1:07-cv-04507.

12. "Motorola" means Motorola, Inc., now known as Motorola Solutions, Inc.

13. "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses and interest, and any award to Plaintiffs, provided for herein or approved by the Court, and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

14. "Notes" means Motorola's 7.5% Notes due 5/15/25 (CUSIP 620076AHA), 8.4% Notes due 8/15/31 (CUSIP620076ACA), 6.5% Notes due 11/15/28 (CUSIP 620076APA), 6.5% Notes due 9/1/25 (CUSIP 620076AKA), 6.5% Notes due 3/1/08 (CUSIP 620076AG4), 5.8% Notes due 10/15/08 (CUSIP 620076AN9), 7.625% Notes due 11/15/10 (CUSIP 620076AR), and 4.68% Notes due 11/16/07 (CUSIP 620076AU3).

15. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

16. "Plaintiffs" means Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System.

17.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

18.    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

19.    "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined below) arising out of or based upon both the purchase or other acquisition of Motorola publicly traded securities during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in paragraph 25 hereof.

20.    "Released Persons" means each and all of the Defendants and their Related Parties.

21. "Settlement Amount" means Two Hundred Million Dollars ($200,000,000.00) in cash.

22. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

23. "Settling Parties" means, collectively, the Defendants, Plaintiffs and the Class.

24. "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

25. "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII. THE LITIGATION

The initial complaint filed in this case was *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507, in the United States District Court for the Northern District of Illinois (the "Court") on August 9, 2007. Two other substantially identical class action cases, *Segal v. Motorola, Inc., et al.*, No. 07 CV 4782 and *Acheson v. Motorola, Inc., et al.*, No. 07 cv 5004, were filed in the Court on August 23, 2007 and September 5, 2007, respectively. On October 16, 2007, these cases were consolidated by Court order as *Silverman v. Motorola, Inc., et al.* under the case number 1:07-cv-04507, and Macomb County Employees' Retirement System was appointed Lead Plaintiff.

On December 20, 2007, the Consolidated Amended Complaint for Violation of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The named defendants in the complaint were Motorola, Inc., Edward J. Zander, Ronald G. Garriques, David W. Devonshire, Richard N. Nottenburg, Daniel M. Moloney, Gregory Q. Brown, and Padmasree Warrior. On February 5, 2008, defendants moved to dismiss the complaint. On September 23, 2008, the Court granted in part and denied in part defendants' motion to dismiss. Thereafter, defendants filed an answer denying all allegations in the complaint and asserting defenses thereto.

On February 27, 2009, Plaintiffs filed a motion for class certification, which the Court granted on August 25, 2009, appointing Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System as class representatives and Robbins Geller Rudman & Dowd LLP as class counsel.

On March 10, 2010, Plaintiffs filed the Second Amended Complaint for Violation of Federal Securities Laws (the "Complaint"). Defendants did not move to dismiss the Complaint, but filed an answer denying all material allegations in the Complaint and asserting various defenses thereto. On November 15, 2010, the parties entered into a stipulation of dismissal, voluntarily dismissing all claims against defendant Padmasree Warrior, which the Court approved the following day.

During the pendency of the Litigation, Plaintiffs and defendants engaged in extensive discovery. The parties briefed more than 15 discovery disputes, subpoenaed more than 40 parties and third parties which resulted in the production of over 3.8 million pages of documents and conducted approximately 60 depositions.

On September 7, 2010, defendants Gregory Q. Brown, Daniel M. Moloney and Richard D. Nottenburg moved for summary judgment on Plaintiffs' §20(a) claim. Mr. Nottenburg simultaneously moved for summary judgment on Plaintiffs' §10(b) claim. On February 16, 2011,

the Court granted summary judgment in favor of Messrs. Brown and Moloney. With respect to Mr. Nottenburg, the Court granted summary judgment as to Plaintiffs' §10(b) claim and denied summary judgment as to Plaintiffs' §20(a) claim.

On March 21, 2011, all remaining defendants moved for summary judgment on Plaintiffs' §10(b) claim. The Court denied Defendants' motion for summary judgment on July 25, 2011.

