LEXSEE

**IN RE: DEUTSCHE TELEKOM AG SECURITIES LITIGATION**

**Civil Action No. 00-CV-9475 (NRB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**2005 U.S. Dist. LEXIS 45798**

**June 9, 2005, Decided
June 14, 2005, Filed**

**SUBSEQUENT HISTORY:** Related proceeding at In re Winkler, 2005 U.S. Dist. LEXIS 46937 (S.D.N.Y., Nov. 21, 2005)

**PRIOR HISTORY:** In re Deutsche Telekom AG Sec. Litig., 229 F. Supp. 2d 277, 2002 U.S. Dist. LEXIS 20843 (S.D.N.Y., 2002)

**COUNSEL:** [*1] For Aaron & Ruth Jungreis Foundation. On Behalf of Itself and All Others Similarly Situated, Plaintiff: Conor R. Crowley, LEAD ATTORNEY, Labaton Sucharow, LLP, New York, NY; Duvall Foundry, LEAD ATTORNEY, Finkelstein, Thompson & Loughram, Washington, DC; Jack Gerald Fruchter, LEAD ATTORNEY, Fruchter & Twersky, New York, NY; Steven G. Schulman, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY; Samuel Howard Rudman, Coughlin, Stoia, Geller, Rudman & Robbins, LLP(LIs), Melville, NY.

For Allan Kramer, Plaintiff: Conor R. Crowley, LEAD ATTORNEY, Labaton Sucharow, LLP, New York, NY; Duvall Foundry, LEAD ATTORNEY, Finkelstein, Thompson & Loughram, Washington, DC; Mel E. Lifshitz, LEAD ATTORNEY, Bernstein, Liebhard & Lifshitz, New York, NY; Robert Alan Wallner, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY.

For Bruce Holber, Plaintiff: Conor R. Crowley, LEAD ATTORNEY, Labaton Sucharow, LLP, New York, NY; Duvall Foundry, LEAD ATTORNEY, Finkelstein, Thompson & Loughram, Washington, DC; Mel E. Lifshitz, LEAD ATTORNEY, Bernstein, Liebhard & Lifshitz, New York, NY; Robert Alan Wallner, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New [*2] York, NY.

For Ronald Offner, Consolidated Plaintiff: Samuel Howard Rudman, Coughlin, Stoia, Geller, Rudman & Robbins, LLP(LIs), Melville, NY; Steven G. Schulman, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY.

For Hans Lahmann, Consolidated Plaintiff: Joseph Harry Weiss, Weiss & Lurie, New York, NY; Mel E. Lifshitz, LEAD ATTORNEY, Bernstein, Liebhard & Lifshitz, New York, NY.

For Horizon International, LLC, Consolidated Plaintiff: Mel E. Lifshitz, LEAD ATTORNEY, Bernstein, Liebhard & Lifshitz, New York, NY; Joseph Harry Weiss, Weiss & Lurie, New York, NY.

For Michael Feibelman, Consolidated Plaintiff: Samuel Howard Rudman, Coughlin, Stoia, Geller, Rudman & Robbins, LLP(LIs), Melville, NY; Steven G. Schulman, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY; Joseph Harry Weiss, LEAD ATTORNEY, Weiss & Lurie, New York, NY.

For Sara W. Resh, Consolidated Plaintiff: Brian Philip Murray, LEAD ATTORNEY, Murray, Frank & Sailer, LLP, New York, NY; Jacqueline Sailer, Murray, Frank & Sailer, LLP, New York, NY.

For Marlene Sackheim, Consolidated Plaintiff: Samuel Howard Rudman, Coughlin, Stoia, Geller, Rudman [*3] & Robbins, LLP(LIs), Melville, NY; Steven G. Schulman, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY.

For Deutsche Telekom AG, Defendant: Robert H Baron, LEAD ATTORNEY, Boies, Schiller & Flexner, LLP, Albany, NY.

For Kreditanstalt Fur Wiederaufbrau, Defendant: Michael J. Chepiga, LEAD ATTORNEY, Leader & Berkon, LLP, New York, NY.

For Deutsche Bank, Defendant: Sheldon Raab, LEAD ATTORNEY, Fried Frank Harris Shriver & Jacobson, New York, NY.

For Alex Brown, Defendant: Sheldon Raab, LEAD ATTORNEY, Fried Frank Harris Shriver & Jacobson, New York, NY.

For Goldman Sachs & Co., Defendant: Sheldon Raab, LEAD ATTORNEY, Fried Frank Harris Shriver & Jacobson, New York, NY.

For Ron Sommer, Defendant: Robert H Baron, LEAD ATTORNEY, Boies, Schiller & Flexner, LLP, Albany, NY.

For Deutsche Banc, Defendant: Sheldon Raab, LEAD ATTORNEY, Fried Frank Harris Shriver & Jacobson, New York, NY.

**JUDGES:** Honorable Naomi R. Buchwald, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Naomi R. Buchwald

**OPINION**

### ORDER AND FINAL JUDGMENT

On the 4th day of June, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated January 28, 2005 [*4] (the "Stipulation"), including the release of the Defendants and the Released Parties, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a no-

tice of the settlement and hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased ordinary shares of stock in the form of American Depository Shares of Deutsche Telekom AG during the period from June 19, 2000 to and including February 21, 2001 (the "Class Period"), as shown [*5] by the records of Deutsche Telekom's transfer agent and the records compiled by the Claims Administrator in connection with its previous mailing of a Notice of Pendency of Class Action, at the respective addresses set forth in such records, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national editions of The Wall Street Journal and The New York Times pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court, having previously found that this Action meets the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for certification as a class action, and having previously [*6] directed notice of the pendency of this Action as a class action be given to the members of the Class and such notice having been given, now finds again and finally confirms that the prerequisites for class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased ordinary shares of stock in the form of American Depository Shares ("ADSs") of Deutsche Telekom [*7] AG

("Deutsche Telekom") during the period from June 19, 2000 to and including February 21, 2001. Excluded from the Class are the defendants and the underwriters of the Offering and all officers, affiliates and immediate family members of such entities, including their heirs, legal representatives, successors, predecessors in interest and assigns. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class by filing a request for exclusion in response to the Notice of Pendency, as listed on Exhibit 1 annexed hereto.

4. Notice of the proposed Settlement of this Action was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the settlement of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due [*8] and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known claims and Unknown Claims, accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, class or individual in nature, that have been or could have been asserted from the beginning of time to the end of time in any forum by the Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, [*9] transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to in this Action or that could have been asserted relating to the purchase, transfer or acquisition of ordinary shares of stock in the form of American Depository Shares ("ADSs") of Deutsche Telekom AG ("Deutsche Telekom") during the Class Period, except claims relating to the enforcement of the settlement of

the Action (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, and their respective officers, Management Board members, Supervisory Board members, directors, agents, employees, affiliates, attorneys, advisors, insurers, auditors, stockholders, heirs, executors, trusts, assigns, and underwriters (including the Underwriters) (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, [*10] commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants, the Underwriters or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed [*11] as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing,

or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it [*12] to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded 28% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ 1,444,565.23 in reimbursement of expenses, which expenses shall be paid to [*13] Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. Lead Plaintiff Allan Kramer is hereby awarded $ 15,000. and Lead Plaintiff Bruce Holberg is hereby awarded $ 15,000., which amounts shall be paid from the Gross Settlement Fund. Such awards are for reimbursement of these Lead Plaintiffs' reasonable costs and expenses (including lost wages) directly related to their representation of the Class.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $ 120,000,000 in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) [*14] Over 100,000 copies of the Notice were disseminated to putative Class Members. Such Notice disclosed that Plaintiffs' Counsel were moving for attorneys' fees in the amount not greater than 28% of the Gross Settlement Fund and for reimbursement of expenses in an amount not greater than $ 1.5 million. No objections by putative class members were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

(f) Plaintiffs' Counsel have devoted over 20,000 hours, with a lodestar value of over $ 8,470,000, to achieve the Settlement.

