**Westlaw.**

Page 1

Not Reported in F.Supp.2d, 2001 WL 1568856 (N.D.Ill.)
**(Cite as: 2001 WL 1568856 (N.D.Ill.))**

**H**
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern
Division.
RETSKY FAMILY LIMITED PARTNERSHIP,
Plaintiff,
v.
PRICE WATERHOUSE LLP, Defendant.

No. 97 C 7694.
Dec. 10, 2001.

MEMORANDUM OPINION AND ORDER
DARRAH, J.
*1 Plaintiff the Retsky Family Limited Partner-
ship ("Plaintiff" or "Retsky") seeks approval of a
settlement for a class of all persons who purchased
or otherwise acquired common stock of System
Software Associates, Inc. ("SSA") during a period
from December 15, 1994 through January 7, 1997,
and thereby suffered damages. Plaintiff also seeks
an award of attorney's fees and reimbursement of
expenses from the proceeds of the proposed settle-
ment. For the reasons that follow, the proposed
class settlement, award of attorney's fees and reim-
bursement of expenses to be paid from the proceeds
of the settlement and special award are approved.

*The Proposed Class Settlement*
LEGAL STANDARD
A class settlement will be approved if it is fair,
reasonable and adequate. *Isby v. Bayh,* 75 F.3d
1191, 1196 (7th Cir.1996). A court will consider
the following factors in determining whether a pro-
posed settlement is fair, reasonable and adequate:
"(1) 'the strength of the case for the plaintiffs on
the merits, balanced against the amount offered in
settlement'; (2) '[T]he defendant's ability to pay';
(3) '[T]he complexity, length and expense of fur-
ther litigation'; (4) '[T]he amount of opposition to
the settlement" '; (5) the presence of collusion in
reaching a settlement; (6) the reaction of members
of the class to the settlement; (7) the opinion of

competent counsel; and (8) the stage of the pro-
ceedings and the amount of discovery to be com-
pleted. *Armstrong v. Bd. of Sch. Dirs., 471
F.Supp. 800, 804 (E.D.Wis.1979)* (citing Manual
for Complex Litigation § 1.46 at 56 (1977)
(supplement to Charles Alan Wright & Arthur
Miller, Federal Practice and Procedure
(1969-1985)); 3B Moore's Federal Practice ¶
23.80(4) (2d ed.1978)). However, the court is not to
convert the settlement hearing into a trial on the
merits. *See Mars Steel Corp. v. Continental Ill.
Nat'l Bank & Trust Co., 834 F.2d 677, 684 (7th
Cir.1987),* aff'd en banc, 880 F.2d 928 (7th Cir.1989).

BACKGROUND
On October 31, 1997, Plaintiff filed a com-
plaint against Price Waterhouse LLP ("PW"), the
predecessor firm to PriceWaterhouse Coopers LLP,
on behalf of all persons who purchased or other-
wise acquired SSA common stock between Decem-
ber 15, 1994 and January 7, 1997, thereby suffering
damages. Days before trial, the parties agreed to
settle the case through a four-day arbitration. The
agreement to settle the case through arbitration was
reached after extensive negotiations between
Plaintiff's counsel and PW's counsel.

At completion of arbitration, the plaintiff class
was awarded $14,000,000 to settle its claims. This
amount has been earning interest for the plaintiff
class since June 29, 2001. This amount, less taxes,
approved costs, attorney's fees and expenses, will
be distributed to members of the plaintiff class who
submit valid, acceptable Proofs of Claim. Pursuant
to order of the Court, Plaintiff arranged for the
mailing and publication of notice to the class.
Plaintiff then filed its request that this Court ap-
prove the settlement as fair, reasonable and ad-
equate.

DISCUSSION
*2 The strength of Plaintiff's case balanced
against the amount offered in settlement favors a

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2001 WL 1568856 (N.D.Ill.)
**(Cite as: 2001 WL 1568856 (N.D.Ill.))**

determination that the proposed settlement is fair, reasonable and adequate. The instant case involves securities litigation. Many cases like this one have been lost at trial, on post-trial motion or appeal. *See, e.g., Backman v. Polaroid Corp.,* 910 F.2d 10 (1st Cir.1990) (reversing jury finding of liability in suit brought under section 10(b) of the Securities Exchange Act of 1934).

It is not certain that Plaintiff would have been able to obtain a favorable monetary result against PW at trial. A jury may have found PW's witnesses to be more credible. PW would have presented evidence that its conduct had not caused any monetary damages to Plaintiffs. A determination as to whether the plaintiff class had sustained monetary damages would have required extensive expert testimony as set out below. No one knows whose experts would have been more persuasive to a jury. The settlement provides certainty of recovery that was not available with litigation.

Furthermore, any judgment obtained at trial, however substantial, may not be distributed to the plaintiff class for many years due to post-trial motions and appeals. The plaintiff class has received a $14,000,000 cash settlement. This immediate and substantial recovery favors a determination that the proposed settlement is fair, reasonable and adequate.

Second, PW is able to pay the proposed settlement. Thus, this factor also favors approval of the settlement as fair, reasonable and adequate.

The complexity, length and expense of further litigation favor approval of the settlement. Securities fraud litigation is long, complex and uncertain. *See Trief v. Dun & Bradstreet Corp.,* 840 F.Supp. 277, 281 (S.D.N.Y.1993); *Hoffman Elec., Inc. v. Emerson Elec. Co.,* 800 F.Supp. 1289, 1295 (W.D.Pa.1992). In this case, each side had identified multiple trial experts to testify on the issues in the case. In fact, at least five experts were expected to testify at trial. In the final pretrial order submitted to the Court, the parties identified over 1,000

exhibits, forty witnesses and indicated that they anticipated that the trial would last fifteen to twenty-eight days. This evidence supports the conclusion that the case is very complex.

Furthermore, the settlement avoids the expense of continuing the litigation. Continued litigation would require significant attorney and expert time, use of computer graphics and technical support in the courtroom, as well as the usual cost of trial, such as travel or copying. Thus, the cost of litigation is quite high and is significantly reduced by settlement.

The procedure that was used clearly demonstrates the absence of collusion between the parties and favors approval of the settlement as fair, reasonable and adequate. Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion. *Scholes v. Stone, McGuire & Benjamin,* 839 F.Supp. 1314, 1318 (N.D.Ill.1993). Here, the arbitration was conducted over a four-day period. (Dumain Aff. ¶ 33.) Plaintiff's counsel was permitted to give opening and closing statements, conduct direct and cross-examination of witnesses and present legal arguments concerning loss causation to the Arbitrator. (Dumain Aff. ¶ 33.) This evidence is sufficient to establish that the negotiations were conducted at arm's length and in good faith. Thus, there was no possibility of collusion between the parties.

**\*3** Plaintiff's counsel deem the settlement to be fair, reasonable and adequate. The Court can consider the opinion of competent counsel in determining whether a settlement is fair, reasonable and adequate. *Isby,* 75 F.3d at 1200. Plaintiff's counsel are "experienced and skilled practitioners in the securities litigation field, and are responsible for significant settlements as well as legal decisions that enable litigation such as this to be successfully prosecuted." (Dumain Aff. ¶ 69.) Thus, Plaintiff's counsel are competent. Therefore, their opinion that the settlement is fair, reasonable and adequate also favors approval of the settlement.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2001 WL 1568856 (N.D.Ill.)
**(Cite as: 2001 WL 1568856 (N.D.Ill.))**

The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate. *Ressler v. Jacobson,* 149 F.R.D. 651, 656 (M.D.Fla.1992); *Schwartz v. Novo Indus.,* 119 F.R.D. 359, 363 (S.D.N.Y.1988). Pursuant to the Court's order, Plaintiff caused to be mailed more than 17,786 copies of the Notice to Class Members, and a summary notice of the proposed settlement and hearing was published in the Wall Street Journal. (Dumain Aff. ¶ 46.) The deadline for filing objections was October 29, 2001, and no objections have been received. Thus, the absence of objection to the settlement is evidence that the settlement is fair, reasonable and adequate.