Throughout the course of the litigation, the parties engaged the services of Judge Daniel Weinstein (Ret.), a nationally recognized mediator. The parties engaged in several in-person mediation sessions with Judge Weinstein during 2010 and 2011 and numerous telephonic exchanges regarding a potential settlement of the Litigation. Pursuant to an Order issued by Judge St. Eve, the parties engaged in another mediation with Judge Weinstein in New York City on December 14, 2011. While the parties were unable to reach a resolution of the Litigation during the December 14, 2011 mediation, Judge Weinstein thereafter issued a mediator's proposal to settle the Litigation for $200,000,000.00. The parties accepted Judge Weinstein's mediator's proposal to settle the Litigation for that amount subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## IX. CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the

settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## X. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage, that the prices of Motorola publicly traded securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## XI. TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the

Stipulation, on file with the Court or accessible at www.gilardi.com, for a full statement of its provisions.

The settlement consists of the aggregate principal amount of Two Hundred Million Dollars ($200,000,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' and Plaintiffs' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, according to the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim and Release forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII. THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1. You may file a Proof of Claim and Release form as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2. If you purchased or otherwise acquired Motorola publicly traded securities and you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded. To do so, you must submit a written

request for exclusion that must be postmarked on or before __________, 2012. You must set forth: (a) your name, address, and telephone number; (b) in the case of Motorola Notes, CUSIP number and face amount of Notes purchased or acquired and sold during the Class Period and the dates and prices of such purchase(s), acquisition(s), and/or sale(s); (c) in the case of Motorola common stock, the number of shares of Motorola common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s), and/or sale(s); and (d) that you wish to be excluded from the Class. The exclusion request should be addressed as follows:

*Motorola Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class: (a) you are excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you are not bound by any judgment entered in the Litigation, and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3. If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim and Release form.

4. You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5. You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVIII below.

6. If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before ________, 2012, and must serve copies of such appearance on the attorneys listed in Section XVIII below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Plaintiffs' Lead Counsel: Robbins Geller Rudman & Dowd LLP, Keith F. Park and Tor Gronborg, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## XIII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim and Release form under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Motorola publicly traded securities during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damage expert who concluded that only the Motorola securities described below were damaged by the matters alleged by the Plaintiffs in this

Litigation and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

**A. Common Stock**

The allocation below for common stock is based on market adjusted price declines as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount:

1. For shares of Motorola common stock purchased, or acquired, on or between July 19, 2006 through November 6, 2006, the claim per share is as follows:

(a) If sold prior to November 7, 2006, the claim per share is zero.

(b) If sold on or between November 7, 2006 through January 4, 2007, the claim per share is the lesser of: (i) $1.07 (November 7, 2006 Price Decline), or (ii) the difference between the purchase price and the sales price.

(c) If sold on or between January 5, 2007 through March 21, 2007, the claim per share is the lesser of: (i) $2.43 (November 7, 2006 and January 5, 2007 Price Declines), or (ii) the difference between the purchase price and the sales price.

(d)      If retained at the end of March 21, 2007 and sold on or before June 18, 2007, the claim per share is the least of: (i) $3.63 (November 7, 2006, January 5, 2007 and March 22, 2007 Price Declines); or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(e)      If retained on or sold after June 19, 2007, the claim per share is the lesser of: (i) $3.63 (November 7, 2006, January 5, 2007 and March 22, 2007 Price Declines), or (ii) the difference between the purchase price per share and $17.98 per share.

2.      For shares of Motorola common stock purchased, or acquired, on or between November 7, 2006 through January 4, 2007, the claim per share is as follows:

(a)      If sold prior to January 5, 2007, the claim per share is zero.

(b)      If sold on or between January 5, 2007 through March 21, 2007, the claim per share is the lesser of: (i) $1.36 (January 5, 2007 Price Decline); or (ii) the difference between the purchase price and the sales price.

(c)      If retained at the end of March 21, 2007 and sold before June 18, 2007, the claim per share is the least of: (i) $2.56 (January 5, 2007 and March 22, 2007 Price Declines); or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(d)      If retained or sold on or after June 19, 2007, the claim per share shall is the lesser of: (i) $2.56 (January 5, 2007 and March 22, 2007 Price Declines); or (ii) the difference between the purchase price per share and $17.98 per share.