15. Exclusive [*15] jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York

June 9, 2005

/s/ Naomi Reice Buchwald

Honorable Naomi R. Buchwald

UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Class in the In re Deutsche Telekom AG Securities Litigation, Civil Action No. 00-CV-9475 (SHS)**

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class:

| IN RESPONSE TO THE NOTICE OF PENDENCY (timely, by Plaintiffs' Submission Pursuant to the Court's Order dated March 25, 2003 (filed July 8, 2003)) | |
|---|---|
| Joseph Citardi | Eugene H. Dunn |
| 534 Stanwich Road | 12939 Camino Ramillette |
| Greenwich, Connecticut 06831-3129 | San Diego, California 92128-1538 |
| James M. Fowler TTEE | Mary Regina Freeland |
| James M. Fowler Trust | 5219 Clairmont Mesa Blvd. |
| 1941 Skycrest Dr., Apt. 2 | San Diego, California 92117-2206 |
| Walnut Creek, California 94595 | |
| Heil Associates | Kary Daniel Kielhofer and Judith W. Kielhofer |
| Heil Associates A Partnership | 36699 Palmdale Street |
| (William R. Heil Sr.) | Rancho Mirage, California 92270-2200 |
| 236 Buddington Road | |
| Shelton, Connecticut 06484-5311 | |
| Marianne Lent | Rainer Link |
| 1730 Halford Ave., Apt. 142 | Dresdener Strasse 38 |
| Santa Clara, California 95051 | D-65232 Tannusstein |
| | Germany |
| Mary K. O'Connell | Nils Paellmann |
| 9312 So. Montgomery Drive | 305 Second Avenue, Apt. 344 |
| Orland Park, Illinois 60462 | New York, New York 10003 |

| IN RESPONSE TO THE NOTICE OF PENDENCY (timely, by Plaintiffs' Submission Pursuant to the Court's Order dated March 25, 2003 (filed July 8, 2003)) | |
|---|---|
| Diana L. Purcell, Executor for John R. Purcell (Deceased) | Geary Rummler, TTEE and Margaret Rummler TTEE |
| 11720 Birch Glen Court | Geary & Margaret Rummer Rev Trust 9-26-94/Brandes Global |
| San Diego, California 92131-2304 | 3780 E. Sumo Quinto |
| | Tucson, Arizona 85718-6067 |
| Charles M. Simmons | Robert L. Stauffer, IRA |
| 1120 Shady Oaks Lane | 2332 Autumn Run |
| Fort Worth, Texas 76107-3558 | Wooster, Ohio 44691 |
| Robert L. Stauffer & Elizabeth Stauffer Jt. Ten. | Andres C. Tapia |
| 2332 Autumn Run | 40 Windsor Ter., Dept. J2 |
| Wooster, Ohio 44691 | White Plains, New York 10601 |
| Katherine Whild | |
| 99 Deerbrook Farm | |
| North Yarmouth, Maine 04097 | |

| IN RESPONSE TO THE NOTICE OF PENDENCY (untimely, stipulated and agreed to by Court Order filed February 25, 2004) | |
|---|---|
| Josef Higa, TTEE U/A DTD 03/30/1998 | Robert B. Pease |
| 659 Kerryton Place Circle | 326 Dewey Avenue |
| Ballwin, Missouri 63021 | Pittsburgh, Pennsylvania |
| James D. Coyer | Ivan W. Sellers |
| 10374 Wateridge Circle # 334 | 2001 Harrisburg Pike Apt. B-224 |
| San Diego, California 92121 | Lancaster, Pennsylvania 17601-2641 |
| Robert L. Stauffer & Elisabeth Stauffer, Goldman, Sachs & Co. Joint Account | Joseph Webb, TTEE Joseph J. Webb 1996 CRT |
| IRA Account | 11719 Point Overlook Place |
| 2332 Autumn Run | Strongsville, Ohio 44136-4525 |
| Wooster, Ohio 44691 | |
| Belinda Zanfardino | |
| 3160 Mahaffey Lane | |
| Paris, Texas 75460 | |

9



In re: Digi International, Inc. Securities Litigation Louisiana State Employees Retirement System, on behalf of itself and all other parties similarly situated and circumstanced who desire to personally join in this action and to contribute to the costs and expenses thereof, Plaintiff/Appellant, v. Digi International, Inc.; Gary L. Deaner; Ervin F. Kamm, Jr.; Gerald A. Wall; John Doe; and Richard Roe, the names "John Doe" and "Richard Roe" being fictitious; the parties intended being those parties, presently unknown to the plaintiff, who participated in the wrongful acts set forth herein, Defendants/Appellees. In re: Digi International, Inc. Securities Litigation Dennis D'Hondt, individually and on behalf of all persons similarly situated; Bradley Dunham; Michael Isaacs; Perminder Singh; Richard Tart; Howard Deckelbaum; James Warren; Emilio Rindone; William Radosevich; Aldo Davico; Thomas Burns; Marion Burns; June Royal; Keith D. Kuhlman; James Hayes; John Reynolds; Ruth Linehan; Russell Siegel; Anne Butler, as Executrix of the Estate of Michael Butler; Estate of Michael Butler; Paul Holm; and Edward Chapman, Plaintiffs/Appellants, v. Digi International, Inc.; Ervin F. Kamm, Jr.; Gerald A. Wall; and Gary L. Deaner, Defendants/Appellees, Ruth Linehan, individually and on behalf of all persons similarly situated, Plaintiff/Appellant, v. Digi International, Inc.; Ervin F. Kamm, Jr.; Gerald A. Wall; and Gary L. Deaner, Defendants/Appellees, Russell Siegel; Anne Butler, as Executrix of the Estate of Michael Butler, on behalf of themselves and all others similarly situated; Estate of Michael Butler; Plaintiffs/Appellants, v. Digi International, Inc.; Ervin F. Kamm, Jr.; Gerald A. Wall; and Gary L. Deaner, Defendants/Appellees, Paul Holm, individually and on behalf of all persons similarly situated; Plaintiff/Appellant, v. Digi International, Inc.; Ervin F. Kamm, Jr.; Gerald A. Wall; and Gary L. Deaner, Defendants/Appellees, Edward Henry Chapman, III, on behalf of himself and all others similarly situated; Plaintiff/Appellant, v. Digi International, Inc.; Ervin F. Kamm, Jr.; Gerald A. Wall; Jonathon C. Killmer; and Gary L. Deaner, Defendants/Appellees.

No. 00-3162, No. 00-3227

UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

14 Fed. Appx. 714; 2001 U.S. App. LEXIS 15095; Fed. Sec. L. Rep. (CCH) P91,467

June 11, 2001, Submitted
July 5, 2001, Filed

**NOTICE:** [**1] RULES OF THE EIGHTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeals from the United States District Court for the District of Minnesota.

**DISPOSITION:** Affirmed.

**COUNSEL:** For LOUISIANA STATE EMPLOYEES RETIREMENT SYSTEM, Plaintiff - Appellant: John Alpiner Halpern, HALPERN & ASSOCIATES, Minneapolis, MN. I. Walton Bader, BADER & BADER, White Plains, NY.

For DIGI INTERNATIONAL, INC., GARY L. DEANER, ERVIN F. KAMM, JR., GERALD A. WALL, Defendants - Appellees: Wendy J. Wildung,

14 Fed. Appx. 714, *; 2001 U.S. App. LEXIS 15095, **;
Fed. Sec. L. Rep. (CCH) P91,467

Jeffrey David Hedlund, FAEGRE & BENSON, Minneapolis, MN.

**JUDGES:** Before BOWMAN and HEANEY, Circuit Judges, and KOPF, [1] District Judge.

1 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

## OPINION

[*716] PER CURIAM.

This appeal consolidates two securities fraud actions alleging that the defendants, Digi International, Inc. and three of its former officers, artificially and fraudulently inflated Digi's earnings during a portion of fiscal year 1996 by improperly accounting for Digi's investments in AetherWorks Corporation, by running an alleged [**2] "new sales program" which allegedly impacted the timing of product returns by Digi's customers and by other alleged accounting errors. Two orders of the district court are appealed. We affirm them both.