Finally, the stage of litigation at which the settlement was reached also favors approval of the settlement. In *Armstrong,* the court found that this factor weighed in approving the proposed settlement because the litigation had progressed to a stage where the court and counsel could evaluate the merits of the case and the probable course of future litigation. 471 F.Supp. at 805, 806. Likewise, here, the settlement was reached after four years of litigation and the completion of fact and expert discovery, while parties were actively preparing for trial. The final pretrial order as well as a motion for summary judgment had been filed. It is clear that, in this case, both counsel and the Court have evaluated the merits of the case and the course of future litigation. It is also clear that counsel have a firm basis on which to assess the proposed settlement.

Therefore, based on the foregoing, the Court finds that the proposed settlement is fair, reasonable and adequate. Accordingly, the proposed settlement is approved. The Court also approves the proposed Plan of Allocation. The same standards of fairness, reasonableness and adequacy that apply to the settlement apply to the Plan of Allocation. The Court finds that these standards have been met with respect to the Plan of Allocation.

### Attorney's Fees
Plaintiff requests attorney's fees of 33 1/3 % of the settlement amount, or $4,666,667.67, plus in-

terest, and counsel's out-of-pocket expenses of $996,343.66. (Dumain Aff. ¶ 56.) Under either the percentage method or the lodestar method, Plaintiff's requested attorney's fees are reasonable.

*4 "When a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund." *Florin v. Nationsbank, N.A.,* 34 F.3d 560, 563 (7th Cir.1994). A court may determine reasonable attorney's fees as either a percentage of the fund or the lodestar amount, i.e. the number of hours worked multiplied by the attorney's hourly rate. *Florin,* 34 F.3d at 563. "[C]ourts may not enhance a fee award above the lodestar amount to reflect risk of loss or contingency." *Florin,* 34 F.3d at 564. "[T]he decision whether to use a percentage method or a lodestar method remains in the discretion of the district court." *Florin,* 34 F.3d at 566.

Courts try to approximate the market in determining reasonable attorney's fees. "The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *Steinlauf v. Continental Ill. Corp. (In re Continental Ill. Sec. Litig.),* 962 F.2d 566, 572 (7th Cir.1992). A customary contingency fee would range from 33 1/3% to 40% of the amount recovered. *See, e.g., Kirchoff v. Flynn,* 786 F.2d 320, 324 (7th Cir.1986); *In re Sell Oil Refinery,* 155 F.R.D. 552, 572 (E.D.La.1993) ("The customary contingency fee is between 33 1/3% and 40%."). Thus, the requested one-third of the common fund constitutes a reasonable attorney's fee.

Plaintiff's counsel worked 14,085.18 hours on this case. Under the lodestar method, this would amount to $4,842,573.55 in attorney's fees. (Dumain Aff. ¶ 57.) Attorney's fees determined by the percentage method amount to $4,666,667.67. This amount is lower than the amount determined by the lodestar method, which suggests that one-third of the common fund is a reasonable attorney's fee. Furthermore, no member of the plaintiff class

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2001 WL 1568856 (N.D.Ill.)
**(Cite as: 2001 WL 1568856 (N.D.Ill.))**

has objected to the request for attorney's fees. This
also suggests that the requested attorney's fees are
reasonable. *See Ressler,* 149 F.R.D. at 656. There-
fore, the Plaintiff's request for attorney's fees and
costs is granted.

In *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th
Cir.1998) (citing *Spicer v. Chicago Bd. Options Ex-
change, Inc.,* 844 F.Supp. 1226, 1267
(N.D.Ill.1993)), the Seventh Circuit held that a
court may grant a special award to the named
plaintiff in a class action based on "the actions the
plaintiff had taken to protect the interests of the
class, the degree to which the class benefitted from
those actions, and the amount of time and effort the
plaintiff expended in pursuing the litigation." Based
on the representations of counsel as to the services
rendered by the Retsky Family Limited Partnership
in the prosecution of the class action, as more fully
set out in the transcript of the proceedings of
November 19, 2001, the Court finds that a special
award is appropriate and that the sum of $7,500 is
reasonable compensation.

CONCLUSION
*5 For the reasons stated herein, the proposed
settlement is approved, and Plaintiff's request for an
award of attorney's fees, reimbursement of ex-
penses and a special award is granted.

IT IS SO ORDERED.

N.D.Ill.,2001.
Retsky Family Ltd. Partnership v. Price Waterhouse
LLP
Not Reported in F.Supp.2d, 2001 WL 1568856
(N.D.Ill.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Westlaw Delivery Summary Report for ARNOLD,KRISTI**

Date/Time of Request:          Thursday, March 15, 2012 17:17 Central
Client Identifier:             070164-00001/00466
Database:                      DCT
Citation Text:                 Not Reported in F.Supp.
Lines:                         74
Documents:                     1
Images:                        0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw

Page 1

Not Reported in F.Supp., 1991 WL 238298 (N.D.Cal.), Fed. Sec. L. Rep. P 96,252
**(Cite as: 1991 WL 238298 (N.D.Cal.))**

H

United States District Court, N.D. California.
In re APPLE COMPUTER SECURITIES LITIGA-
TION.

No. C–84–20148(A)–JW.
Sept. 6, 1991.

WARE, District Judge.

OPINION

**\*1** The Court accepts the Special Verdict of the jury with respect to defendants John Couch and Steven Jobs. Pursuant to Rule 58, Fed.Rules Civ.Proc., judgment shall be entered in favor of defendants Couch and Jobs, based upon the Special Verdict of the jury.

The Court has considered the motions of defendants John Vennard and A.C. Markkula for Judgment Notwithstanding the Verdict. The standard applicable to a judgment n.o.v. motion is whether the evidence and its inferences, taken as a whole and viewed in a light most favorable to the plaintiffs, are sufficiently substantial to support the jury's verdict. Applying this standard to this case, the Court concludes that under the Court's instructions to the jury, no reasonable jury could have found defendants Vennard and Markkula liable for directly violating Rule 10b–5. There was no substantial evidence that these individual defendants made false or misleading statements knowing that the statements were false and misleading or with reckless disregard that the statements were false or misleading. Accordingly, pursuant to Rule 50(b), Fed.Rules Civ.Proc., judgment shall be granted in favor of these defendants in accordance with the motion by these defendants for a directed verdict.

Pursuant to Rule 50(c), the Court conditionally grants the motion of defendants Vennard and Markkula for a new trial on the ground that the Special Verdict indicates that the jury was confused and the Special Verdict is internally inconsistent

and it would be unjust to enter judgment against these two defendants on the basis of the Special Verdict. This conditional grant of a new trial will not go into effect unless the entry of judgment n.o.v. is reversed on appeal, if any is taken.

The Special Verdict found no liability on the part of defendant Apple Computer Inc. Plaintiffs have made a motion for the court to enter judgment against defendant Apple on the ground that since the jury found that officers of Apple were liable for securities fraud, this finding should be construed as a finding against defendant Apple as a matter of law. As a corporation Apple can only act through its authorized officials and employees. Under the facts of this case, the verdict that Apple is not liable is irreconcilable with a determination that two of Apple's officials made intentionally false or misleading statements in violation of federal securities laws. Although the Court finds no substantial evidence that the named individuals made the statements, nevertheless, the statements were made on behalf of Apple Computer, Inc. However, because the jury exonerated defendant Apple, the verdict against the individuals can not be construed as tantamount to a finding that defendant Apple made intentionally false or misleading statements. The Court is not persuaded to grant judgment in favor of plaintiffs as a matter of law. Accordingly plaintiffs' motion is denied.