## PSLRA NINETY-DAY LOOK-BACK TABLE

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 22-Mar-07 | $17.50 | $17.50 |
| 23-Mar-07 | $17.75 | $17.63 |
| 26-Mar-07 | $17.91 | $17.72 |
| 27-Mar-07 | $17.77 | $17.73 |
| 28-Mar-07 | $17.73 | $17.73 |
| 29-Mar-07 | $17.71 | $17.73 |
| 30-Mar-07 | $17.67 | $17.72 |
| 2-Apr-07 | $17.56 | $17.70 |
| 3-Apr-07 | $17.67 | $17.70 |
| 4-Apr-07 | $17.72 | $17.70 |
| 5-Apr-07 | $17.59 | $17.69 |
| 9-Apr-07 | $17.65 | $17.69 |
| 10-Apr-07 | $17.68 | $17.69 |
| 11-Apr-07 | $17.49 | $17.67 |
| 12-Apr-07 | $17.52 | $17.66 |
| 13-Apr-07 | $17.74 | $17.67 |
| 16-Apr-07 | $17.82 | $17.68 |
| 17-Apr-07 | $17.95 | $17.69 |
| 18-Apr-07 | $18.22 | $17.72 |
| 19-Apr-07 | $18.08 | $17.74 |
| 20-Apr-07 | $18.21 | $17.76 |
| 23-Apr-07 | $17.89 | $17.77 |
| 24-Apr-07 | $17.64 | $17.76 |
| 25-Apr-07 | $17.91 | $17.77 |
| 26-Apr-07 | $17.90 | $17.77 |
| 27-Apr-07 | $17.57 | $17.76 |
| 30-Apr-07 | $17.33 | $17.75 |
| 1-May-07 | $17.46 | $17.74 |
| 2-May-07 | $17.56 | $17.73 |
| 3-May-07 | $17.73 | $17.73 |
| 4-May-07 | $18.08 | $17.74 |
| 7-May-07 | $18.08 | $17.75 |
| 8-May-07 | $17.70 | $17.75 |
| 9-May-07 | $17.90 | $17.76 |
| 10-May-07 | $17.95 | $17.76 |
| 11-May-07 | $18.32 | $17.78 |
| 14-May-07 | $18.16 | $17.79 |
| 15-May-07 | $17.92 | $17.79 |
| 16-May-07 | $18.22 | $17.80 |
| 17-May-07 | $18.60 | $17.82 |
| 18-May-07 | $18.79 | $17.85 |
| 21-May-07 | $18.90 | $17.87 |
| 22-May-07 | $18.92 | $17.89 |
| 23-May-07 | $18.68 | $17.91 |
| 24-May-07 | $18.26 | $17.92 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 25-May-07 | $18.39 | $17.93 |
| 29-May-07 | $18.30 | $17.94 |
| 30-May-07 | $18.28 | $17.95 |
| 31-May-07 | $18.19 | $17.95 |
| 1-Jun-07 | $18.36 | $17.96 |
| 4-Jun-07 | $18.30 | $17.97 |
| 5-Jun-07 | $18.31 | $17.97 |
| 6-Jun-07 | $18.13 | $17.97 |
| 7-Jun-07 | $17.69 | $17.97 |
| 8-Jun-07 | $17.89 | $17.97 |
| 11-Jun-07 | $17.81 | $17.97 |
| 12-Jun-07 | $17.77 | $17.96 |
| 13-Jun-07 | $18.07 | $17.96 |
| 14-Jun-07 | $18.27 | $17.97 |
| 15-Jun-07 | $18.35 | $17.98 |
| 18-Jun-07 | $18.13 | $17.98 |
| 19-Jun-07 | $18.08 | $17.98 |

**B. 7.5% Notes due 5/15/25 (CUSIP: 620076AHA)**

For Motorola 7.5% Notes due 5/15/25 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per share shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the least of: (i) $9.80; or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price and $1,105.00.

**C. 6.5% Notes due 11/15/28 (CUSIP: 620076APA)**

For Motorola 6.5% Notes due 11/15/28 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per share shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the least of: (i) $10.00; or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price and $1,010.00.

**D. 6.5% Notes due 9/1/25 (CUSIP: 620076AKA)**

For Motorola 6.5% Notes due 9/1/25 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per share shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the least of: (i) $9.50; or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price and $1,010.00.

Note: The distribution for Note claims shall not exceed 2% of the Net Settlement Fund.