One of the suits is brought on behalf of a putative class (the Class Plaintiffs). The other is brought by a pension fund, the Louisiana State Employees Retirement System (LASERS). The Class Plaintiffs' Consolidated Amended Complaint alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), on behalf of a purported class consisting of all persons who purchased Digi's stock in the market between January 25 and December 23, 1996 (the Fraud Period). LASERS' Amended Complaint made similar factual allegations, pleaded similar claims under Sections 10(b) and 20(a) and pleaded additional claims for violation of Section 18(a) of the 1934 Act, 15 U.S.C. § 78r(a), for common law fraud, and for negligent misrepresentation.

Defendants moved to dismiss both complaints for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act [**3] ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On May 22, 1998, the district court [2] granted the motion to dismiss as to all claims brought in both cases except the fraud claims asserted under sections 10(b) and 20(a) against defendants Digi, Kamm, and Wall with respect to Digi's alleged improper accounting for its investments in AetherWorks. (This is the Digi I decision.) Among the claims dismissed in Digi I were claims with respect to the alleged "new sales program" and LASERS' claims for shares it sold during the Fraud Period while the stock price was allegedly inflated. The dismissals of these two claims are before us on the Digi I

appeal. After the close of discovery, Defendants moved for summary judgment on the securities fraud claims relating to the accounting for Digi's investments in AetherWorks. The district court [3] granted the motion and entered final judgment on August 17, 2000. In the memorandum and order granting summary judgment (the Digi II decision), the district court also referred Defendants' motion for sanctions against LASERS to the Magistrate Judge. The grant of summary judgment [**4] in Digi II is before us on appeal. [4]

2 The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.
3 The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota. This action was transferred from Judge Tunheim and reassigned to Judge Frank on November 4, 1998.
4 LASERS attempted to appeal that portion of Digi II referring Defendants' motion for sanctions to a magistrate judge. The magistrate judge to whom the motion was referred has not issued a decision, so the order of referral is not a final, appealable order and is not properly before us on appeal. See Lee v. L.B. Sales, Inc., 177 F.3d 714, 717-18 (8th Cir. 1999) (district court order awarding sanctions but reserving determination of the amount of the sanction is not final and appealable until entry of later order fixing amount of sanctions).

[*717] We review de novo the portions of Digi I before us on appeal. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). [**5] We have carefully considered the arguments raised on appeal and find them without merit, for the reasons articulated in the well-reasoned opinion of the district court.

We also review de novo the grant of summary judgment in Digi II. Gentry v. Georgia-Pacific Corp., 250 F.3d 646, 649 (8th Cir. 2001). The district court granted summary judgment after finding that the issue of how to properly account for the AetherWorks investments was subject to differing opinions. Thus, the district court reasoned that no reasonable jury could find that Defendants acted with scienter since reasonable people could disagree about how the investments should have been treated for accounting purposes. For the reasons articulated in the well-reasoned opinion of the district court in Digi II, we affirm the grant of summary judgment to Defendants. In doing so, we pause only to make a brief observation.

Scienter is "a mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n.12, 47 L. Ed. 2d 668, 96

14 Fed. Appx. 714, *; 2001 U.S. App. LEXIS 15095, **;
Fed. Sec. L. Rep. (CCH) P91,467

S. Ct. 1375 (1976). Severe recklessness can be sufficient to meet the scienter requirement, *K & S Partnership v. Continental Bank, N.A.*, 952 F.2d 971, 978 (8th Cir. 1991), [**6] but it is limited to

> "'those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.'"

*Id.* (quoting *Woods v. Barnett Bank of Fort Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985) (in turn quoting *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961-62 (5th Cir.) (en banc), *cert. denied*, 454 U.S. 965, 70 L. Ed. 2d 380, 102 S. Ct. 506 (1981)). The evidence in this case was not sufficient to go to the jury on that question.

We have carefully considered the arguments raised on appeal, in particular the question of whether the manner in which Digi made its decision regarding the proper accounting treatment for the AetherWorks investments establishes scienter or negates scienter. In this regard, we have carefully examined the evidence regarding the actions of Digi's independent accountants, Coopers & Lybrand, and Digi's outside legal counsel.

[**7] We fully agree with the district court that Coopers & Lybrand's changing posture about how to account for the AetherWorks investments, coupled with the opinions of outside legal counsel rendered to Digi during the pertinent time frame, establishes that no reasonable jury could find the necessary element of scienter even if the accounting treatment was improper. As the district court correctly noted, "the undisputable fact that the Defendants were in consultations with their outside accountants and legal counsel during the period in question is in itself evidence which tends to negate a finding of scienter. *See S.E.C. v Caserta*, 75 F. Supp. 2d 79, 94-95 (E.D.N.Y. 1999) ...." *(In re: Digi International Inc. Securities Litigation*, No. 97-5, slip op. at 15 n.7 (D. Minn. August 17, 2000), found in LASERS' App. at 232.)

[*718] In summary, the dismissal and summary judgment decisions were correct. Therefore, they are affirmed.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------X

IN RE FIRST MERCHANTS ACCEPTANCE            :    Master File No.
CORPORATION SECURITIES LITIGATION           :    97 C 2715
                                            :
                                            :    Judge Coar
                                            :
THIS DOCUMENT RELATES TO                    :
                                            :
    ALL ACTIONS                             :
-----------------------------------------------X

DOCKETED
APR 27 2000

## ORDER Re: PLAN OF ALLOCATION AND ATTORNEYS' FEE AWARD

On this 21st day of April_____, 2000, a hearing was held before this

Court to consider, among other things, whether the terms and conditions of the Stipulation and

Agreement of Settlement, dated January 24, 2000 (the "Stipulation") provides a fair, reasonable

and adequate settlement for the Class and should be approved, and the Court having found that

the settlement provided under the Stipulation is fair, reasonable and adequate for the settlement of

all claims asserted by the Plaintiffs and should be approved; and the Court having entered

judgment dismissing the Complaint, the Court next considered: (1) whether to approve the Plan of

Allocation as a fair and reasonable method to allocate the Net Class Settlement Fund among the

members of the Class; and (2) whether and in what amount to award counsel for Plaintiffs and the

Class attorneys' fees and reimbursement of expenses. The Court having considered all matters

submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing

substantially in the form approved by the Court was mailed to all Class Members who could be

167

identified and was published all in accordance with this Court's Preliminary Order In Connection

with Settlement Proceedings; and the Court having considered and determined the fairness and

reasonableness of the Plan of Allocation and the award of attorneys' fees and expenses requested;

and all capitalized terms used herein having the meanings as set forth and defined in the

Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the

Plaintiffs, all Class Members and the Defendants.

2. The notice given to the Class of the Plan of Allocation and of Plaintiffs'

Counsel's application for attorneys fees and expenses and the other matters set forth therein was

the best notice practicable under the circumstances, including individual notice to all members of

the Class who could be identified through reasonable effort. Said notice provided due and

adequate notice of these proceedings to all persons entitled to such notice, and said notice fully

satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements

of due process.

3. The Plan of Allocation is approved as fair and reasonable, and in the best

interests of the Class, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed

to administer the Stipulation in accordance with its terms and provisions.

4. Counsel for Plaintiffs and the Class are hereby awarded the sum of

$2,895,171.83 in fees, which sum the Court finds to be fair and reasonable, and $337,345.19 in

reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the

Gross Class Settlement Amount together with interest from the date such Gross Class Settlement Amount was funded to the date of payment at the same rate that the Gross Class Settlement Amount earns. The award of attorneys' fees shall be allocated among counsel for Plaintiffs and the Class in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates counsel for the Plaintiffs and the Class for their respective contributions in the prosecution of the litigation.

5.   Jurisdiction is hereby retained over all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any application for fees and expenses incurred in connection with administering and distributing the Net Class Settlement Fund to the members of the Class, and including jurisdiction over the parties and the Class Members.