Pursuant to Rule 59(a) and (d), on its own initiative, the Court orders a new trial on the issues of liability and damages on the ground that the special verdict is inconsistent and evidences confusion on the part of the jury. The parties to the new trial will be the plaintiff class and defendant Apple Computer, Inc.

**\*2** The Court does not wish its ruling to be taken as a criticism of the jury or of jury trials. This is a complex case. The jury was faced with a complex matrix of responsibility and a confusing damage calculation. The questions and conflicts could

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1991 WL 238298 (N.D.Cal.), Fed. Sec. L. Rep. P 96,252
**(Cite as: 1991 WL 238298 (N.D.Cal.))**

have been avoided, perhaps, if the Court had supplied the jury with a more comprehensive set of Interrogatories.

A scheduling conference shall take place on October 11, 1991 at 9:00 a.m.

INTERLOCUTORY JUDGMENT

Pursuant to this Court's Order of September 6, 1991, accepting the Special Verdict with respect to defendants John Couch and Steven Jobs and conditionally granting judgment n.o.v. with respect to defendants John Vennard and A.C. Markkula,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as an Interlocutory Judgment in this action, judgment is entered in favor of defendants John Couch, Steven Jobs, John Vennard and A.C. Markkula.

N.D.Cal.,1991.
In re Apple Computer Securities Litigation
Not Reported in F.Supp., 1991 WL 238298 (N.D.Cal.), Fed. Sec. L. Rep. P 96,252

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

22

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION



|  |  |
|---|---|
| MYRON WEINER, NICHOLAS SITNYCKY, RONALD ANDERSON and ROBERT FURMAN on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | Index No. 98 C 3123(RP) |
| v. | Judge Pallmeyer |
| THE QUAKER OATS COMPANY and WILLIAM D. SMITHBURG, | |
| Defendants. | |

### ORDER AND FINAL JUDGMENT

On the _14TH_ day of _SEPTEMBER_, 2001, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 22, 2001 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice

of the hearing substantially in the form approved by the Court was (i) mailed to all persons or entities reasonably identifiable, who purchased the common stock of The Quaker Oats Company ("Quaker") during the period from August 4, 1994 through and including November 1, 1994 (the "Class Period"), except those persons or entities excluded from the definition of the Class, and (ii) posted on the Internet; and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Defendants.

2.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Quaker during the period from August 4, 1994 through and including November 1, 1994. Excluded from the Class are Defendants, the officers, directors and affiliates of Quaker, members of their immediate families (parents, spouses, siblings, and children), and any trusts or entities which they control. Also excluded from the Class are the persons and/or entities who timely requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.     Notices of the pendency of this Action as a class action and of the proposed Settlement were given to all Class Members who could be identified with reasonable effort. The forms and methods of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.     The Settlement (as provided for in the Stipulation) is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

6.     The Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

-3-

7.   Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, all claims, rights, demands, causes of actions and suits, whether known claims or unknown claims, including but not limited to claims which have been or could have been asserted by any member of the Class in this Action or in any court of competent jurisdiction, arising out of or related, directly or indirectly, in any way to the purchase of Quaker common stock during the Class Period, whether arising under any state or federal statutory, regulatory or common law, except for claims arising out of a breach of the settlement agreement (the "Settled Claims"), against the Defendants and Quaker's current and former subsidiaries, affiliates, directors, officers, employees, attorneys, agents, insurers, representatives and predecessors or successors in interest (the "Released Parties"). The Settled Claims are hereby fully and forever compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.   The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except

for claims arising out of a breach of the settlement agreement (the "Settled Defendants' Claims").
The Settled Defendants' Claims are hereby fully and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.      Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

(a)      offered or received against the Defendants or against the Plaintiffs or the Class as evidence of, or construed as or deemed to be evidence of any presumption, concession, or admission, by any of the Defendants or by any of the Plaintiffs or the Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation or other proceeding, or of any damages to the Class, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or other proceeding (nor are such defenses waived), or of any liability, negligence, fault, or wrongdoing whatsoever of the Defendants;

(b)      offered or received against the Defendants as evidence of, or as a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)      offered or received against the Defendants or against the Plaintiffs or the Class as evidence of, or as a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of

-5-

the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, the Settlement or the Final Judgment; provided, however, that Defendants may file and use the Stipulation or the Final Judgment in any action or proceeding to effectuate the liability protection granted them hereunder, including in order to support a defense, claim or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense, claim or counterclaim;

      (d)    construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration given hereunder represents the amount which could be or would have been recovered after trial; and

      (e)    construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

10.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.    Plaintiffs' Counsel are hereby awarded $ 3,366,667.00 in fees, and    RRO

$ 394,185.79 for expenses (including an award of $ 2500.00 for each of the Class    RRP

-6-

Representatives), which amounts the Court finds to be fair and reasonable, and which shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. Any order, or any objection to or appeal from any order approving the Plan of Allocation or of any award of attorneys fees or expenses shall in no way disturb or affect this Judgment.

13.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

14.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:        Chicago, Illinois
              _Sept. 14_____, 2001


              _Rebecca R. Pallmeyer_____
              UNITED STATES DISTRICT JUDGE


F:\QUAKER\vzw00632.wpd                    -7-

23

Westlaw

H.R. CONF. REP. 104-369, H.R. Conf. Rep. No. 369, 104TH Cong., 1ST Sess. 1995, 1995 U.S.C.C.A.N. 730, 1995 WL 709276 (Leg.Hist.)

**\*730** P.L. 104-67, PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995

SECURITIES LITIGATION REFORM

DATES OF CONSIDERATION AND PASSAGE

House: March 7, 8, December 5, 1995
Senate: June 22, 23, 26, 27, 28, December 5, 1995
Cong. Record Vol. 141 (1995)
Senate Report (Banking, Housing, and Urban Affairs Committee) No. 104-98,
June 19, 1995
(To accompany S. 240)
House Conference Report No. 104-369,
Nov. 28, 1995
(To accompany H.R. 1058)

HOUSE CONFERENCE REPORT NO. 104-369
November 28, 1995

**\*0** Mr. Bliley, from the committee of conference, submitted the following

CONFERENCE REPORT

[To accompany H.R. 1058]

The committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H.R. 1058), to reform Federal securities litigation, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the House recede from its disagreement to the amendment of the Senate to the text of the bill and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the Senate amendment, insert the following:

SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

(a) Short Title.-This Act may be cited as the "Private Securities Litigation Reform Act of 1995".
(b) Table of Contents.-The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.

TITLE I-REDUCTION OF ABUSIVE LITIGATION

Sec. 101. Private securities litigation reform.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sec. 102. Safe harbor for forward-looking statements.
Sec. 103. Elimination of certain abusive practices.
Sec. 104. Authority of Commission to prosecute aiding and abetting.
Sec. 105. Loss causation.
Sec. 106. Study and report on protections for senior citizens and qualified retirement plans.
Sec. 107. Amendment to Racketeer Influenced and Corrupt Organization Act.
Sec. 108. Applicability.

## TITLE II-REDUCTION OF COERCIVE SETTLEMENTS

Sec. 201. Proportionate liability.
Sec. 203. Applicability.
Sec. 204. Rule of construction.

## TITLE III-AUDITOR DISCLOSURE OF CORPORATE FRAUD

Sec. 301. Fraud detection and disclosure.

## TITLE I-REDUCTION OF ABUSIVE LITIGATION

### SEC. 101. PRIVATE SECURITIES LITIGATION REFORM.

(a) Securities Act of 1933.-Title I of the Securities Act of 1933 (15 U.S.C. 77a et seq.) is amended by adding at the end the following new section:

"SEC. 27. PRIVATE SECURITIES LITIGATION.