The date of purchase or acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Motorola publicly traded securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Motorola publicly traded securities during the Class Period will be matched, in chronological order, first against the same type of Motorola publicly traded securities (*i.e.*, common stock or the same issuance of Note) held at the beginning of the Class Period. The remaining sales of the same type of Motorola publicly traded securities during the Class Period will then be matched, in chronological order, against the same type of Motorola publicly traded securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Motorola publicly traded securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of a security which have been matched against the same type security held at the beginning of the Class Period will not be used in the calculation of such net loss. No

distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, any claims administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## XIV. PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before __________, 2012, and delivered to the Claims Administrator at the address set forth in Section XIX below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 27.5% of the Settlement Fund, plus expenses not to exceed $4,950,000, plus interest thereon. In addition, each of the Plaintiffs may seek up to $7,500 in expenses (including lost wages) it incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Class, nor have counsel been paid their expenses. The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a

wholly contingent basis. Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by each of the Plaintiffs..

## XVII. CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of December 18, 2011. In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is ***received*** on or before ___________, 2012, by each of the following:

***To the Court:***

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

*To Lead Counsel for Plaintiffs:*

ROBBINS GELLER RUDMAN
& DOWD LLP
KEITH F. PARK
655 W. Broadway, Suite 1900
San Diego, CA 92101

*To Counsel for Defendants:*

KIRKLAND & ELLIS LLP
ANNE M. SIDRYS
300 North LaSalle St.
Chicago, IL 60654

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number and type of Motorola publicly traded securities purchased or acquired and sold during the Class Period and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

**XIX. SPECIAL NOTICE TO NOMINEES**

Nominees who purchased or otherwise acquired the publicly traded securities of Motorola for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice, (1) IF YOU HAVE NOT ALREADY DONE SO IN CONNECTION WITH THE DISSEMINATION OF THE NOTICE OF PENDENCY OF CLASS ACTION DATED NOVEMBER 2, 2011, provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim and Release form by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim and Release form have been so forwarded. Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of

complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*Motorola Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

## XX. EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn, Chicago, IL 60604. In addition, certain settlement related documents including the Stipulation of Settlement may be viewed at www.gilardi.com.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing to:

ROBBINS GELLER RUDMAN & DOWD LLP
TOR GRONBORG
655 W. Broadway, Suite 1900
San Diego, CA 92101

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: ____________, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff, | ) | CLASS ACTION |
| vs. | ) | Judge St. Eve<br>Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) | |
| Defendants. | ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2. Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE ___________, 2012, ADDRESSED AS FOLLOWS:

*Motorola Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4. If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II. CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Motorola publicly traded securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If,

however, you purchased or otherwise acquired Motorola publicly traded securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Motorola publicly traded securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE MOTOROLA PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Motorola Publicly Traded Securities" to supply all required details of your transaction(s) in Motorola publicly traded securities listed in Part II. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions of Motorola publicly traded securities which took place at any time from July 19, 2006 to January 4, 2007, inclusive (the "Class Period"), and ***all*** of your sales of Motorola

common stock which took place at any time between July 19, 2006 and June 19, 2007, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the Motorola common stock you held at the close of trading on July 18, 2006, January 4, 2007, and June 19, 2007. You must also provide all of the requested information with respect to purchases or acquisitions of Motorola's 7.5% Notes due 5/15/25, 6.5% Notes due 9/1/25, and 6.5% Notes due 11/15/28 at any time from July 19, 2006 to January 4, 2007, all sales at any time from July 19, 2006 to March 21, 2007, and any Notes retained at the close of trading on March 21, 2007. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Motorola common stock. The date of a "short sale" is deemed to be the date of sale of Motorola common stock.

Copies of broker confirmations or other documentation of your transactions in Motorola publicly traded securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-567-4784 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*Silverman v. Motorola, Inc., et al.*

No. 1:07-cv-04507

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

**_____________, 2012**

Please Type or Print

PART I: CLAIMANT IDENTIFICATION

______________________________________________
Beneficial Owner's Name (First, Middle, Last)

______________________________________________
Street Address

______________________ ______________________
City State or Province

______________________ ______________________
Zip Code or Postal Code Country

______________________ __________ Individual
Social Security Number or __________ Corporation/Other
Taxpayer Identification Number