6.   There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:      Chicago, Illinois
            4/21        , 2000

                                    _____
                                    UNITED STATES DISTRICT JUDGE

F:\FIRSTMER\gzb00387.wpd

-- 3 --

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 2715 | DATE | 4/21/2000 |
| CASE TITLE | In Re: In Re First Merchants Acceptance | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]   The Joint Petition of Plaintiffs' Counsel for an award of attorneys' fees and fro reimbursement of expenses is GRANTED. Notice having been given as required in FRCP 23, The Plan of Allocation is approved as fair and reasonable and in the best interest of the class. Counsel for Plaintiffs and the Class are awarded the sum of $2,895,177.83 in fees, and $337,345.19 in reimbursement of expenses. Jurisdiction is hereby retained over all matters relating to this litigation. There is no just reason for delay in the entry of this order and immediate entry by the Clerk pursuant to FRCP 54 (b). ENTER ORDER RE:  PLAN OF ALLOCATION AND ATTORNEYS' FEE AWARD.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 27 2000 | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| PAMF | courtroom deputy's initials | APR 27 2000 date mailed notice | |
| | | Date/time received in central Clerk's Office | |

11

Westlaw.

2007 WL 4788556

2007 WL 4788556 (N.D.Cal.)
For Opinion See 2008 WL 753758 , 2007 WL 3144711 , 2007 WL 2949559 , 2007 WL 2900276 , 2007 WL 2795390 , Fed. Sec. L. Rep. P 94503 , 2007 WL 2589967 , 2007 WL 1615402 , 2007 WL 1100324 , 2007 WL 419504 , 2007 WL 219857 , 2006 WL 3462702 , 2006 WL 2850049 , 2006 WL 2845212 , 2006 WL 889581 , 2005 WL 2562621 , 2005 WL 6296194 , 2005 WL 1705766 , 2005 WL 43463

Copyright 2009 Incisive Media US Properties, LLC. All Rights Reserved

United States District Court, N.D. California

In re JDS Uniphase Corp. Securities Litigation

No. C-02-1486 CW (EDL)

DATE OF VERDICT/SETTLEMENT: November 27, 2007

TOPIC: SECURITIES - SECURITIES FRAUD - SECURITIES - SEC ACT - CIVIL PRACTICE - CLASS AC-TION
Executives Sold Stock Just Before Value Plummeted

SUMMARY:
RESULT: Verdict-Defendant
The jury returned a defense verdict, finding that the defendants were not liable for securities fraud or insider trading.

EXPERT WITNESSES:
Plaintiff: Scott Hakala, Ph.D.; Valuation; Dallas, TX Steven Henning; Accounting; New York, NY Terrence Barnich; Telecommunications; Chicago, IL
Defendant: Alan Kleidon; Valuation; Palo Alto, CA Arthur Wyatt; Accounting; Chicago, IL James Vanderweide; Telecommunications; Durham, NC

ATTORNEYS:
Plaintiff: Mark S. Arisohn; Goodkind, Labaton, Rudoff & Sucharow; New York, NY (Connecticut Retirement Plans and Trust Funds); Barbara J. Hart; Labaton Sucharow LLP; New York, NY (Connecticut Retirement Plans and Trust Funds); Anthony J. Harwood; Labaton Sucharow LLP; New York, NY (Connecticut Retirement Plans and Trust Funds); Michael W. Stocker; Labaton Sucharow LLP; New York, NY (Connecticut Retirement Plans and Trust Funds)
Defendant: James P. Bennett; Morrison and Forester; San Francisco, CA (Anthony Muller, Charles Abbe, JDS Uniphase Corp., Jozef Straus); Jordan Eth; Morrison & Foerster; San Francisco, CA (Anthony Muller, Charles Abbe, JDS Uniphase Corp., Jozef Straus); Terri Garland; Morrison & Foerster; San Francisco, CA (Anthony Muller, Charles Abbe, JDS Uniphase Corp., Jozef Straus); Michael J. Shepard; Heller Ehrman LLP; San Francisco, CA (Kevin Kalkhoven)

JUDGE: Claudia Wilken

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

2007 WL 4788556

Page 2

RANGE AMOUNT: 0

STATE: California
COUNTY: Not Applicable

INJURIES: The class members sought $18 billion in damages for total investor losses.

Facts:

The plaintiff class members, led by Connecticut Retirement Plans and Trust Funds, were shareholders of JDS Uniphase Corporation ("JDSU") between April 2000 and July 2001, the class period. JDSU is a fiberoptics company in Milpitas. In 2000, stock of JDSU traded at a high of $125, but it subsequently plummeted to a dollar value in the teens or high single digits. In the months immediately preceding the plummet, during the class period, the defendant executives sold approximately $300 million to $400 million in JDSU stocks.

The plaintiffs sued JDSU, former CEO Jozef Straus, former CFO Anthony Muller, former COO Charles Abbe and former CEO Kevin Kalkhoven, under the 1933 and 1934 Securities & Exchange Acts, alleging securities fraud and insider trading.

The plaintiffs claimed that JDSU's public statements were overly optimistic and misstated prospects for the future. They also alleged that the defendants improperly traded on inside info.

Defense counsel argued that JDSU received favorable financial results in 2000, which was not challenged, and that the downturn in 2001 was an unforeseeable industry-wide collapse in the telecom industry which caught JDSU and other companies by surprise.

Defense counsel did not offer any counter number.

ALM Properties, Inc.

United States District Court, N.D. california, at Oakland

PUBLISHED IN: VerdictSearch California Reporter Vol. 7, Issue 5

2007 WL 4788556 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

12



RECEIVED
MAR 2 9 2001
By _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: NANOPHASE TECHNOLOGIES  )  No. 98 C 3450
CORPORATION SECURITIES LITIGATION )
            )  Judge
            )  David H. Coar
            )
THIS DOCUMENT RELATES TO:    )  Magistrate Judge
ALL ACTIONS EXCEPT 98 C 7447    )  Martin C. Ashman
            )

## ORDER AND FINAL JUDGMENT

Plaintiffs and the Settling Defendants (the Settling Defendants are Nanophase

Technologies Corporation ("Nanophase" or "the Company"), Leonard A. Batterson, Robert W.

Cross, Dennis J. Nowak, Steven Lazarus, Robert W. Shaw, Richard W. Siegel, Donaldson,

Lufkin & Jenrette Securities Corp., Furman Selz LLC and CIBC Oppenheimer Corp.), as those

terms are defined in the Stipulation of Settlement dated November 14, 2000, (the "Stipulation"),

having executed and filed the Stipulation; the Court having entered its Preliminary Approval Order

thereon on December 6, 2000, directing that notice of the proposed settlement of the action be

mailed to the Class and scheduling a hearing to be held to determine whether the proposed

settlement should be approved as fair, reasonable and adequate, to approve the allocation of the

Settlement Fund and to award fees and reimbursement of expenses to Plaintiffs' Counsel; said

notice having been given; a hearing having been held on March 27, 2001, at which all interested

persons were given an opportunity to be heard; and the Court having read and considered all

C:\Nanophase Final Judgment Order - 11-13-00

submissions in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The above-captioned action (the "Action") was commenced in June 1998, and the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("the Complaint") was filed on November 22, 1998. In the Complaint Plaintiffs have sought to represent a Class ("the Class") consisting of all persons who purchased the common stock of Nanophase Technologies Corporation ("Nanophase") between November 26, 1997 and January 8, 1998, inclusive, other than Defendants, officers and directors of Nanophase, members of the immediate families of such officers and directors, and the subdivisions and/or affiliates of Nanophase. The Class does not include Harbour Court LPI or any members of the class of former preferred shareholders of Nanophase as asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.), with respect to any claims asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.). The conversion of Nanophase preferred stock into Nanophase common stock upon the IPO shall not be deemed to be a purchase of Nanophase common stock for purposes of the Class definition and, accordingly, the Class does not include persons whose only claim is that they owned Nanophase preferred stock prior to Nanophase's IPO and whose preferred stock was converted into common stock upon the IPO.

The Complaint alleges claims for violations of Sections 11 and 12 (a)(2) of the Securities Act of 1933. All Settling Defendants have filed Answers to the Complaint denying all of the material allegations of the Complaint and stating affirmative defenses as to both liability and damages.

The Stipulation between and among the Plaintiffs and the Settling Defendants provides for the settlement of the Action on behalf of the Plaintiffs and all members of the Class with the Settling Defendants subject to approval by this Court of its terms and to the entry of this Judgment. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that notice of the proposed settlement and hearing be mailed to Class Members.

In accordance with the Stipulation, and an Order of the Court entered on December 6, 2000, Plaintiffs mailed to the Class a notice (the "Notice") dated December 28, 2000 and caused to be published in Business Wire a summary notice (the "Summary Notice") of the proposed settlement of the Action and of the opportunity to object to or be excluded from the Settlement. Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on March 20, 2001.

The Notice and Summary Notice provided to Class Members constitute the best notice practicable under the circumstances and include individual notice to all members of the Class who could be identified by reasonable effort. The affidavits or declarations of mailing filed with this Court on March 20, 2001 demonstrate that this Court's Order with respect to the Notice and Summary Notice has been complied with and further, that the best notice practicable under the circumstances was in fact given and constituted valid, due, and sufficient notice to members of the Class, complying fully with due process, Rule 23 of the Federal Rules of Civil Procedure, and section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995.

Plaintiffs and the Settling Defendants have applied to the Court for approval of the terms of the Stipulation and for the entry of this Judgment. Pursuant to the Notice and Summary

Notice, and upon notice to all parties, a hearing was held before this Court on March 27, 2001, to consider whether the settlement set forth in the Stipulation should be approved by this Court as fair, reasonable, and adequate and to award attorneys' fees and reimbursement of expenses, plus interest, to Plaintiffs' Counsel.

NOW THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    The definitions set forth in the Stipulation are incorporated herein.

2.    The Court finds that this case satisfies all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the Court finds that:

(a)    the Settlement Class is so numerous that joinder of all members is impracticable;

(b)    there are questions of law or fact common to the Settlement Class;

(c)    the claims of the Plaintiffs are typical of the claims of the Settlement Class;

(d)    Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

(e)    the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3.     The members of the Settlement Class who have filed timely and valid requests for exclusion are not bound by this Judgment. The one class member who has timely and validly requested exclusion is Mr. Edward Vanderheusen.

4.     All members of the Settlement Class, as above defined, who have not submitted a timely and valid request for exclusion are bound by this Judgment and by the Settlement, including the releases provided for in this Judgment.

5.     The Stipulation and the Settlement are not an admission by the Defendants, or by Plaintiffs or the Class, nor is this Judgment a finding with respect to the validity of any claims or defenses in the Action or of any wrongdoing, or lack thereof, by Defendants. Furthermore, neither the Stipulation nor the Settlement is a concession by any Defendant, or by any Plaintiff or Class Member, and neither shall be used as an admission of any fault or omission, or lack thereof, by any person. Neither this Judgment, the Stipulation nor any document referred to herein nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Defendants, the Plaintiffs, or the Class of any fault, wrongdoing or liability whatsoever, or of any lack thereof. Entering into or carrying out the Stipulation, and the Exhibits thereto, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses of any of the Defendants, or the claims of any of the Plaintiffs or the Class, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release; except that the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the

Settlement or in any subsequent action against or by any party, including any Released Party and any member of the Class and any counsel thereto, to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

6.     The Stipulation and the Settlement are fair, reasonable and adequate as to the Class, and the Stipulation and the Settlement are hereby finally approved in all respects, and the parties to the Stipulation are hereby directed to consummate and perform its terms.

7.     The Action is dismissed with prejudice as to Defendants and without costs to any party as against any other.

8.     On the Effective Date as defined in the Stipulation, the Settling Defendants shall be deemed to release and discharge Plaintiffs, Class Counsel and all members of the Class unconditionally and forever from all claims, rights, liabilities and causes of action in connection with the institution, prosecution or resolution of this Action or the Settled Claims.

9.     On the Effective Date as defined in the Stipulation, each Plaintiff and member of the Class who has not submitted a timely and valid request for exclusion shall be deemed to fully, finally and forever settle and release any and all Settled Claims against the Defendants and the Released Parties, including all claims known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed, and without regard to the subsequent discovery or existence of different or additional facts. Such settlement and release shall not be construed as releasing, dismissing or discharging Defendants or the Released Parties with respect to any claims of any members of the class of former preferred stockholders of Nanophase as asserted in Harbour Court LPI v. Nanophase

Corporation, et al., 98 C 7447 (N.D. Ill.) with respect to the claims that are asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.).

10.    Each member of the Class who did not timely and validly request exclusion is barred and permanently enjoined from commencing and prosecuting, either directly, representatively, or in any other capacity, against the Defendants and the Released Parties, any and all of the Settled Claims.

11.    Members of the Class who have validly and timely requested exclusion may pursue their own individual remedies, if any.

12.    The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and enforcement of this Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) enforcing and administering the Stipulation including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

13.    Any determination by the Claims Administrator as to the sufficiency of the claim of any Class Member, or the amount of that claim, either in dollar amount or as a percentage of the Net Settlement Fund, shall be conclusive unless the Class Member timely files an application with the Court disputing the determination.

14.    In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated, and all orders entered in connection therewith by this Court shall be rendered null and void.

15.   The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

16.   The Court awards Class Counsel, in the aggregate $ _1,341,532_ in attorneys' fees and $ _87,527.56_ as reimbursement of expenses. The fees and expenses shall be paid to Lead Counsel out of the Gross Settlement Fund, pursuant to paragraph C3 of the Stipulation, five (5) business days after the later of the following two events: the Effective Date (as defined in the Stipulation) and the date the order awarding fees and expenses (whether this Final Judgment or any other order) becomes final. Lead Counsel shall distribute the fees and expenses among Plaintiffs' Counsel in such amounts as shall reflect the judgment of Lead Counsel as to the respective contributions of Plaintiffs' Counsel to the Action and the Settlement.

17.   It is expressly determined within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and entry of this Order and Judgment of Dismissal and the Clerk of the Court is directed to enter this Judgment forthwith.

Dated: Chicago, Illinois
MAR 2 7 2001 _____ , 2001

SO ORDERED:

_David H. Coar_
United States District Judge

C:\Nanophase Settlement\Nanophase-final Judgment-Order-11-13-2000.wpd-March 26, 2001

Mayer Order Form (0/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 3450 | DATE | 3/27/2001 |
| CASE TITLE | In Re: IN RE: NANOPHASE TECHNOLOGIES | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g. plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

RECEIVED
MAR 29 2001
By

DOCKET ENTRY:

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due _____. Reply to answer brief due _____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ☒  [Other docket entry]  Fairness hearing held, there being no objections to the settlement and only 1 opt out, the Court finds that this case satisfies all of the requirements for settlement class certification under FRCP 23(a) and (b)(3). Plaintiff's Motion for Final Approval of Class Action Settlement is Granted. Plaintiff's Motion for an award of attorneys' fees and reimbursement of expenses out of settlement fund is granted. The Court awards class counsel, in the aggregate $1,341,532.00 in attorneys' fees and $87,527.56 as reimbursement of expenses. Pursuant to Rule 54(b), there is no just reason for delay and entry of this Order and Judgment of Dismissal and the Clerk of the Court is directed to enter this Judgment forthwith. Any pending motions are moot an terminated. ENTER ORDER AND FINAL JUDGMENT.  This order relates to all actions except 98 C 7447. Case is closed.

(11)  ☒  [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | PAMF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

13

SENT BY:Xerox Telecopier 702    8-27-97 ; 9:56AM ;                    77                    313 769 1207;# 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE NUVEEN FUND LITIGATION ) | CONSOLIDATED<br>No. 94 C 360<br><br>Judge Blanche M. Manning<br>Magistrate Judge Edward A. Bobrick |

TRV HOLDING COMPANY and SEYMOUR )
SPECTER )

                Plaintiffs, )

              v.              )

MICHAEL L. MEYER, )

              Defendant, )

       - and - )

THE NUVEEN MUNICIPAL VALUE FUND, )
INC. and THE NUVEEN PREMIUM )
INCOME MUNICIPAL FUND, INC., )

        Nominal Defendants )

No. 94 C 5614
(Coordinated with
Case No. 94 C 360)

TRV HOLDING COMPANY, SEYMOUR )
SPECTER, MARY BELL, JANICE )
WEINSTOCK, and SAUL ABRAMS, )

              Plaintiffs, )

              v.              )

JAMES J. WESOLOWSKI and )
LARRY W. MARTIN, )

              Defendants, )

       - and - )

THE NUVEEN MUNICIPAL VALUE FUND, )
INC. and THE NUVEEN PREMIUM )
INCOME MUNICIPAL FUND, INC., )

        Nominal Defendants )

No. 94 C 4556

No. 95 C 415

## FINAL JUDGMENT ORDER

THIS CAUSE has come on to be heard on the joint motion of TRV Holding

Company, Seymour Specter, Mary Bell, Janice Weinstock, Saul Abrams, Ivan Behm,

SENT BY:Xerox Telecopier 7     ; 6-27-97 ; 9:57AM ;                    313 769 1207;# 3

actions by or against individual members of the Validation
Settlement Class would create a risk of inconsistent or
varying adjudications which would establish incompatible
standards of conduct for the defendants and Validation
Settlement Class Members and the defendants have acted
upon grounds generally applicable to the Validation
Settlement Class thereby making appropriate declaratory
and injunctive relief to the class as a whole.  For the above
reasons, the Validation Settlement Class is certified as a
mandatory non-opt out class.

c)     The Court further finds pursuant to Rule 23.1 that, for settlement
purposes, the named plaintiffs are fair and adequate representatives
of the interests of the Funds and their shareholders.

2.     This Court approves the settlement of this case pursuant to the Settlement
Agreement (dated February 25, 1997 and attached as Exhibit A) as fair, reasonable,
adequate and in the best interests of the members of the Damage Settlement Class and
Validation Settlement Class (the "Classes"), the Funds, and the Funds' shareholders and
permits the consummation of the settlement in accordance with the Settlement
Agreement's terms and provisions.  All terms and provisions of the Settlement
Agreement, including definitions of terms included therein, are hereby incorporated by
reference and are made a part of this Order, and the Settlement Agreement shall govern
the rights and responsibilities of the Damage Settlement Class and Validation Settlement
Class Members (the "Settlement Class Members") and the Parties.  Terms used in this
Order shall have the same meaning as set forth in the Settlement Agreement.

3.     This Court finds that the Notice given to the Classes was the best notice
practicable under the circumstances and, based upon the affidavits presented to this
Court, that the Notice fully and accurately informed members of the Classes and

-3-

shareholders of the Funds of the Litigation and of the proposed settlement, and provided due and adequate notice of those proceedings and of the matters set forth therein to all persons entitled to such notice.

4.      Except for those who submitted timely, valid written requests for exclusion from the Damage Settlement Class, a list of whom shall be filed with this Order and incorporated by reference as Exhibit B, all members of the Classes are bound by this judgment equally and in all respects, regardless of the amount, if any, of payments they will receive pursuant to the Settlement Agreement.  Further, all members of the Validation Settlement Class are bound with respect to the relief provided as to that the Validation Settlement Class regardless of whether they have submitted a request for exclusion from the Damage Settlement Class and regardless of whether they have attempted to exclude themselves from the Validation Settlement Class.

5.      The Fourth Consolidated and Amended Class Action and Derivative Complaint (the "Fourth Amended Complaint") is hereby dismissed with prejudice as to all Damage Settlement Class Members, plaintiffs, defendants, and the nominal defendant Funds, and all of their heirs, beneficiaries, executors, administrators, successors and assigns, tenants in common, joint tenants, spouses, marital communities and any persons or entities they represent or on whose behalf they act. The Fourth Amended Complaint is hereby dismissed without prejudice as to all individuals who have properly excluded themselves from the Damage Settlement Class.  Each Damage Settlement Class Member and anyone claiming through them is barred and permanently enjoined from initiating or pursuing, either directly, representatively or in any other capacity, any Released Claims (as defined in the Settlement Agreement), whether known or unknown, against any Released Persons (as defined in the Settlement Agreement), and is also barred and permanently enjoined from initiating or pursuing, either directly, representatively or in any other capacity, any Claims Against Third Parties (as defined in the Settlement Agreement).  Each such Damage Settlement Class Member is adjudged

-4-

SENT BY:Xerox Telecopier 7    ; 6-27-97 ; 9:58AM ;                    14455→           313 769 1207;# 5

to have settled all Released Claims against the Released Persons, as well as Claims Against Third Parties, (as more specifically provided for in the Settlement Agreement), as though that Damage Settlement Class Member had executed and delivered an individual release of such claims. Nothing in paragraphs 5.1 or 5.3 of the Settlement Agreement shall prevent a Damage Settlement Class Member from bringing an action against any third party relating to the management or suitability of the shareholder's investments provided that such claims are wholly unrelated to the Released Claims or the Validity Claims and do not provide any basis for any third party claim against any Released Person related to the Rights Offerings.

.6.      The Fourth Amended Complaint is hereby dismissed with prejudice as to all Validation Settlement Class Members, plaintiffs, defendants, and the nominal defendant Funds, their heirs, beneficiaries, executors, administrators, successors, assigns, joint tenants, tenants in common, spouses, marital communities, and any persons or entities they represent. Each Validation Settlement Class Member and the Defendants (subject to the provisions of paragraph 5.7 of the Settlement Agreement as between Defendants) and anyone claiming through them are barred and permanently enjoined from initiating or pursuing, either directly, representatively or in any other capacity, any Validity Claims (as defined in the Settlement Agreement), whether known or unknown, against any Released Persons or against the Validation Settlement Class Members (as defined in the Settlement Agreement), and the Validation Settlement Class Members and anyone claiming through them are also barred and permanently enjoined from initiating or pursuing, either directly, representatively or in any other capacity, any Claims Against Third Parties (as defined in the Settlement Agreement). Each such Validation Settlement Class Member is adjudged to have settled all Validity Claims against the Released Persons, as well as Claims Against Third Parties, as though that Validation Settlement Class Member had executed and delivered an individual release of such claims (as more specifically defined in the Settlement Agreement.)

7.    As to all Validation Settlement Class Members the Court declares as follows:

      a)    All shares issued in connection with the Rights Offerings are hereby declared to be validly issued, fully paid, non-assessable shares;

      b)    With respect to shares issued in the Rights Offerings, NUV, NPI the other defendants (subject to the provisions of paragraph 5.7 of the Settlement Agreement as between Defendants), and members of the Validation Settlement Class and those claiming through them shall not seek payment of damages or other compensation or relief of any kind by or from any member of the Validation Settlement Class or any Released Person on any basis, related to the Rights Offering including but not limited to any contention or allegation that the shares issued in the Rights Offerings were not fully paid, that the consideration paid for such shares was inadequate, that the prospectuses for the Rights Offerings were misleading in any material respect, or that the shares were issued in violation of the articles of incorporation of the Funds or in violation of any federal or state statute or law. Defendants and Validation Settlement Class Members are hereby enjoined from pursuing any and all such claims;

      c)    Defendants and Validation Settlement Class Members on behalf of themselves, their predecessors, successors, heirs, assigns, executors, administrators, tenants in common, joint tenants, spouses, marital communities, beneficiaries and those who they represent or on whose behalf they act hereby mutually release each other and each others predecessors, successors, heirs, assigns,

SENT BY:Xerox Telecopier 7C   : 6-27-97 ;10:00AM ;                   313 769 1207;# 7

executors, administrators, tenants in common, joint tenants,
spouses, marital communities, beneficiaries and those who they
represent or on whose behalf they act, and all Released Persons
and their predecessors, successors, heirs, assigns and beneficiaries,
from any and all claims relating to the validity of the shares issued
in the Rights Offering, the adequacy of the consideration paid for
those shares, the adequacy of the disclosures made with respect to
such shares, or compliance with the Funds articles of
incorporation. As between Defendants, this provision is subject to
the provisions of paragraph 5.7 of the Settlement Agreement.

d.    Notwithstanding the above, any Validation Settlement Class
Member who is also a member of the Damage Settlement Class
and who has chosen to exclude himself from the Damage
Settlement Class as provided for herein and in accordance with the
terms of the Notice, shall be entitled to pursue individual claims
for damages against the Released Persons or Third Parties to the
extent and only to the extent those damage claims relate
specifically and exclusively to damages attributable to the shares
owned by that Validation Settlement Class Member and provided
further, that such claim does not in any way assert Validity Claims
including but not limited to directly or indirectly challenging the
validity of the shares issued in the Rights Offering, the adequacy
of the consideration paid for other than his own shares or seek
payment or damages of any kind related to shares owned by or
issued to any other Fund shareholder, including claims relating to
the consideration paid for shares other than his own.

SENT BY:Xerox Telecopier 7    ; 6-27-97 ;10:00AM ;                    05→         313 769 1207;# 8

8.    The Validation Settlement Class Member(s) and the derivative plaintiffs shall further refrain from commencing or pursuing any action, suit, arbitration or administrative proceeding, or prosecuting or pursuing any pending action, suit, arbitration or administrative proceeding, in law or equity, involving any Validity Claims against the Released Persons, or any Claims Against Third Parties. In the event Settlement Class Members and their attorneys, agents, representatives, survivors, heirs, successors, assigns, executors and administrators commence or continue any action which they are prohibited from pursuing pursuant to this Order or the Settlement Agreement, the Defendants shall be entitled to seek an Order from this Court enjoining the continuation of such action. If, after entry of such Order, and upon reasonable notice of such Order, the Settlement Class Members or their attorneys, agents, representatives, survivors, heirs, successors, assigns, executors, and administrators continue such action, they will indemnify the Defendants and their Associates and Affiliates and hold them harmless of and from any and all damages, liability, loss, cost, or expense (including but not limited to reasonable attorneys' fees) arising out of any causes of action, claims or demands brought or asserted in breach of the terms of the Settlement Agreement or this Order.

9.    During the pendency of any appeal from the entry of this Order, the injunctions contained above shall apply to the derivative plaintiffs and all Settlement Class Members.

10.    The Court finds that the settlement embodied in the Settlement Agreement is fair and is entered into and made in good faith and orders that all potential Claim(s)-Over of any Third Party against the Released Persons are extinguished, discharged, satisfied, barred and otherwise unenforceable.

11.    A.    In the event that the Bar Order set forth in paragraph 10 above is later invalidated in whole or in part, and if any Settlement Class Member in fact pursues any claims against Third Parties, the Settlement Class Member(s) shall satisfy any

judgment obtained by a Third Party on any Claim-Over against any of the Released Persons. Any judgment obtained against a Released Party by a Third Party on any Claim-Over shall be satisfied by the Settlement Class Member(s) either (1) paying such claim, or (2) agreeing to reduce his, her or its judgment against the Third Party in such manner as may be necessary to fully satisfy any judgments obtained by the Third Party against a Released Person. Option (1) and (2) referred to above shall be selected at the election of the Settlement Class Member. Nothing in this paragraph is intended to limit the scope or enforcement of the Settlement Class Members releases or covenants not to sue as set forth in the Settlement Agreement.

B.    In the event there are pending any Claims-Over against a Released Party, no Settlement Class Member shall release, dismiss, or settle claims with any Third Party relating to Released Claims without first obtaining from that Third Party an executed release of all of the Third Party's claims against all Released Persons relating to or arising out of the Released Claims or the Validity Claims of that Settlement Class Member. That release shall be in form and substance satisfactory to counsel for the Released Persons. A fully executed original counterpart of the release shall be sent to counsel for the Released Persons not later than ten (10) business days after any such release is granted. Any Released Person who may invoke the provisions of this subparagraph shall provide reasonable notice to an affected Settlement Class Member of the filing of a Claim-Over within thirty (30) business days after the Claim-Over is received by the Released Person.

12.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement and the Escrow Agreement is approved. No person that is not a Damage Settlement Class Member, one of the Funds, or Class Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

SENT BY:Xerox Telecopier 7    ; 3-21-91 ;10:02AM ;                    313 769 1201;#10

13.     The Plan of Allocation for distribution of the Settlement Fund as described in the Settlement Agreement and Notice is hereby approved, subject to modification by further order of this Court.

14.     This Court hereby decrees that neither the Settlement Agreement nor this Final Judgment Order nor the fact of the settlement is an admission or concession by any Defendant of any liability or wrongdoing.  This judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation or of any wrongdoing by any Defendant.  Neither the Settlement Agreement nor this Final Judgment Order nor the fact of settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be used or construed as an admission of any fault, liability or wrongdoing by any Defendant.  Neither the Settlement Agreement nor this Final Judgment Order nor the fact of settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against any Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

15.     The Parties to the Settlement Agreement, their agents, employees and counsel and the Escrow Agent shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Order or the administration of the payments to Authorized Claimants as provided in the Settlement Agreement, the Escrow Agreement and this Order, except for their own wilful misconduct.

16.     The settlement was arrived at through arm's-length, good faith negotiations among the Parties.

17.     The Court has heard the objections of Lawrence W. Schonbrun, Esq. on behalf of Mr. and Mrs. A.N. Smith.  Having heard arguments and received submissions, the Court has overruled those objections and specifically finds that the Settlement Agreement is fair to all members of the Validation and Damage Settlement Classes and

SENT BY:Xerox Telecopier 7   ; 6-27-97 ;10:02AM ;              313 769 1207;#11

that the payment of the Settlement Fund as provided for in the Settlement Agreement is appropriate.

18.   The Court grants the motion to amend the Settlement Agreement. All references to the Settlement Agreement in this order shall mean the Settlement Agreement as amended.

19.   The Court designates Bruce E. Gerstein and his firm Garwin, Bronzaft, Gerstein & Fisher as Plaintiffs' Lead Counsel for purposes of administering the settlement.

20.   Class Counsel are awarded attorneys' fees in the amount of $ 8,000,000.00   and reimbursement of expenses including experts' fees and expenses in the amount of $584,092.45      , together with interest earned thereon at the same rate as being earned by the Settlement Fund from the date the Settlement Fund was deposited in the Escrow Account until the date paid. Payment is to be made in accordance with the Settlement Agreement to Plaintiffs' Lead Counsel on behalf of all Class Counsel. Allocation of attorneys' fees to Class Counsel shall be made by Plaintiffs' Lead Counsel in a manner which Plaintiffs' Lead Counsel in good faith believes reflects the contribution of such counsel to the prosecution and settlement of the Litigation.

21.   The Court retains jurisdiction for the purpose of considering applications for Orders authorizing further disbursements from the Settlement Fund Escrow Account in accordance with the terms of the Settlement Agreement and the Escrow Agreement.

22.   The Court retains jurisdiction for the purposes of construction and enforcement of the provisions of the Settlement Agreement.

23.   This is a final judgment pursuant to F.R. Civ. P. 58. In the event that this Judgment is determined to be not final, the Court finds and directs, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for

delaying enforcement or appeal, that judgment should be entered, and that the judgment shall be final and immediately appealable.

24.    In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. In such event the certification of the Classes and the findings herein shall also be null and void and the Litigation shall return to its status prior to the entry of the Settlement Agreement or Memoranda of Understanding.

DATED: JUN - 3 1997 , 1997

ENTERED:

*Blanche M. Manning*
Judge Blanche M. Manning

JKM61127.FJ8

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By *Estela R. Urgueta*
    DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
    DISTRICT OF ILLINOIS

DATE: JUN 1 9 1997

14

LEXSEE

**In re OLD CCA SECURITIES LITIGATION; This Document Relates To All Actions Consolidated with Cartwright; In re PRISON REALTY SECURITIES LITIGATION; This Document Relates To All Actions Consolidated with Charles; JOHN NEIGER, On Behalf of Himself And All Others Similarly Situated, Plaintiff, vs. DOCTOR CRANTS, ROBERT CRANTS, AND PRISON REALTY TRUST, INC., Defendants.**

**Civil Action No. 3:99-0458 CLASS ACTION, Civil Action No. 3:99-0452 CLASS ACTION, Civil Action No. 3:99-1205 CLASS ACTION**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

**2001 U.S. Dist. LEXIS 21942**

**February 9, 2001, Decided**
**February 9, 2001, Entered**

**DISPOSITION:** [*1] ORDER AWARDED REPRESENTATIVE PLAINTIFFS' COUNSEL ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES.

**COUNSEL:** For JOHN CARTWRIGHT, BEN F. MORGAN, JR., plaintiffs (99-CV-458): Lawrence Edward Levine, Levine, Mattson, Orr & Geracioti, Nashville, TN.

For JOHN CARTWRIGHT, plaintiff (99-CV-458): Stanley M. Chernau, Linda F. Burnsed, Chernau, Chaffin & Burnsed, PLLC, George Edward Barrett, Douglas S. Johnston, Jr., Barrett, Johnston & Parsley, Nashville, TN.

For JOHN CARTWRIGHT, BEN F. MORGAN, JR., plaintiffs (99-CV-458): Steven E. Cauley, Cauley, Geller, Bowman & Coates, LLP, Little Rock, AR.

For JOHN CARTWRIGHT, BEN F. MORGAN, JR., plaintiffs (99-CV-458): Glen DeValerio, Jeffrey C. Block, Michael M. Sullivan, Berman, DeValerio & Pease, Boston, MA.

For JOHN CARTWRIGHT, plaintiff (99-CV-458): Darren J. Robbins, William J. Doyle, II, Milberg, Weiss, Bershad, Hynes & Lerach LLP, San Diego, CA.

For JOHN CARTWRIGHT, BEN F. MORGAN, JR., plaintiffs (99-CV-458): William S. Lerach, II, Laura M. Andracchio, Tor Gronborg, Milberg, Weiss, Bershad, Hynes & Lerach LLP, San Diego, CA.

For JOHN CARTWRIGHT, plaintiff (99-CV-458): Ted B. Edwards, Smith, Mackinnon, Greeley, Bowdoin & Edwards, [*2] P.A., Orlando, FL.

For JOHN CARTWRIGHT, plaintiff (99-CV-458): Kenneth J. Vianale, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, Boca Raton, FL.

For JOHN CARTWRIGHT, plaintiff (99-CV-458): Patrick V. Dahlstrom, Pomerantz, Haudek, Block, Grossman & Gross, LLP, Chicago, IL.

For BEN F. MORGAN, JR., plaintiff (99-CV-458): Paul Kent Bramlett, Bramlett Law Offices, Nashville, TN.

For plaintiffs: GEORGE E. BARRETT, DOUGLAS S. JOHNSTON, JR., BARRETT, JOHNSTON & PARSLEY, Nashville, TN.

For R. CRANTS, D. ROBERT CRANTS, III, PRISON REALTY TRUST INC, defendants (99-CV-458): John K. Kim, Bruce D. Angiolillo, Mary Elizabeth McGarry, Stanley Hsue, Simpson, Thacher & Bartlett, New York, NY.

For R. CRANTS, D. ROBERT CRANTS, III, PRISON REALTY TRUST INC, defendants (99-CV-458): Robert Jackson Walker, John C. Hayworth, Walker, Bryant & Tipps, Nashville, TN.

**JUDGES:** HONORABLE TODD CAMPBELL, UNITED STATES DISTRICT JUDGE. Griffin.

**OPINION BY:** TODD J. CAMPBELL

**OPINION**

[EDITOR'S NOTE: TEXT WITHIN THESE SYMBOLS [O> <O] IS OVERSTRUCK IN THE SOURCE.]

[O>[PROPOSED]<O] ORDER AWARDING REPRESENTATIVE PLAINTIFFS' COUNSEL ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

THIS MATTER having come [*3] before the Court on February 9, 2001, on the application of Representative Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses incurred in the above-captioned actions; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of October 11, 2000 (the "Stipulation"), as amended by the Amended Stipulation of Settlement dated as of January 7, 2001 (the "Amended Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Classes who have not timely and validly requested exclusion.

3. The Court hereby awards Representative Plaintiffs' Counsel attorneys' fees in *In re Prison Realty Securities Litigation* in the amount of thirty percent of the Settlement Fund plus litigation expenses incurred [*4] in an aggregate amount of $ 625,255.33, together with the interest earned thereon for the same period and at the same rate as that earned on the Settlement Fund until paid. The Court hereby awards Representative Plaintiffs' Counsel attorneys' fees in *In re Old CCA Securities Litigation* in the amount of thirty percent of the Settlement Fund plus litigation expenses incurred in an aggregate amount of $ 205, 405.34, together with the interest earned thereon for the same period and at the same rate as that earned on the Settlement Fund until paid. The Court hereby awards Representative Plaintiffs' Counsel attorneys' fees in *Neiger v. Crants, et al.*, in the amount of thirty percent of the Settlement Fund plus litigation expenses incurred in an aggregate amount of $ 16,915.59, together with the interest earned thereon for the same period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated among Representative Plaintiffs' Counsel by Plaintiffs' Settlement Counsel in a manner which, in Plaintiffs' Settlement Counsel's good faith judgment, reflects each such Representative Plaintiffs' Counsel's contribution to the institution, [*5] prosecution and resolution of the litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4. The awarded attorneys' fees and expenses shall be paid to Plaintiffs' Settlement Counsel within five (5) business days after the date this Order and the Judgment are executed subject to the terms, conditions and obligations of the Stipulation and in particular P6.2 thereof, which terms, conditions and obligations are incorporated herein.

5. Representative Plaintiffs Gary Nightingale, Jerome Trupp, Gunter Sachs, L. Roland Yates and Meriam Yates, Harold Eugene Hames, Robert Buchanan and Cindie Unger, are hereby awarded respectively, as reimbursement of costs and expenses related to their representation of the Settlement Classes of $ 3,375, $ 3,825, $ 7,300, $ 4,250, $ 6,750, $ 23,065 and $ 16,500. 15 U.S.C. § 78u-4(a)(4).

IT IS SO ORDERED.

DATED: 2/9/01

THE HONORABLE TODD CAMPBELL

UNITED STATES DISTRICT JUDGE

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - x

IN RE OXFORD HEALTH PLANS, INC. :
SECURITIES LITIGATION :

- - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT APPLIES TO ALL :
CLASS ACTIONS :

- - - - - - - - - - - - - - - - - - - - - - - - x



MDL Dkt. No. 1222 (CLB)

## ORDER AND FINAL JUDGMENT WITH RESPECT TO OXFORD AND THE INDIVIDUAL DEFENDANTS

On the 11th day of June, 2003, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreements of Settlement dated April 14, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Oxford Health Plans, Inc. ("Oxford") and Individual Defendants Jeffery H. Boyd, Andrew B. Cassidy, David A. Finkel, Robert M. Milligan, Benjamin H. Safirstein, Brendan R. Shanahan, Robert M. Smoler, Thomas A. Travers, William M. Sullivan, and Stephen F. Wiggins (collectively with Oxford the "Oxford Defendants") in the Complaint now pending in this Court under the above caption, including the release of the Oxford Defendants and the Oxford Released Parties from all Oxford Settled Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Oxford Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

MICROFILM

JUN 1 2 2003