"(a) Private Class Actions.-
"(1) In general.-The provisions of this subsection shall apply to each private action arising under this title that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.
"(2) Certification filed with complaint.-
"(A) In general.-Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that-
"(i) states that the plaintiff has reviewed the complaint and authorized its filing;
"(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title;
"(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testi-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

mony at deposition and trial, if necessary;

"(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

"(v) identifies any other action under this title, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and

"(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

"(B) Nonwaiver of attorney-client privilege.-The certification filed pursuant to subparagraph (A) shall not be construed to be a waiver of the attorney-client privilege.

"(3) Appointment of lead plaintiff.-

"(A) Early notice to class members.-

"(i) In general.-Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-

"(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

"(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

"(ii) Multiple actions.-If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

"(iii) Additional notices may be required under federal rules.-Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

"(B) Appointment of lead plaintiff.-

"(i) In general.-Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph.

"(ii) Consolidated actions.-If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this subparagraph.

"(iii) Rebuttable presumption.-

"(I) In general.-Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-

"(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

"(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

"(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

"(II) Rebuttal evidence.-The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-

"(aa) will not fairly and adequately protect the interests of the class; or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

"(iv) Discovery.-For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

"(v) Selection of lead counsel.-The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

"(vi) Restrictions on professional plaintiffs.-Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

"(4) Recovery by plaintiffs.-The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class.

"(5) Restrictions on settlements under seal.-The terms and provisions of any settlement agreement of a class action shall not be filed under seal, except that on motion of any party to the settlement, the court may order filing under seal for those portions of a settlement agreement as to which good cause is shown for such filing under seal. For purposes of this paragraph, good cause shall exist only if publication of a term or provision of a settlement agreement would cause direct and substantial harm to any party.

"(6) Restrictions on payment of attorneys' fees and expenses.-Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.

"(7) Disclosure of settlement terms to class members.-Any proposed or final settlement agreement that is published or otherwise disseminated to the class shall include each of the following statements, along with a cover page summarizing the information contained in such statements:

"(A) Statement of plaintiff recovery.-The amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis.

"(B) Statement of potential outcome of case.-

"(i) Agreement on amount of damages.-If the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title, a statement concerning the average amount of such potential damages per share.

"(ii) Disagreement on amount of damages.-If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title, a statement from each settling party concerning the issue or issues on which the parties disagree.

"(iii) Inadmissibility for certain purposes.-A statement made in accordance with clause (i) or (ii) concerning the amount of damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement.

"(C) Statement of attorneys' fees or costs sought.-If any of the settling parties or their counsel intend to apply to the court for an award of attorneys' fees or costs from any fund established as part of the settlement, a statement indicating which parties or counsel intend to make such an application, the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought.

"(D) Identification of lawyers' representatives.-The name, telephone number, and address of one or more representat-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ives of counsel for the plaintiff class who will be reasonably available to answer questions from class members concerning any matter contained in any notice of settlement published or otherwise disseminated to the class.

"(E) Reasons for settlement.-A brief statement explaining the reasons why the parties are proposing the settlement.

"(F) Other information.-Such other information as may be required by the court.

"(8) Attorney conflict of interest.-If a plaintiff class is represented by an attorney who directly owns or otherwise has a beneficial interest in the securities that are the subject of the litigation, the court shall make a determination of whether such ownership or other interest constitutes a conflict of interest sufficient to disqualify the attorney from representing the plaintiff class.

"(b) Stay of Discovery; Preservation of Evidence.-

"(1) In general.-In any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

"(2) Preservation of evidence.-During the pendency of any stay of discovery pursuant to this subsection, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

"(3) Sanction for willful violation.-A party aggrieved by the willful failure of an opposing party to comply with paragraph (2) may apply to the court for an order awarding appropriate sanctions.

"(c) Sanctions for Abusive Litigation.-

"(1) Mandatory review by court.-In any private action arising under this title, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

"(2) Mandatory sanctions.-If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.

"(3) Presumption in favor of attorneys' fees and costs.-

"(A) In general.-Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction-

"(i) for failure of any responsive pleading or dispositive motion to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation; and

"(ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

"(B) Rebuttal evidence.-The presumption described in subparagraph (A) may be rebutted only upon proof by the party or attorney against whom sanctions are to be imposed that-

"(i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or

"(ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.

"(C) Sanctions.-If the party or attorney against whom sanctions are to be imposed meets its burden under subparagraph

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(B), the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

"(d) Defendant's Right to Written Interrogatories.-In any private action arising under this title in which the plaintiff may recover money damages only on proof that a defendant acted with a particular state of mind, the court shall, when requested by a defendant, submit to the jury a written interrogatory on the issue of each such defendant's state of mind at the time the alleged violation occurred.".

(b) Securities Exchange Act of 1934.-Title I of the Securities Exchange Act of 1934 (78a et seq.) is amended by inserting after section 21C the following new section:

"SEC. 21D. PRIVATE SECURITIES LITIGATION.

"(a) Private Class Actions.-

"(1) In general.-The provisions of this subsection shall apply in each private action arising under this title that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.

"(2) Certification filed with complaint.-

"(A) In general.-Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that-

"(i) states that the plaintiff has reviewed the complaint and authorized its filing;

"(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title;

"(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

"(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

"(v) identifies any other action under this title, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

"(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

"(B) Nonwaiver of attorney-client privilege.-The certification filed pursuant to subparagraph (A) shall not be construed to be a waiver of the attorney-client privilege.

"(3) Appointment of lead plaintiff.-

"(A) Early notice to class members.-

"(i) In general.-Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-

"(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

"(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

"(ii) Multiple actions.-If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

"(iii) Additional notices may be required under federal rules.-Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(B) Appointment of lead plaintiff.-

"(i) In general.-Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph.

"(ii) Consolidated actions.-If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

" (iii) Rebuttable presumption.-

"(I) In general.-Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-

"(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

"(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

"(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

"(II) Rebuttal evidence.-The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-

"(aa) will not fairly and adequately protect the interests of the class; or

"(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

"(iv) Discovery.-For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

"(v) Selection of lead counsel.-The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

"(vi) Restrictions on professional plaintiffs.-Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

"(4) Recovery by plaintiffs.-The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class.

"(5) Restrictions on settlements under seal.-The terms and provisions of any settlement agreement of a class action shall not be filed under seal, except that on motion of any party to the settlement, the court may order filing under seal for those portions of a settlement agreement as to which good cause is shown for such filing under seal. For purposes of this paragraph, good cause shall exist only if publication of a term or provision of a settlement agreement would cause direct and substantial harm to any party.

"(6) Restrictions on payment of attorneys' fees and expenses.-Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(7) Disclosure of settlement terms to class members.-Any proposed or final settlement agreement that is published or otherwise disseminated to the class shall include each of the following statements, along with a cover page summarizing the information contained in such statements:

"(A) Statement of plaintiff recovery.-The amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis.

"(B) Statement of potential outcome of case.-

"(i) Agreement on amount of damages.-If the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title, a statement concerning the average amount of such potential damages per share.

"(ii) Disagreement on amount of damages.-If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title, a statement from each settling party concerning the issue or issues on which the parties disagree.

"(iii) Inadmissibility for certain purposes.-A statement made in accordance with clause (i) or (ii) concerning the amount of damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement.

"(C) Statement of attorneys' fees or costs sought.-If any of the settling parties or their counsel intend to apply to the court for an award of attorneys' fees or costs from any fund established as part of the settlement, a statement indicating which parties or counsel intend to make such an application, the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought. Such information shall be clearly summarized on the cover page of any notice to a party of any proposed or final settlement agreement.

"(D) Identification of lawyers' representatives.-The name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members concerning any matter contained in any notice of settlement published or otherwise disseminated to the class.

"(E) Reasons for settlement.-A brief statement explaining the reasons why the parties are proposing the settlement.

"(F) Other information.-Such other information as may be required by the court.

"(8) Security for payment of costs in class actions.-In any private action arising under this title that is certified as a class action pursuant to the Federal Rules of Civil Procedure, the court may require an undertaking from the attorneys for the plaintiff class, the plaintiff class, or both, or from the attorneys for the defendant, the defendant, or both, in such proportions and at such times as the court determines are just and equitable, for the payment of fees and expenses that may be awarded under this subsection.

"(9) Attorney conflict of interest.-If a plaintiff class is represented by an attorney who directly owns or otherwise has a beneficial interest in the securities that are the subject of the litigation, the court shall make a determination of whether such ownership or other interest constitutes a conflict of interest sufficient to disqualify the attorney from representing the plaintiff class.

"(b) Requirements for Securities Fraud Actions.-

"(1) Misleading statements and omissions.-In any private action arising under this title in which the plaintiff alleges that the defendant-

"(A) made an untrue statement of a material fact; or

"(B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;

the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

"(2) Required state of mind.-In any private action arising under this title in which the plaintiff may recover money

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

"(3) Motion to dismiss; stay of discovery.-

"(A) Dismissal for failure to meet pleading requirements.-In any private action arising under this title, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met.

"(B) Stay of discovery.-In any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

"(C) Preservation of evidence.-

"(i) In general.-During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

"(ii) Sanction for willful violation.-A party aggrieved by the willful failure of an opposing party to comply with clause (i) may apply to the court for an order awarding appropriate sanctions.

"(4) Loss causation.-In any private action arising under this title, the plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this title caused the loss for which the plaintiff seeks to recover damages.

"(c) Sanctions for Abusive Litigation.-

"(1) Mandatory review by court.-In any private action arising under this title, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

"(2) Mandatory sanctions.-If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.

"(3) Presumption in favor of attorneys' fees and costs.-

"(A) In general.-Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction-

"(i) for failure of any responsive pleading or dispositive motion to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation; and

"(ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

"(B) Rebuttal evidence.-The presumption described in subparagraph (A) may be rebutted only upon proof by the party or attorney against whom sanctions are to be imposed that-

"(i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or

"(ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(C) Sanctions.-If the party or attorney against whom sanctions are to be imposed meets its burden under subparagraph (B), the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

"(d) Defendant's Right to Written Interrogatories.-In any private action arising under this title in which the plaintiff may recover money damages, the court shall, when requested by a defendant, submit to the jury a written interrogatory on the issue of each such defendant's state of mind at the time the alleged violation occurred.

"(e) Limitation on Damages.-

"(1) In general.-Except as provided in paragraph (2), in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

"(2) Exception.-In any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

"(3) Definition.-For purposes of this subsection, the 'mean trading price' of a security shall be an average of the daily trading price of that security, determined as of the close of the market each day during the 90-day period referred to in paragraph (1).".

SEC. 102. SAFE HARBOR FOR FORWARD-LOOKING STATEMENTS.

(a) Amendment to the Securities Act of 1933.-Title I of the Securities Act of 1933 (15 U.S.C. 77a et seq.) is amended by inserting after section 27 (as added by this Act) the following new section:

"SEC. 27A. APPLICATION OF SAFE HARBOR FOR FORWARD-LOOKING STATEMENTS.

"(a) Applicability.-This section shall apply only to a forward-looking statement made by-

"(1) an issuer that, at the time that the statement is made, is subject to the reporting requirements of section 13(a) or section 15(d) of the Securities Exchange Act of 1934;

"(2) a person acting on behalf of such issuer;

"(3) an outside reviewer retained by such issuer making a statement on behalf of such issuer; or

"(4) an underwriter, with respect to information provided by such issuer or information derived from information provided by the issuer.

"(b) Exclusions.-Except to the extent otherwise specifically provided by rule, regulation, or order of the Commission, this section shall not apply to a forward-looking statement-

"(1) that is made with respect to the business or operations of the issuer, if the issuer-

"(A) during the 3-year period preceding the date on which the statement was first made-

"(i) was convicted of any felony or misdemeanor described in clauses (i) through (iv) of section 15(b)(4)(B) of the Securities Exchange Act of 1934; or

"(ii) has been made the subject of a judicial or administrative decree or order arising out of a governmental action that-

"(I) prohibits future violations of the antifraud provisions of the securities laws;

"(II) requires that the issuer cease and desist from violating the antifraud provisions of the securities laws; or

"(III) determines that the issuer violated the antifraud provisions of the securities laws;

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(B) makes the forward-looking statement in connection with an offering of securities by a blank check company;

"(C) issues penny stock;

"(D) makes the forward-looking statement in connection with a rollup transaction; or

"(E) makes the forward-looking statement in connection with a going private transaction; or

"(2) that is-

"(A) included in a financial statement prepared in accordance with generally accepted accounting principles;

"(B) contained in a registration statement of, or otherwise issued by, an investment company;

"(C) made in connection with a tender offer;

"(D) made in connection with an initial public offering;

"(E) made in connection with an offering by, or relating to the operations of, a partnership, limited liability company, or a direct participation investment program; or

"(F) made in a disclosure of beneficial ownership in a report required to be filed with the Commission pursuant to section 13(d) of the Securities Exchange Act of 1934.

"(c) Safe Harbor.-

"(1) In general.-Except as provided in subsection (b), in any private action arising under this title that is based on an untrue statement of a material fact or omission of a material fact necessary to make the statement not misleading, a person referred to in subsection (a) shall not be liable with respect to any forward-looking statement, whether written or oral, if and to the extent that-

"(A) the forward-looking statement is-

"(i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or

"(ii) immaterial; or

"(B) the plaintiff fails to prove that the forward-looking statement-

"(i) if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading; or

"(ii) if made by a business entity; was-

"(I) made by or with the approval of an executive officer of that entity, and

"(II) made or approved by such officer with actual knowledge by that officer that the statement was false or mislead- ing.

"(2) Oral forward-looking statements.-In the case of an oral forward-looking statement made by an issuer that is subject to the reporting requirements of section 13(a) or section 15(d) of the Securities Exchange Act of 1934, or by a person acting on behalf of such issuer, the requirement set forth in paragraph (1)(A) shall be deemed to be satisfied-

"(A) if the oral forward-looking statement is accompanied by a cautionary statement-

"(i) that the particular oral statement is a forward-looking statement; and

"(ii) that the actual results could differ materially from those projected in the forward-looking statement; and

"(B) if-

"(i) the oral forward-looking statement is accompanied by an oral statement that additional information concerning factors that could cause actual results to differ materially from those in the forward-looking statement is contained in a readily available written document, or portion thereof;

"(ii) the accompanying oral statement referred to in clause (i) identifies the document, or portion thereof, that contains the additional information about those factors relating to the forward-looking statement; and

"(iii) the information contained in that written document is a cautionary statement that satisfies the standard established in paragraph (1)(A).

"(3) Availability.-Any document filed with the Commission or generally disseminated shall be deemed to be readily available for purposes of paragraph (2).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(4) Effect on other safe harbors.-The exemption provided for in paragraph (1) shall be in addition to any exemption that the Commission may establish by rule or regulation under subsection (g).

"(d) Duty To Update.-Nothing in this section shall impose upon any person a duty to update a forward-looking state- ment.

"(e) Dispositive Motion.-On any motion to dismiss based upon subsection (c)(1), the court shall consider any statement cited in the complaint and cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant.

"(f) Stay Pending Decision on Motion.-In any private action arising under this title, the court shall stay discovery (other than discovery that is specifically directed to the applicability of the exemption provided for in this section) during the pendency of any motion by a defendant for summary judgment that is based on the grounds that-

"(1) the statement or omission upon which the complaint is based is a forward-looking statement within the meaning of this section; and

"(2) the exemption provided for in this section precludes a claim for relief.

"(g) Exemption Authority.-In addition to the exemptions provided for in this section, the Commission may, by rule or regulation, provide exemptions from or under any provision of this title, including with respect to liability that is based on a statement or that is based on projections or other forward-looking information, if and to the extent that any such exemption is consistent with the public interest and the protection of investors, as determined by the Commission.

"(h) Effect on Other Authority of Commission.-Nothing in this section limits, either expressly or by implication, the authority of the Commission to exercise similar authority or to adopt similar rules and regulations with respect to forward-looking statements under any other statute under which the Commission exercises rulemaking authority.

"(i) Definitions.-For purposes of this section, the following definitions shall apply:

"(1) Forward-looking statement.-The term 'forward-looking statement' means-

"(A) a statement containing a projection of revenues, income (including income loss), earnings (including earnings loss) per share, capital expenditures, dividends, capital structure, or other financial items;

"(B) a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer;

"(C) a statement of future economic performance, including any such statement contained in a discussion and analysis of financial condition by the management or in the results of operations included pursuant to the rules and regulations of the Commission;

"(D) any statement of the assumptions underlying or relating to any statement described in subparagraph (A), (B), or (C);

"(E) any report issued by an outside reviewer retained by an issuer, to the extent that the report assesses a forward-looking statement made by the issuer; or

"(F) a statement containing a projection or estimate of such other items as may be specified by rule or regulation of the Commission.

"(2) Investment company.-The term 'investment company' has the same meaning as in section 3(a) of the Investment Company Act of 1940.

"(3) Penny stock.-The term 'penny stock' has the same meaning as in section 3(a)(51) of the Securities Exchange Act of 1934, and the rules and regulations, or orders issued pursuant to that section.

"(4) Going private transaction.-The term 'going private transaction' has the meaning given that term under the rules or regulations of the Commission issued pursuant to section 13(e) of the Securities Exchange Act of 1934.

"(5) Securities laws.-The term 'securities laws' has the same meaning as in section 3 of the Securities Exchange Act of 1934.

"(6) Person acting on behalf of an issuer.-The term 'person acting on behalf of an issuer' means an officer, director, or employee of the issuer.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(7) Other terms.-The terms 'blank check company', 'rollup transaction', 'partnership', 'limited liability company', 'executive officer of an entity' and 'direct participation investment program', have the meanings given those terms by rule or regulation of the Commission.".

(b) Amendment to the Securities Exchange Act of 1934.-The Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is amended by inserting after section 21D (as added by this Act) the following new section:

"SEC. 21E. APPLICATION OF SAFE HARBOR FOR FORWARD-LOOKING STATEMENTS.

"(a) Applicability.-This section shall apply only to a forward-looking statement made by-

"(1) an issuer that, at the time that the statement is made, is subject to the reporting requirements of section 13(a) or section 15(d);

"(2) a person acting on behalf of such issuer;

"(3) an outside reviewer retained by such issuer making a statement on behalf of such issuer; or

"(4) an underwriter, with respect to information provided by such issuer or information derived from information provided by such issuer.

"(b) Exclusions.-Except to the extent otherwise specifically provided by rule, regulation, or order of the Commission, this section shall not apply to a forward-looking statement-

"(1) that is made with respect to the business or operations of the issuer, if the issuer-

"(A) during the 3-year period preceding the date on which the statement was first made-

"(i) was convicted of any felony or misdemeanor described in clauses (i) through (iv) of section 15(b)(4)(B); or

"(ii) has been made the subject of a judicial or administrative decree or order arising out of a governmental action that-

"(I) prohibits future violations of the antifraud provisions of the securities laws;

"(II) requires that the issuer cease and desist from violating the antifraud provisions of the securities laws; or

"(III) determines that the issuer violated the antifraud provisions of the securities laws;

"(B) makes the forward-looking statement in connection with an offering of securities by a blank check company;

"(C) issues penny stock;

"(D) makes the forward-looking statement in connection with a rollup transaction; or

"(E) makes the forward-looking statement in connection with a going private transaction; or

"(2) that is-

"(A) included in a financial statement prepared in accordance with generally accepted accounting principles;

"(B) contained in a registration statement of, or otherwise issued by, an investment company;

"(C) made in connection with a tender offer;

"(D) made in connection with an initial public offering;

"(E) made in connection with an offering by, or relating to the operations of, a partnership, limited liability company, or a direct participation investment program; or

"(F) made in a disclosure of beneficial ownership in a report required to be filed with the Commission pursuant to section 13(d).

"(c) Safe Harbor.-

"(1) In general.-Except as provided in subsection (b), in any private action arising under this title that is based on an untrue statement of a material fact or omission of a material fact necessary to make the statement not misleading, a person referred to in subsection (a) shall not be liable with respect to any forward-looking statement, whether written or oral, if and to the extent that-

"(A) the forward-looking statement is-

"(i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(ii) immaterial; or

"(B) the plaintiff fails to prove that the forward-looking statement-

"(i) if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading; or

"(ii) if made by a business entity; was-

"(I) made by or with the approval of an executive officer of that entity; and

"(II) made or approved by such officer with actual knowledge by that officer that the statement was false or mislead- ing.

"(2) Oral forward-looking statements.-In the case of an oral forward-looking statement made by an issuer that is subject to the reporting requirements of section 13(a) or section 15(d), or by a person acting on behalf of such issuer, the requirement set forth in paragraph (1)(A) shall be deemed to be satisfied-

"(A) if the oral forward-looking statement is accompanied by a cautionary statement-

"(i) that the particular oral statement is a forward-looking statement; and

"(ii) that the actual results might differ materially from those projected in the forward-looking statement; and

"(B) if-

"(i) the oral forward-looking statement is accompanied by an oral statement that additional information concerning factors that could cause actual results to materially differ from those in the forward-looking statement is contained in a readily available written document, or portion thereof;

"(ii) the accompanying oral statement referred to in clause (i) identifies the document, or portion thereof, that contains the additional information about those factors relating to the forward-looking statement; and

"(iii) the information contained in that written document is a cautionary statement that satisfies the standard established in paragraph (1)(A).

"(3) Availability.-Any document filed with the Commission or generally disseminated shall be deemed to be readily available for purposes of paragraph (2).

"(4) Effect on other safe harbors.-The exemption provided for in paragraph (1) shall be in addition to any exemption that the Commission may establish by rule or regulation under subsection (g).

"(d) Duty To Update.-Nothing in this section shall impose upon any person a duty to update a forward-looking state- ment.

"(e) Dispositive Motion.-On any motion to dismiss based upon subsection (c)(1), the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant.

"(f) Stay Pending Decision on Motion.-In any private action arising under this title, the court shall stay discovery (other than discovery that is specifically directed to the applicability of the exemption provided for in this section) during the pendency of any motion by a defendant for summary judgment that is based on the grounds that-

"(1) the statement or omission upon which the complaint is based is a forward-looking statement within the meaning of this section; and

"(2) the exemption provided for in this section precludes a claim for relief.

"(g) Exemption Authority.-In addition to the exemptions provided for in this section, the Commission may, by rule or regulation, provide exemptions from or under any provision of this title, including with respect to liability that is based on a statement or that is based on projections or other forward-looking information, if and to the extent that any such exemption is consistent with the public interest and the protection of investors, as determined by the Commission.

"(h) Effect on Other Authority of Commission.-Nothing in this section limits, either expressly or by implication, the authority of the Commission to exercise similar authority or to adopt similar rules and regulations with respect to forward-looking statements under any other statute under which the Commission exercises rulemaking authority.

"(i) Definitions.-For purposes of this section, the following definitions shall apply:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(1) Forward-looking statement.-The term 'forward-looking statement' means-

"(A) a statement containing a projection of revenues, income (including income loss), earnings (including earnings loss) per share, capital expenditures, dividends, capital structure, or other financial items;

"(B) a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer;

"(C) a statement of future economic performance, including any such statement contained in a discussion and analysis of financial condition by the management or in the results of operations included pursuant to the rules and regulations of the Commission;

"(D) any statement of the assumptions underlying or relating to any statement described in subparagraph (A), (B), or (C);

"(E) any report issued by an outside reviewer retained by an issuer, to the extent that the report assesses a forward-looking statement made by the issuer; or

"(F) a statement containing a projection or estimate of such other items as may be specified by rule or regulation of the Commission.

"(2) Investment company.-The term 'investment company' has the same meaning as in section 3(a) of the Investment Company Act of 1940.

"(3) Going private transaction.-The term 'going private transaction' has the meaning given that term under the rules or regulations of the Commission issued pursuant to section 13(e).

"(4) Person acting on behalf of an issuer.-The term 'person acting on behalf of an issuer' means any officer, director, or employee of such issuer.

"(5) Other terms.-The terms 'blank check company', 'rollup transaction', 'partnership', 'limited liability company', 'executive officer of an entity' and 'direct participation investment program', have the meanings given those terms by rule or regulation of the Commission.".

## SEC. 103. ELIMINATION OF CERTAIN ABUSIVE PRACTICES.

(a) Prohibition of Referral Fees.-Section 15(c) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(c)) is amended by adding at the end the following new paragraph:

"(8) Prohibition of referral fees.-No broker or dealer, or person associated with a broker or dealer, may solicit or accept, directly or indirectly, remuneration for assisting an attorney in obtaining the representation of any person in any private action arising under this title or under the Securities Act of 1933.".

(b) Prohibition of Attorneys' Fees Paid From Commission Disgorgement Funds.-

(1) Securities act of 1933.-Section 20 of the Securities Act of 1933 (15 U.S.C. 77t) is amended by adding at the end the following new subsection:

"(f) Prohibition of Attorneys' Fees Paid From Commission Disgorgement Funds.-Except as otherwise ordered by the court upon motion by the Commission, or, in the case of an administrative action, as otherwise ordered by the Commission, funds disgorged as the result of an action brought by the Commission in Federal court, or as a result of any Commission administrative action, shall not be distributed as payment for attorneys' fees or expenses incurred by private parties seeking distribution of the disgorged funds.".

(2) Securities exchange act of 1934.-Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78u(d)) is amended by adding at the end the following new paragraph:

"(4) Prohibition of attorneys' fees paid from commission disgorgement funds.-Except as otherwise ordered by the court upon motion by the Commission, or, in the case of an administrative action, as otherwise ordered by the Commission, funds disgorged as the result of an action brought by the Commission in Federal court, or as a result of any Commission administrative action, shall not be distributed as payment for attorneys' fees or expenses incurred by private

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

parties seeking distribution of the disgorged funds.".

## SEC. 104. AUTHORITY OF COMMISSION TO PROSECUTE AIDING AND ABETTING.

Section 20 of the Securities Exchange Act of 1934 (15 U.S.C. 78t) is amended-
(1) by striking the section heading and inserting the following:

"LIABILITY OF CONTROLLING PERSONS AND PERSONS WHO AID AND ABET VIOLATIONS";

and
(2) by adding at the end the following new subsection:
"(f) Prosecution of Persons Who Aid and Abet Violations.-For purposes of any action brought by the Commission un-der paragraph (1) or (3) of section 21(d), any person that knowingly provides substantial assistance to another person in violation of a provision of this title, or of any rule or regulation issued under this title, shall be deemed to be in viol-ation of such provision to the same extent as the person to whom such assistance is provided.".

## SEC. 105. LOSS CAUSATION.

Section 12 of the Securities Act of 1933 (15 U.S.C. 77l) is amended-
(1) by inserting "(a) In General.-" before "Any person";
(2) by inserting ", subject to subsection (b)," after "shall be liable"; and
(3) by adding at the end the following:
"(b) Loss Causation.-In an action described in subsection (a)(2), if the person who offered or sold such security proves that any portion or all of the amount recoverable under subsection (a)(2) represents other than the depreciation in value of the subject security resulting from such part of the prospectus or oral communication, with respect to which the liab-ility of that person is asserted, not being true or omitting to state a material fact required to be stated therein or neces-sary to make the statement not misleading, then such portion or amount, as the case may be, shall not be recoverable.".

## SEC. 106. STUDY AND REPORT ON PROTECTIONS FOR SENIOR CITIZENS AND QUALIFIED RETIREMENT PLANS.

(a) In General.-Not later than 180 days after the date of enactment of this Act, the Securities and Exchange Commis-sion shall-
(1) determine whether investors that are senior citizens or qualified retirement plans require greater protection against securities fraud than is provided in this Act and the amendments made by this Act;
(2) determine whether investors that are senior citizens or qualified retirement plans have been adversely impacted by abusive or unnecessary securities fraud litigation, and whether the provisions in this Act or amendments made by this Act are sufficient to protect their investments from such litigation; and
(3) if so, submit to the Congress a report containing recommendations on protections from securities fraud and abusive or unnecessary securities fraud litigation that the Commission determines to be appropriate to thoroughly protect such investors.
(b) Definitions.-For purposes of this section-
(1) the term "qualified retirement plan" has the same meaning as in section 4974(c) of the Internal Revenue Code of 1986; and
(2) the term "senior citizen" means an individual who is 62 years of age or older as of the date of the securities transac-tion at issue.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

## SEC. 107. AMENDMENT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT.

Section 1964(c) of title 18, United States Code, is amended by inserting before the period ", except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final".

## SEC. 108. APPLICABILITY.

The amendments made by this title shall not affect or apply to any private action arising under title I of the Securities Exchange Act of 1934 or title I of the Securities Act of 1933, commenced before and pending on the date of enactment of this Act.

## TITLE II—REDUCTION OF COERCIVE SETTLEMENTS

## SEC. 201. PROPORTIONATE LIABILITY.

(a) Amendment to Securities and Exchange Act of 1934.-Section 21D the Securities Exchange Act of 1934 (as added by this Act) is amended by adding at the end the following new subsection:

"(g) Proportionate Liability.-

"(1) Applicability.-Nothing in this subsection shall be construed to create, affect, or in any manner modify, the standard for liability associated with any action arising under the securities laws.

"(2) Liability for damages.-

"(A) Joint and several liability.-Any covered person against whom a final judgment is entered in a private action shall be liable for damages jointly and severally only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws.

"(B) Proportionate liability.-

"(i) In general.-Except as provided in paragraph (1), a covered person against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3).

"(ii) Recovery by and costs of covered person.-In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover the attorney's fees and costs of that covered person in connection with the action.

"(3) Determination of responsibility.-

"(A) In general.-In any private action, the court shall instruct the jury to answer special interrogatories, or if there is no jury, shall make findings, with respect to each covered person and each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning-

"(i) whether such person violated the securities laws;

"(ii) the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and

"(iii) whether such person knowingly committed a violation of the securities laws.

"(B) Contents of special interrogatories or findings.-The responses to interrogatories, or findings, as appropriate, under subparagraph (A) shall specify the total amount of damages that the plaintiff is entitled to recover and the percentage of responsibility of each covered person found to have caused or contributed to the loss incurred by the plaintiff or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

plaintiffs.

"(C) Factors for consideration.-In determining the percentage of responsibility under this paragraph, the trier of fact shall consider-

"(i) the nature of the conduct of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs; and

"(ii) the nature and extent of the causal relationship between the conduct of each such person and the damages incurred by the plaintiff or plaintiffs.

"(4) Uncollectible share.-

"(A) In general.-Notwithstanding paragraph (2)(B), upon motion made not later than 6 months after a final judgment is entered in any private action, the court determines that all or part of the share of the judgment of the covered person is not collectible against that covered person, and is also not collectible against a covered person described in paragraph (2)(A), each covered person described in paragraph (2)(B) shall be liable for the uncollectible share as follows:

"(i) Percentage of net worth.-Each covered person shall be jointly and severally liable for the uncollectible share if the plaintiff establishes that-

"(I) the plaintiff is an individual whose recoverable damages under the final judgment are equal to more than 10 percent of the net worth of the plaintiff; and

"(II) the net worth of the plaintiff is equal to less than $200,000.

"(ii) Other plaintiffs.-With respect to any plaintiff not described in subclauses (I) and (II) of clause (i), each covered person shall be liable for the uncollectible share in proportion to the percentage of responsibility of that covered person, except that the total liability of a covered person under this clause may not exceed 50 percent of the proportionate share of that covered person, as determined under paragraph (3)(B).

"(iii) Net worth.-For purposes of this subparagraph, net worth shall be determined as of the date immediately preceding the date of the purchase or sale (as applicable) by the plaintiff of the security that is the subject of the action, and shall be equal to the fair market value of assets, minus liabilities, including the net value of the investments of the plaintiff in real and personal property (including personal residences).

"(B) Overall limit.-In no case shall the total payments required pursuant to subparagraph (A) exceed the amount of the uncollectible share.

"(C) Covered persons subject to contribution.-A covered person against whom judgment is not collectible shall be subject to contribution and to any continuing liability to the plaintiff on the judgment.

"(5) Right of contribution.-To the extent that a covered person is required to make an additional payment pursuant to paragraph (4), that covered person may recover contribution-

"(A) from the covered person originally liable to make the payment;

"(B) from any covered person liable jointly and severally pursuant to paragraph (2)(A);

"(C) from any covered person held proportionately liable pursuant to this paragraph who is liable to make the same payment and has paid less than his or her proportionate share of that payment; or

"(D) from any other person responsible for the conduct giving rise to the payment that would have been liable to make the same payment.

"(6) Nondisclosure to jury.-The standard for allocation of damages under paragraphs (2) and (3) and the procedure for reallocation of uncollectible shares under paragraph (4) shall not be disclosed to members of the jury.

"(7) Settlement discharge.-

"(A) In general.-A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. The order shall bar all future claims for contribution arising out of the action-

"(i) by any person against the settling covered person; and

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

"(B) Reduction.-If a covered person enters into a settlement with the plaintiff prior to final verdict or judgment, the verdict or judgment shall be reduced by the greater of-

"(i) an amount that corresponds to the percentage of responsibility of that covered person; or

"(ii) the amount paid to the plaintiff by that covered person.

"(8) Contribution.-A covered person who becomes jointly and severally liable for damages in any private action may recover contribution from any other person who, if joined in the original action, would have been liable for the same damages. A claim for contribution shall be determined based on the percentage of responsibility of the claimant and of each person against whom a claim for contribution is made.

"(9) Statute of limitations for contribution.-In any private action determining liability, an action for contribution shall be brought not later than 6 months after the entry of a final, nonappealable judgment in the action, except that an action for contribution brought by a covered person who was required to make an additional payment pursuant to paragraph (4) may be brought not later than 6 months after the date on which such payment was made.

"(10) Definitions.-For purposes of this subsection-

"(A) a covered person 'knowingly commits a violation of the securities laws'-

"(i) with respect to an action that is based on an untrue statement of material fact or omission of a material fact necessary to make the statement not misleading, if-

"(I) that covered person makes an untrue statement of a material fact, with actual knowledge that the representation is false, or omits to state a fact necessary in order to make the statement made not misleading, with actual knowledge that, as a result of the omission, one of the material representations of the covered person is false; and

"(II) persons are likely to reasonably rely on that misrepresentation or omission; and

"(ii) with respect to an action that is based on any conduct that is not described in clause (i), if that covered person engages in that conduct with actual knowledge of the facts and circumstances that make the conduct of that covered person a violation of the securities laws;

"(B) reckless conduct by a covered person shall not be construed to constitute a knowing commission of a violation of the securities laws by that covered person;

"(C) the term 'covered person' means-

"(i) a defendant in any private action arising under this title; or

"(ii) a defendant in any private action arising under section 11 of the Securities Act of 1933, who is an outside director of the issuer of the securities that are the subject of the action; and

"(D) the term 'outside director' shall have the meaning given such term by rule or regulation of the Commission.".

(b) Amendments to the Securities Act of 1933.-Section 11(f) of the Securities Act of 1933 (12 U.S.C. 77k(f)) is amended-

(1) by striking "All" and inserting "(1) Except as provided in paragraph (2), all"; and

(2) by adding at the end the following new paragraph:

"(2)(A) The liability of an outside director under subsection (e) shall be determined in accordance with section 38 of the Securities Exchange Act of 1934.

"(B) For purposes of this paragraph, the term 'outside director' shall have the meaning given such term by rule or regulation of the Commission .".

SEC. 202. APPLICABILITY.

The amendments made by this title shall not affect or apply to any private action arising under the securities laws commenced before and pending on the date of enactment of this Act.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

## SEC. 203. RULE OF CONSTRUCTION.

Nothing in this Act or the amendments made by this Act shall be deemed to create or ratify any implied private right of action, or to prevent the Commission, by rule or regulation, from restricting or otherwise regulating private actions under the Securities Exchange Act of 1934.

### TITLE III-AUDITOR DISCLOSURE OF CORPORATE FRAUD

## SEC. 301. FRAUD DETECTION AND DISCLOSURE.

(a) In General.-The Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is amended by inserting immediately after section 10 the following new section:

"SEC. 10A. AUDIT REQUIREMENTS.

"(a) In General.-Each audit required pursuant to this title of the financial statements of an issuer by an independent public accountant shall include, in accordance with generally accepted auditing standards, as may be modified or supplemented from time to time by the Commission-

"(1) procedures designed to provide reasonable assurance of detecting illegal acts that would have a direct and material effect on the determination of financial statement amounts;

"(2) procedures designed to identify related party transactions that are material to the financial statements or otherwise require disclosure therein; and

"(3) an evaluation of whether there is substantial doubt about the ability of the issuer to continue as a going concern during the ensuing fiscal year.

"(b) Required Response To Audit Discoveries.-

"(1) Investigation and report to management.-If, in the course of conducting an audit pursuant to this title to which subsection (a) applies, the independent public accountant detects or otherwise becomes aware of information indicating that an illegal act (whether or not perceived to have a material effect on the financial statements of the issuer) has or may have occurred, the accountant shall, in accordance with generally accepted auditing standards, as may be modified or supplemented from time to time by the Commission-

"(A)(i) determine whether it is likely that an illegal act has occurred; and

"(ii) if so, determine and consider the possible effect of the illegal act on the financial statements of the issuer, including any contingent monetary effects, such as fines, penalties, and damages; and

"(B) as soon as practicable, inform the appropriate level of the management of the issuer and assure that the audit committee of the issuer, or the board of directors of the issuer in the absence of such a committee, is adequately informed with respect to illegal acts that have been detected or have otherwise come to the attention of such accountant in the course of the audit, unless the illegal act is clearly inconsequential.

"(2) Response to failure to take remedial action.-If, after determining that the audit committee of the board of directors of the issuer, or the board of directors of the issuer in the absence of an audit committee, is adequately informed with respect to illegal acts that have been detected or have otherwise come to the attention of the accountant in the course of the audit of such accountant, the independent public accountant concludes that-

"(A) the illegal act has a material effect on the financial statements of the issuer;

"(B) the senior management has not taken, and the board of directors has not caused senior management to take, timely and appropriate remedial actions with respect to the illegal act; and

"(C) the failure to take remedial action is reasonably expected to warrant departure from a standard report of the auditor, when made, or warrant resignation from the audit engagement;

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.