__________ ______________________
Area Code Telephone Number (work)

__________ ______________________
Area Code Telephone Number (home)

______________________________________________
Record Owner's Name (if different from beneficial owner listed above)

675859_1

PART II: SCHEDULE OF TRANSACTIONS IN MOTOROLA PUBLICLY TRADED SECURITIES

**A. MOTOROLA COMMON STOCK**

Number of shares of Motorola common stock held at the close of trading on July 18, 2006: _______

Purchases or acquisitions of Motorola common stock (July 19, 2006 – January 4, 2007, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1.__________ | 1.__________ | 1.__________ |
| 2.__________ | 2.__________ | 2.__________ |
| 3.__________ | 3.__________ | 3.__________ |

Sales of Motorola common stock (July 19, 2006 – June 18, 2007, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1.__________ | 1.__________ | 1.__________ |
| 2.__________ | 2.__________ | 2.__________ |
| 3.__________ | 3.__________ | 3.__________ |

Number of shares of Motorola common stock held at the close of trading on January 4, 2007: ____________________

Number of shares of Motorola common stock held at the close of trading on June 18, 2007: ____________________

**B. MOTOROLA 7.5% NOTES DUE 5/15/25 (CUSIP 620076AHA), 6.5% NOTES DUE 9/1/25 (CUSIP 620076AKA) OR 6.5% NOTES DUE 11/15/28 (CUSIP 620076APA) (COLLECTIVELY "NOTES")**

As set forth above, be sure to identify the security by description and CUSIP number.

Purchases or Acquisitions (July 19, 2006 – January 4, 2007, inclusive) of Motorola Notes:

| Trade Date Month Day Year | Security Description | CUSIP Number (See above) | Number of Shares/Units Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Sales (July 19, 2006 – March 21, 2007 inclusive) of Motorola Notes:

| Trade Date Month Day Year | Security Description | CUSIP Number (See above) | Number of Shares/Units Sold | Total Sales Price |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Number and type of Motorola Notes held at the close of trading on March 21, 2007: ______________________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Motorola securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Motorola publicly traded securities during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

2. "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown,

whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined above) arising out of or based upon the purchase or other acquisition of Motorola publicly traded securities during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined below.

3. "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs

shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Motorola publicly traded securities which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this ______________ day of ________________
(Month/Year)

in ______________________________________________
(City) (State/Country)

______________________________
(Sign your name here)

______________________________
(Type or print your name here)

______________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Acquirer Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff, | ) | CLASS ACTION |
| vs. | ) | Judge St. Eve<br>Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) | |
| Defendants. | ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MOTOROLA, INC. ("MOTOROLA") FROM JULY 19, 2006 THROUGH JANUARY 4, 2007, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on _________, 2012, at __.m., before the Honorable Amy J. St. Eve, at the United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $200,000,000.00, plus accrued interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Plaintiffs' expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED ANY OF THE PUBLICLY TRADED SECURITIES OF MOTOROLA DURING THE PERIOD FROM JULY 19, 2006 TO JANUARY 4, 2007, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Motorola Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or on the internet at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release ***postmarked no later than _________, 2012***, establishing that you are entitled to recovery.

If you purchased or otherwise acquired Motorola publicly traded securities and you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than

__________, 2012, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be received, not simply postmarked, by each of the following recipients ***no later than _________, 2012***:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

*Lead Counsel for Plaintiffs*:

ROBBINS GELLER RUDMAN
& DOWD LLP
KEITH F. PARK
655 W. Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

KIRKLAND & ELLIS LLP
ANNE M. SIDRYS
300 North LaSalle St.
Chicago, IL 60654

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the settlement, you may contact Lead Counsel at the address listed above.

DATED: __________, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**EXHIBIT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff, | ) | CLASS ACTION |
| vs. | ) | Judge St. Eve<br>Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) | |
| Defendants. | ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _________, 2012, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 31, 2012 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and

timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. Upon the Effective Date, the Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

6. All Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

7. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims. Claims to enforce the terms of the Stipulation are not released.

8. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

Fund, or any portion thereof, is returned to the Defendants' insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: ______________________

______________________________
THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
& DOWD LLP
MICHAEL J. DOWD
KEITH F. PARK
TOR GRONBORG
SUSAN G. TAYLOR
TRIG R. SMITH
JENNIFER L. GMITRO
IVY T. NGO

______________________________
KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs