# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | No. 1:07-cv-04507<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge St. Eve<br>Magistrate Judge Mason |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MOTOROLA, INC. ("MOTOROLA") DURING THE PERIOD FROM JULY 19, 2006 THROUGH JANUARY 4, 2007, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE MAY 28, 2012.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of cases that have been consolidated by the Court as *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507 (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Plaintiffs and Defendants, dated as of January 31, 2012 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of Defendants or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

## I. STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of Two Hundred Million Dollars ($200,000,000.00), plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration and certain taxes and tax related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members. Your recovery from this fund will depend on a number of variables, including the number and type of Motorola publicly traded securities you purchased or otherwise acquired during the period from July 19, 2006 through January 4, 2007, inclusive, and the timing of your purchases and any sales. In the unlikely event that 100% of the eligible publicly traded securities of Motorola purchased or acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Motorola common stock will be approximately $0.28 before deduction of Court-approved fees and expenses. Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

## II. STATEMENT OF POTENTIAL OUTCOME

Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

## III. REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing. Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants would have also asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Motorola publicly traded securities were fully and adequately disclosed. The proposed settlement provides an immediate benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

## IV. STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Members of the Class, nor have they been paid for their expenses. If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees of 27.5% of the Settlement Fund and expenses not to exceed $4,950,000, plus interest thereon, to be paid from the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of Motorola publicly traded securities will be $0.09. In addition, each of the two Plaintiffs may seek up to $7,500 in expenses incurred in representing the Class.

## V. IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, c/o Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

## VI. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on May 9, 2012, at 8:30 a.m., before the Honorable Amy J. St. Eve, United States District Judge, Courtroom 1241, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Two Hundred Million Dollars ($200,000,000.00) in cash should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and the expenses of Plaintiffs should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII. DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1. "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2. "Claims Administrator" means the firm of Gilardi & Co. LLC.

3. "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the publicly traded securities of Motorola, Inc. during the period from July 19, 2006 through January 4, 2007, inclusive, excluding (1) Defendants and their immediate family; (2) any entity in which Defendants have or had a controlling interest; (3) Officers and Directors of Motorola, Inc.; and (4) the legal representatives, heirs, successors or assigns of any excluded party.

4. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in paragraph 3 above.

5. "Class Period" means the period commencing on July 19, 2006 through and including January 4, 2007.

6. "Defendants" means Motorola, Inc., now known as Motorola Solutions, Inc., and the Individual Defendants. A Defendant shall be deemed to have a "controlling interest" in an entity if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership interests, of such entity.

7. "Individual Defendants" means Edward J. Zander, Ronald G. Garriques, David W. Devonshire, and Richard N. Nottenburg.

8. "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

9. "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Keith F. Park, Tor Gronborg, 655 West Broadway, Suite 1900, San Diego, CA 92101.

10. "Lead Plaintiff" means Macomb County Employees' Retirement System.

11. "Litigation" means the consolidated actions under case number 1:07-cv-04507.

12. "Motorola" means Motorola, Inc., now known as Motorola Solutions, Inc.

13. "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses and interest, and any award to Plaintiffs, provided for herein or approved by the Court, and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

14. "Notes" means Motorola's 7.5% Notes due 5/15/25 (CUSIP 620076AH2), 8.4% Notes due 8/15/31 (CUSIP 620076AC3), 6.5% Notes due 11/15/28 (CUSIP 620076AP4), 6.5% Notes due 9/1/25 (CUSIP 620076AK5), 6.5% Notes due 3/1/08 (CUSIP 620076AG4), 5.8% Notes due 10/15/08 (CUSIP 620076AN9), 7.625% Notes due 11/15/10 (CUSIP 620076AR0), and 4.608% Notes due 11/16/07 (CUSIP 620076AU3).

15. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

16. "Plaintiffs" means Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System.

17. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

18. "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

19. "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined below) arising out of or based upon both the purchase or other acquisition of Motorola publicly traded securities during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in paragraph 25 hereof.

20. "Released Persons" means each and all of the Defendants and their Related Parties.

21. "Settlement Amount" means Two Hundred Million Dollars ($200,000,000.00) in cash.

22. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

23. "Settling Parties" means, collectively, the Defendants, Plaintiffs, and the Class.

24. "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

25. "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII. THE LITIGATION

The initial complaint filed in this case was *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507, in the United States District Court for the Northern District of Illinois (the "Court") on August 9, 2007. Two other substantially identical class action cases, *Segal v. Motorola, Inc., et al.*, No. 07 CV 4782 and *Acheson v. Motorola, Inc., et al.*, No. 07 cv 5004, were filed in the Court on August 23, 2007 and September 5, 2007, respectively. On October 16, 2007, these cases were consolidated by Court order as *Silverman v. Motorola, Inc., et al.* under the case number 1:07-cv-04507, and Macomb County Employees' Retirement System was appointed Lead Plaintiff.

On December 20, 2007, the Consolidated Amended Complaint for Violation of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The named defendants in the complaint were Motorola, Inc., Edward J. Zander, Ronald G. Garriques, David W. Devonshire, Richard N. Nottenburg, Daniel M. Moloney, Gregory Q. Brown, and Padmasree Warrior. On February 5, 2008, defendants moved to dismiss the complaint. On September 23, 2008, the Court granted in part and denied in part defendants' motion to dismiss. Thereafter, defendants filed an answer denying all allegations in the complaint and asserting defenses thereto.

On February 27, 2009, Plaintiffs filed a motion for class certification, which the Court granted on August 25, 2009, appointing Macomb County Employees' Retirement System and St. Clair Shores Police and Fire Pension System as class representatives and Robbins Geller Rudman & Dowd LLP as class counsel.

On March 10, 2010, Plaintiffs filed the Second Amended Complaint for Violation of Federal Securities Laws (the "Complaint"). Defendants did not move to dismiss the Complaint, but filed an answer denying all material allegations in the Complaint and asserting various defenses thereto. On November 15, 2010, the parties entered into a stipulation of dismissal, voluntarily dismissing all claims against defendant Padmasree Warrior, which the Court approved the following day.

During the pendency of the Litigation, Plaintiffs and defendants engaged in extensive discovery. The parties briefed more than 15 discovery disputes, subpoenaed more than 40 parties and third parties which resulted in the production of over 3.8 million pages of documents and conducted approximately 60 depositions.

On September 7, 2010, defendants Gregory Q. Brown, Daniel M. Moloney and Richard B. Nottenburg moved for summary judgment on Plaintiffs' §20(a) claim. Mr. Nottenburg simultaneously moved for summary judgment on Plaintiffs' §10(b) claim. On February 16, 2011, the Court granted summary judgment in favor of Messrs. Brown and Moloney. With respect to Mr. Nottenburg, the Court granted summary judgment as to Plaintiffs' §10(b) claim and denied summary judgment as to Plaintiffs' §20(a) claim.

On March 21, 2011, all remaining defendants moved for summary judgment on Plaintiffs' §10(b) claim. The Court denied Defendants' motion for summary judgment on July 25, 2011.

Throughout the course of the Litigation, the parties engaged the services of Judge Daniel Weinstein (Ret.), a nationally recognized mediator. The parties engaged in several in-person mediation sessions with Judge Weinstein during 2010 and 2011 and numerous telephonic exchanges regarding a potential settlement of the Litigation. Pursuant to an Order issued by Judge St. Eve, the parties engaged in another mediation with Judge Weinstein in New York City on December 14, 2011. While the parties were unable to reach a resolution of the Litigation during the December 14, 2011 mediation, Judge Weinstein thereafter issued a mediator's proposal to settle the Litigation for $200,000,000.00. The parties accepted Judge Weinstein's mediator's proposal to settle the Litigation for that amount subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## IX. CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## X. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage, that the prices of Motorola publicly traded securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## XI. TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.gilardi.com, for a full statement of its provisions.

The settlement consists of the aggregate principal amount of Two Hundred Million Dollars ($200,000,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' and Plaintiffs' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, according to the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim and Release forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII. THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1. You may file a Proof of Claim and Release form as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2. If you purchased or otherwise acquired Motorola publicly traded securities and you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be postmarked on or before April 2, 2012. You must set forth: (a) your name, address, and telephone number; (b) in the case of Motorola Notes, CUSIP number and face amount of Notes purchased or acquired and sold during the Class Period and the dates and prices of such purchase(s), acquisition(s), and/or sale(s); (c) in the case of Motorola common stock, the number of shares of Motorola common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s), and/or sale(s); and (d) that you wish to be excluded from the Class. The exclusion request should be addressed as follows:

*Motorola Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class: (a) you are excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you are not bound by any judgment entered in the Litigation, and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3. If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim and Release form.

4. You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5. You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVIII below.

6. If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before April 2, 2012, and must serve copies of such appearance on the attorneys listed in Section XVIII below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Plaintiffs' Lead Counsel: Robbins Geller Rudman & Dowd LLP, Keith F. Park and Tor Gronborg, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## XIII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim and Release form under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Motorola publicly traded securities during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damage expert who concluded that only the Motorola securities described below were damaged by the matters alleged by the Plaintiffs in this Litigation and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

### A. Common Stock

The allocation below for common stock is based on market adjusted price declines as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount:

1. For shares of Motorola common stock purchased, or acquired, on or between July 19, 2006 through November 6, 2006, the claim per share is as follows:

(a) If sold prior to November 7, 2006, the claim per share is zero.

(b) If sold on or between November 7, 2006 through January 4, 2007, the claim per share is the lesser of: (i) $1.07 (November 7, 2006 Price Decline); or (ii) the difference between the purchase price and the sales price.

(c) If sold on or between January 5, 2007 through March 21, 2007, the claim per share is the lesser of: (i) $2.43 (November 7, 2006 and January 5, 2007 Price Declines); or (ii) the difference between the purchase price and the sales price.

(d) If retained at the end of March 21, 2007 and sold on or before June 18, 2007, the claim per share is the least of: (i) $3.63 (November 7, 2006, January 5, 2007, and March 22, 2007 Price Declines); or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(e) If retained on June 19, 2007, the claim per share is the lesser of: (i) $3.63 (November 7, 2006, January 5, 2007, and March 22, 2007 Price Declines); or (ii) the difference between the purchase price per share and $17.98 per share.

2. For shares of Motorola common stock purchased, or acquired, on or between November 7, 2006 through January 4, 2007, the claim per share is as follows:

(a) If sold prior to January 5, 2007, the claim per share is zero.

(b) If sold on or between January 5, 2007 through March 21, 2007, the claim per share is the lesser of: (i) $1.36 (January 5, 2007 Price Decline); or (ii) the difference between the purchase price and the sales price.

(c) If retained at the end of March 21, 2007 and sold on or before June 18, 2007, the claim per share is the least of: (i) $2.56 (January 5, 2007 and March 22, 2007 Price Declines); or (ii) the difference between the purchase price and the sales price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(d) If retained on June 19, 2007, the claim per share shall is the lesser of: (i) $2.56 (January 5, 2007 and March 22, 2007 Price Declines); or (ii) the difference between the purchase price per share and $17.98 per share.

**PSLRA NINETY-DAY LOOK-BACK TABLE**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 22-Mar-07 | $17.50 | $17.50 | 7-May-07 | $18.08 | $17.75 |
| 23-Mar-07 | $17.75 | $17.63 | 8-May-07 | $17.70 | $17.75 |
| 26-Mar-07 | $17.91 | $17.72 | 9-May-07 | $17.90 | $17.76 |
| 27-Mar-07 | $17.77 | $17.73 | 10-May-07 | $17.95 | $17.76 |
| 28-Mar-07 | $17.73 | $17.73 | 11-May-07 | $18.32 | $17.78 |
| 29-Mar-07 | $17.71 | $17.73 | 14-May-07 | $18.16 | $17.79 |
| 30-Mar-07 | $17.67 | $17.72 | 15-May-07 | $17.92 | $17.79 |
| 2-Apr-07 | $17.56 | $17.70 | 16-May-07 | $18.22 | $17.80 |
| 3-Apr-07 | $17.67 | $17.70 | 17-May-07 | $18.60 | $17.82 |
| 4-Apr-07 | $17.72 | $17.70 | 18-May-07 | $18.79 | $17.85 |
| 5-Apr-07 | $17.59 | $17.69 | 21-May-07 | $18.90 | $17.87 |
| 9-Apr-07 | $17.65 | $17.69 | 22-May-07 | $18.92 | $17.89 |
| 10-Apr-07 | $17.68 | $17.69 | 23-May-07 | $18.68 | $17.91 |
| 11-Apr-07 | $17.49 | $17.67 | 24-May-07 | $18.26 | $17.92 |
| 12-Apr-07 | $17.52 | $17.66 | 25-May-07 | $18.39 | $17.93 |
| 13-Apr-07 | $17.74 | $17.67 | 29-May-07 | $18.30 | $17.94 |
| 16-Apr-07 | $17.82 | $17.68 | 30-May-07 | $18.28 | $17.95 |
| 17-Apr-07 | $17.95 | $17.69 | 31-May-07 | $18.19 | $17.95 |
| 18-Apr-07 | $18.22 | $17.72 | 1-Jun-07 | $18.36 | $17.96 |
| 19-Apr-07 | $18.08 | $17.74 | 4-Jun-07 | $18.30 | $17.97 |
| 20-Apr-07 | $18.21 | $17.76 | 5-Jun-07 | $18.31 | $17.97 |
| 23-Apr-07 | $17.89 | $17.77 | 6-Jun-07 | $18.13 | $17.97 |
| 24-Apr-07 | $17.64 | $17.76 | 7-Jun-07 | $17.69 | $17.97 |
| 25-Apr-07 | $17.91 | $17.77 | 8-Jun-07 | $17.89 | $17.97 |
| 26-Apr-07 | $17.90 | $17.77 | 11-Jun-07 | $17.81 | $17.97 |
| 27-Apr-07 | $17.57 | $17.76 | 12-Jun-07 | $17.77 | $17.96 |
| 30-Apr-07 | $17.33 | $17.75 | 13-Jun-07 | $18.07 | $17.96 |
| 1-May-07 | $17.46 | $17.74 | 14-Jun-07 | $18.27 | $17.97 |
| 2-May-07 | $17.56 | $17.73 | 15-Jun-07 | $18.35 | $17.98 |
| 3-May-07 | $17.73 | $17.73 | 18-Jun-07 | $18.13 | $17.98 |
| 4-May-07 | $18.08 | $17.74 | 19-Jun-07 | $18.08 | $17.98 |

**B. 7.5% Notes due 5/15/25 (CUSIP: 620076AH2)**

For Motorola 7.5% Notes due 5/15/25 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per note shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the lesser of: (i) $9.80; or (ii) the difference between the purchase price and $1,105.00.

**C. 6.5% Notes due 11/15/28 (CUSIP: 620076AP4)**

For Motorola 6.5% Notes due 11/15/28 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per note shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the lesser of: (i) $10.00; or (ii) the difference between the purchase price and $1,010.00.

**D. 6.5% Notes due 9/1/25 (CUSIP: 620076AK5)**

For Motorola 6.5% Notes due 9/1/25 purchased, or acquired, on or between July 19, 2006 through January 4, 2007, the claim per note shall be as follows:

(a) If sold prior to March 22, 2007, the claim per note is zero.

(b) If retained at the end of March 21, 2007, the claim per unit of note is the lesser of: (i) $9.50; or (ii) the difference between the purchase price and $1,010.00.

Note: The distribution for Note claims shall not exceed 2% of the Net Settlement Fund.

The date of purchase or acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Motorola publicly traded securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Motorola publicly traded securities during the Class Period will be matched, in chronological order, first against the same type of Motorola publicly traded securities (*i.e.*, common stock or the same issuance of Note) held at the beginning of the Class Period. The remaining sales of the same type of Motorola publicly traded securities during the Class Period will then be matched, in chronological order, against the same type of Motorola publicly traded securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Motorola publicly traded securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of a security which have been matched against the same type of security held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, any claims administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## XIV. PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before May 28, 2012, and delivered to the Claims Administrator at the address set forth in Section XIX below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 27.5% of the Settlement Fund, plus expenses not to exceed $4,950,000, plus interest thereon. In addition, each of the Plaintiffs may seek up to $7,500 in expenses (including lost wages) it incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Class, nor have counsel been paid their expenses. The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by each of the Plaintiffs.

## XVII. CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of December 18, 2011. In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is ***received*** on or before April 2, 2012, by each of the following:

***To the Court:***

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

***To Lead Counsel for Plaintiffs:***

ROBBINS GELLER RUDMAN & DOWD LLP
KEITH F. PARK
655 West Broadway, Suite 1900
San Diego, CA 92101

***To Counsel for Defendants:***

KIRKLAND & ELLIS LLP
ANNE M. SIDRYS
300 North LaSalle St.
Chicago, IL 60654

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number and type of Motorola publicly traded securities purchased or acquired and sold during the Class Period and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIX. SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Nominees who purchased or otherwise acquired the publicly traded securities of Motorola for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice, (1) IF YOU HAVE NOT ALREADY DONE SO IN CONNECTION WITH THE DISSEMINATION OF THE NOTICE OF PENDENCY OF CLASS ACTION DATED NOVEMBER 2, 2011, provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim and Release form by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim and Release form have been so forwarded. Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*Motorola Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

1-888-225-8997

## XX. EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. In addition, certain settlement related documents including the Stipulation of Settlement may be viewed at www.gilardi.com.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing to:

ROBBINS GELLER RUDMAN & DOWD LLP
TOR GRONBORG
655 West Broadway, Suite 1900
San Diego, CA 92101

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: February 16, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | No. 1:07-cv-04507<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge St. Eve<br>Magistrate Judge Mason |

## PROOF OF CLAIM AND RELEASE

### I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Silverman v. Motorola, Inc., et al.*, No. 1:07-cv-04507 (the "Litigation"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release form. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2. Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE MAY 28, 2012, ADDRESSED AS FOLLOWS:

*Motorola Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4. If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

### II. CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Motorola publicly traded securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired Motorola publicly traded securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Motorola publicly traded securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE MOTOROLA PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.



## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Motorola Publicly Traded Securities" to supply all required details of your transaction(s) in Motorola publicly traded securities listed in Part II. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions of Motorola common stock which took place at any time from July 19, 2006 to January 4, 2007, inclusive (the "Class Period"), and ***all*** of your sales of Motorola common stock which took place at any time between July 19, 2006 and June 19, 2007, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the Motorola common stock you held at the close of trading on July 18, 2006, January 4, 2007, and June 19, 2007. You must also provide ***all*** of the requested information with respect to purchases or acquisitions of Motorola's 7.5% Notes due 5/15/25, 6.5% Notes due 9/1/25, and 6.5% Notes due 11/15/28 at any time from July 19, 2006 to January 4, 2007, inclusive, ***all*** sales at any time from July 19, 2006 to March 21, 2007, inclusive, and any Notes retained at the close of trading on March 21, 2007. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Motorola common stock. The date of a "short sale" is deemed to be the date of sale of Motorola common stock.

Copies of broker confirmations or other documentation of your transactions in Motorola publicly traded securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-225-8997 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official Office Use Only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*Silverman v. Motorola, Inc., et al.*

No. 1:07-cv-04507

PROOF OF CLAIM AND RELEASE

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**Must Be Postmarked No Later Than May 28, 2012**

**MOTOROLA**

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other ________ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (if Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number — — or Taxpayer Identification Number —

Telephone Number (Work) — — Telephone Number (Home) — —

Email Address

MAILING INFORMATION

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

| For Claims Processing Only | OB | CB | ○ ATP ○ KE | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | / / | For Claims Processing Only |
|---|---|---|---|---|---|---|---|---|



## PART II - SCHEDULE OF TRANSACTIONS IN MOTOROLA PUBLICLY TRADED SECURITIES

### MOTOROLA COMMON STOCK

A. Number of shares of Motorola common stock held at the close of trading on July 18, 2006: ☐☐☐☐☐☐☐☐ Proof Enclosed? ◯ Y ◯ N

B. Purchases or acquisitions of Motorola common stock (July 19, 2006 – January 4, 2007, inclusive):

PURCHASES

| | Trade Date(s) of Shares (List Chronologically) MM/DD/YYYY | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 2. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 3. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 4. | __/__/____ | | $ .00 | ◯ Y ◯ N |

IMPORTANT: (i) If any purchase listed covered a "short sale", please mark Yes: ◯ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

MM/DD/YYYY: __/__/____ Merger Shares: ☐☐☐☐☐☐☐☐ Company: ____________

C. Sales of Motorola common stock (July 19, 2006 – June 19, 2007, inclusive):

SALES

| | Trade Date(s) of Shares (List Chronologically) MM/DD/YYYY | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sale Enclosed? |
|---|---|---|---|---|
| 1. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 2. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 3. | __/__/____ | | $ .00 | ◯ Y ◯ N |
| 4. | __/__/____ | | $ .00 | ◯ Y ◯ N |

D. Number of shares of Motorola common stock held at the close of trading on January 4, 2007: ☐☐☐☐☐☐☐☐ Proof Enclosed? ◯ Y ◯ N

E. Number of shares of Motorola common stock held at the close of trading on June 19, 2007: ☐☐☐☐☐☐☐☐ Proof Enclosed? ◯ Y ◯ N

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



PART II. SCHEDULE OF TRANSACTIONS IN MOTOROLA PUBLICLY TRADED SECURITIES (CONTINUED)

**MOTOROLA NOTES**

SECURITY TYPE:

B: 7.5% NOTES DUE 5/15/25 (CUSIP 620076AH2)

C: 6.5% NOTES DUE 9/1/25 (CUSIP 620076AK5)

D: 6.5% NOTES DUE 11/15/28 (CUSIP 620076AP4)

A. Purchases or acquisitions of Motorola Notes (July 19, 2006 – January 4, 2007, inclusive):

PURCHASES

| | Security Type | Trade Date(s) of Shares/ Units (List Chronologically) MM/DD/YY | Number of Shares/Units Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| 1. | | / / | | $ .00 | Y N |
| 2. | | / / | | $ .00 | Y N |
| 3. | | / / | | $ .00 | Y N |
| 4. | | / / | | $ .00 | Y N |
| 5. | | / / | | $ .00 | Y N |

B. Sales of Motorola Notes (July 19, 2006 – March 21, 2007, inclusive):

SALES

| | Security Type | Trade Date(s) of Shares/ Units (List Chronologically) MM/DD/YY | Number of Shares/Units Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sale Enclosed? |
|---|---|---|---|---|---|
| 1. | | / / | | $ .00 | Y N |
| 2. | | / / | | $ .00 | Y N |
| 3. | | / / | | $ .00 | Y N |
| 4. | | / / | | $ .00 | Y N |
| 5. | | / / | | $ .00 | Y N |

C. Number and type of Motorola Notes held at the close of trading on March 21, 2007:

| Security Type | | Proof Enclosed? |
|---|---|---|
| | | Y N |

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Motorola securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Motorola publicly traded securities during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

2. "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined above) arising out of or based upon the purchase or other acquisition of Motorola publicly traded securities during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined below.

3. "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Motorola publicly traded securities which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.



I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this ______________ day of ________________________ in ________________________________________
(Month/Year) (City/State/Country)

| | |
|---|---|
| ________________________________ | ________________________________ |
| (Sign your name here) | (Sign your name here) |
| ________________________________ | ________________________________ |
| (Type or print your name here) | (Type or print your name here) |
| ________________________________ | ________________________________ |
| (Capacity of person(s) signing, e.g., Beneficial Purchaser or Acquirer, Executor or Administrator) | (Capacity of person(s) signing, e.g., Beneficial Purchaser or Acquirer, Executor or Administrator) |

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.



THIS PAGE INTENTIONALLY LEFT BLANK

# EXHIBIT C

Gilardi
& Co LLC
3301 Kerner Blvd.
San Rafael, CA 94901
P: (415) 461-0410
F: (415) 461-0412

February 28, 2012

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Motorola Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Proposed Settlement of Class Action and Proof of Claim and Release for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired the publicly traded securities of Motorola, Inc. during the period from July 19, 2006 through January 4, 2007, inclusive. In addition, **the Notice provides that the Exclusion Deadline is April 2, 2012, and that the Claim Filing Deadline is May 28, 2012.**

Please pay particular attention to the "Special Notice to Banks, Brokers, and Other Nominees" on page eight of the Notice. Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

**A Notice of Pendency of Class Action in this matter was mailed in December, 2011. If you provided us with names and addresses at that time, you do not need to do so again as they were included in our updated mailing list.**

If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact Matt Markham at (415) 458-3015 to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:

- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. Please refer to the attached file format guidelines to ensure your data is processed without delays.

If you have any questions, please call Matt Markham at (415) 458-3015.

Sincerely,

Gilardi & Co. LLC

# ASCII Fixed Length – File Submission Guidelines

In the interest of ensuring the highest degree of data integrity, the preferred file format for all data submission is the ASCII Fixed Length or ASCII Tab Delimited file format, in the following layout.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Length | arting Position | nding Position | Type | Description |
|---|---|---|---|---|---|
| First Name | 30 | 1 | 30 | Character | Primary account holder first name |
| Last Name | 30 | 31 | 60 | Character | Primary account holder last name |
| Name2 | 30 | 61 | 90 | Character | Secondary name(s) |
| Name3 | 30 | 91 | 120 | Character | Secondary name(s) |
| Name4 | 30 | 121 | 150 | Character | Secondary name(s) |
| Address 1 | 30 | 151 | 180 | Character | First address line |
| Address 2 | 30 | 181 | 210 | Character | Second address line |
| City | 30 | 211 | 240 | Character | |
| State | 2 | 241 | 242 | Character | |
| Zip Code | 5 | 243 | 247 | Character | |
| Foreign Province | 30 | 248 | 277 | Character | |
| Foreign Zip Code | 10 | 278 | 287 | Character | |
| Foreign Country | 30 | 288 | 317 | Character | |
| E-mail Address | 75 | 318 | 392 | Character | |
| CUSIP | 15 | 393 | 407 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## ASCII Tab Delimited – File Submission Guidelines

| Field | Length | Type | Description |
|---|---|---|---|
| First Name | 30 | Character | Primary account holder first name |
| Last Name | 30 | Character | Primary account holder last name |
| Name2 | 30 | Character | Secondary name(s) |
| Name3 | 30 | Character | Secondary name(s) |
| Name4 | 30 | Character | Secondary name(s) |
| Address 1 | 30 | Character | First address line |
| Address 2 | 30 | Character | Second address line |
| City | 30 | Character | |
| State | 2 | Character | |
| Zip Code | 5 | Character | |
| Foreign Province | 30 | Character | |
| Foreign Zip Code | 10 | Character | |
| Foreign Country | 30 | Character | |
| E-mail Address | 75 | Character | |
| CUSIP | 15 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## Microsoft Excel - File Submission Guidelines

Please only use Microsoft Excel file format if submitting data in ASCII Fixed Length or ASCII Tab Delimited file formats is not feasible. However, if your data exceeds 65,536 rows (the maximum Excel page limit), then an ASCII Fixed Length or ASCII tab delimited file is required.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Cell Format | Maximum Length | Description |
|---|---|---|---|
| First Name | Text | 30 | Primary account holder first name |
| Last Name | Text | 30 | Primary account holder last name |
| Name2 | Text | 30 | Secondary name(s) |
| Name3 | Text | 30 | Secondary name(s) |
| Name4 | Text | 30 | Secondary name(s) |
| Address 1 | Text | 30 | First address line |
| Address 2 | Text | 30 | Second address line |
| City | Text | 30 | |
| State | Text | 2 | |
| Zip Code | Text | 5 | |
| Foreign Province | Text | 30 | |
| Foreign Zip Code | Text | 10 | |
| Foreign Country | Text | 30 | |
| E-mail Address | Text | 75 | |
| CUSIP | Text | 15 | CUSIP number of the security traded. |

## Sample File Screen Shot




| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | First Name | Last Name | Name2 | Name3 | Name4 | Address1 | Address2 | City | State | Zip Code | Foreign Province | Foreign Zip Code | Foreign Country | E-mail Address | CUSIP |
| 2 | Bob C | Billy | c/o Acme Inc | | | 1234 Main Street | | San Francisco | Ca | 91234 | | | | bbilly@xyz.com | 26816Q101 |
| 3 | Johnny | Doe | Doe Family Trust | c/o Trading Co | | 999 Front Street | Suite 500 | San Jose | Ca | 94321 | | | | doe@abc.com | 26816Q101 |
| 4 | John | Smith IRA | | | | 9876 Main Blvd. | | Edmonton | | | Alberta | T6R 2J7 | Canada | jsmith@xyz.com | 26816Q101 |
| 5 | Mary | Smith | Sam Smith | Smith Family Trust | | 158 Sternstrasse | | Hamburg | | | | 22609 | Germany | mssmith@abc.com | 26816Q101 |
| 6 | | | | | | | | | | | | | | | |
| 7 | | | | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | | | | |
| 10 | | | | | | | | | | | | | | | |

# EXHIBIT D

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

| | |
|---|---|
| Name of Publication: | Investor's Business Daily |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, **Stephan Johnson**, for the publisher of **Investor's Business Daily,** published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice(s) for **Gilardi & Co. LLC** was printed in said publication on the following date(s):

**March 2nd, 2012: MOTOROLA SECURITIES LITIGATION (SECOND NOTICE)**

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 2nd day of March, 2012, by Stephan Johnson, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature Richard C. Brand II (Seal)



Case: 1:07-cv-04507 Document #: 462-1 Filed: 03/19/12 Page 26 of 29 PageID #:24425



# Construction Trends Benefit Leasing Group

IBD INDUSTRY THEMES

BY ALAN R. ELLIOTT
INVESTOR'S BUSINESS DAILY

The leasing industry has seen some volatile action this week, but its status as the No. 3-ranked industry in IBD's 197 groups has held firm.

The Census Bureau reported that construction spending — a crucial metric to several stocks in the group — dipped in January, capping five straight monthly gains. But the 0.1% slip was far from dire.

Spending on residential construction rose 5% for the month, the Census Bureau reported. Nonresidential spending jumped 8%. Spending on power-industry projects surged 24%. Manufacturing-related projects vaulted 38%.

The downside came from transportation spending — a $35 billion piece of the pie — which dropped 7%. Publicly funded residential spending, a smaller category at $7 billion, shrunk 28%.

A hint of Q4 construction activity came from equipment rental firm **H&E Equipment**. Its thinly traded shares surged Thursday after its fourth-quarter results soared past analysts' expectations.

The beat hinged largely on an upswing in construction activity, particularly in energy-related construction.

"Activity related to the oil and gas industries, where we are heavily embedded, greatly increased," said President and Chief Executive John Engquist in a statement.

Also in IBD's Commercial Services-Leasing group is construction and industrial rental firm **United Rentals**, which beat Q4 earnings expectations by 39%, turning in a 413% gain when it reported Jan. 25.

Management forecast the industry was in an "emerging upcycle."

Another construction-wares rental outfit, **RSC Holding**, is being acquired by United Rental.

H&E Equipment broke out of a handle Thursday, but its base was quite deep. United Rentals is well extended after clearing its own deep pattern in January.

**Tal International** is a shipping container leasing operation with a Composite Rating of 97.

It gapped down 7% Wednesday in heavy trading after announcing an offering of shares currently held by three different funds.

The stock recovered a bit Thursday. It was trading above the 35.01 buy point in a cup-with-handle base late in the session.

# Sector Leaders Mostly Gain; Retailers Run Up

RESEARCH TABLE REVIEW

BY VINCENT MAO
INVESTOR'S BUSINESS DAILY

Sector leaders were mostly higher Thursday. A number of retail names showed strength, thanks to strong same-store sales figures by many of the nation's retailers.

Recent new issue **Michael Kors** ramped up to an all-time high. It added 2.48, or 6%, to 45.73 in nearly double its average volume. The stock has been on a huge tear, rarely taking a breather.

It has nearly doubled since coming public in December. But the stock didn't form a valid IPO base before blasting higher.

**Steven Madden** stepped up 1.80, or 4%, to a new high of 44.98. It's now 14% past a 39.52 buy point from a cup base within a larger pattern. Volume swelled to more than double its average pace Thursday.

Big volume returned to **Lululemon Athletica** Thursday after Stifel Nicolaus raised the yoga apparel firm's price target to 77 and also boosted its earnings estimates. The stock rallied 3.84, or 6%, to a new high of 70.86. Turnover climbed 44% above average, marking the busiest day since Jan. 11.

Lululemon Athletica cleared a 62.78 buy point from a cup-with-handle base Jan. 25 in weak volume. Despite this, it's now 13% past that buy point.

**Chipotle Mexican Grill** rose 3.88 to 394.10. That's good for an all-time high. It's now 15% past a 341.38 buy point from a cup-with-handle base. Volume, however, was again below average. Turnover has been soft on most up days since early February.

The stock has carved out a strong uptrend since breaking out in late December. It's on pace for an 11th straight weekly gain.

**Priceline.com** erased all of Wednesday's losses and rose 10.30 to fresh multiyear closing high of 637.32 in slightly above-average volume.

Like many leaders, Priceline.com is extended. The stock closed 16% past a 549.10 cup-with-handle buy point cleared February 13 in heavy turnover.

**InvenSense** pared most of its losses, but still fell 0.18 to 15.51 for its fifth straight loss.

The stock was off by more than 6% at its worst level of the session. InvenSense trimmed losses after nearly hitting its 50-day moving average. The stock closed 30% past an 11.95 buy point.

# Quality's Base Adds Handle; RS Line Lags

THE INCOME INVESTOR

BY PAUL WHITFIELD
INVESTOR'S BUSINESS DAILY

One reason IBD takes a dim view of the buy-and-hold approach to income investing is because we live in a radically changing world.

You can't count on anything staying the same for very long.

Taking income out of profits generated by elite stocks makes more sense than counting on the world to remain stable year after year.

On Thursday, Federal Reserve chief Ben Bernanke reminded everybody of that reality. He pointed out that the U.S. is headed toward "a massive fiscal cliff."

The market, though, is the ultimate reality and timing gauge. It can price in a train wreck before it occurs, but it also can sing and dance profitably on the tracks before and after the wreck.

**Quality Systems** is one of the potential winners in the federal government's winner-picking policies. Obama's health care law marks $20 billion to fund the automation of medical records.

That's expected to help companies such as Quality Systems, but what if the Supreme Court or the November presidential election leads to the unwinding of ObamaCare?

Investors need to be aware of that risk, and that the market will eventually price in the outcome.

After growing earnings 30% or more each fiscal year from 2000 to 2007, Quality Systems lost momentum in the recession. EPS growth decelerated from 40% in fiscal 2007 to 18%, 15% and 4% in 2008-10.

The fiscal year ends in March.

Last fiscal year, though, EPS grew 26% and the Street expects 34% this fiscal year. The five-year Earnings Stability Factor is 7 on a scale from 0 (calm) to 99 (erratic).

Return on equity is 30%, well above the 17% minimum associated with top stocks. The Composite Rating is 87, putting it above about seven of every eight stocks.

In October, the stock began shaping a cup base. The base was 35% deep vs. the Nasdaq's 20% correction, acceptable for a stock with a growthy history.

The base shows several weeks of net accumulation. Recently, Quality sketched a handle with a potential buy point at 45.10.

One concern is the RS line, which is well off its September high.

The annual dividend yield is 1.6%.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, Plaintiff,
vs.
MOTOROLA, INC., et al., Defendants.

No. 1:07-cv-04507 (Consolidated)
CLASS ACTION
Judge St. Eve
Magistrate Judge Mason

SUMMARY NOTICE

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MOTOROLA, INC. ("MOTOROLA") FROM JULY 19, 2006 THROUGH JANUARY 4, 2007, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on May 9, 2012, at 8:30 a.m., before the Honorable Amy J. St. Eve, at the United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $200,000,000.00, plus accrued interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Plaintiffs' expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED ANY OF THE PUBLICLY TRADED SECURITIES OF MOTOROLA DURING THE PERIOD FROM JULY 19, 2006 TO JANUARY 4, 2007, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Motorola Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release ***postmarked no later than May 18, 2012***, establishing that you are entitled to recovery.

If you purchased or otherwise acquired Motorola publicly traded securities and you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than April 2, 2012, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be received, not simply postmarked, by each of the following recipients ***no later than April 2, 2012***:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN
UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

Lead Counsel for Plaintiffs:
ROBBINS GELLER RUDMAN & DOWD LLP
KEITH F. PARK
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Defendants:
KIRKLAND & ELLIS LLP
ANNE M. SIDRYS
300 North LaSalle St.
Chicago, IL 60654

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the settlement, you may contact Lead Counsel at the address listed above.

DATED: FEBRUARY 16, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Tune in to IBD's New Weekly Radio Show!



**Listen Live**
Saturdays at 4:00PM (PST)
On Air: KRLA 870AM (Southern California)
Online: www.KRLA870.com (Everywhere)
Mobile Devices: (Apps can be downloaded for free)



**Listen Later**
• Investors.com/KRLAradio
• iTunes

Have a question for the hosts?
Email us at: **radioshow@investors.com**

INVESTOR'S BUSINESS DAILY | INVESTORS.com

©2012 Investor's Business Daily, Inc. Investor's Business Daily, IBD, CAN SLIM and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc.


# NYSE + NASDAQ RESEARCH TABLES

We sort IBD's unique tables by sector strength, a factor for winning stocks. Firms with exceptional earnings, sales and ROE are at the top of a sector. Research these Sector Leaders at Investors.com

Run a Stock Checkup and analyze an IBD Chart to determine a proper buy point. Read archived stories to understand their business and advantages. In rising markets, many Sector Leaders have outperformed the general market, as recent examples show.

**BAIDU**

The top Chinese search company has rocketed as much as 350% since its debut among the Sector Leaders. The stock has offered multiple buy points during its long run, which is why you should add most Sector Leaders to your watch list.




**GRAND CANYON EDUCATION**

The for-profit educator was extended when it first appeared in March 2010. The stock did not offer a buy point before it broke through its 10-week average in heavy volume two months later.






IBD Composite Rating / Earnings Per Share Growth Rating / Relative Price Strength Rating / Sales+Profit Margins+ROE / Accumulation/Distribution (3 mos)

Common stocks above $10 for Thursday, March 1, 2012

## 1. AUTO | +1.6% Daily Change | +22.46% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Dividend % Yield | Stock Symbol | Close Price | Chg | Vol% Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | 24 | 88 | .. | B | 13.9 | AmerAxle | | AXL | 11.85 | +0.46 | -31 | 2.8m | 5o |
| 36 | 17 | 35 | B | D+ | 18.2 | Amerigon | | ARGN | 15.00 | +0.28 | -35 | 115 | 32 |
| 59 | 20 | 77 | B | B | 81.2 | Autoliv | 2.8 | ALV | 68.03 | +1.43 | -7 | 624 | 10o |
| 92 | 71 | 85 | B | A- | NH | BorgWrn | | BWA | 84.19 | +1.35 | -11 | 1.2m | 18o |
| 38 | 48 | 19 | B | C+ | 33.5 | ChinYuch | 3.0 | CYD | 16.52 | -0.35 | -20 | 61 | 4o |
| 89 | 83 | 75 | D | A- | 19.0 | CmrdVeh | | CVGI | 12.31 | +0.22 | -26 | 146 | 18o |
| 26 | 7 | 55 | B | C+ | 27.7 | CoopT&R | 2.5 | CTB | 16.69 | +0.09 | +13 | 720 | 14o |
| 99 | 93 | 89 | A | B+ | 124 | Cummins | 1.3 | CMI | 121.7 | +1.08 | -40 | 1.5m | 13o |
| 85 | 80 | 81 | C | B | 19.4 | DanaHld | 1.2 | DAN | 16.33 | +0.33 | -33 | 1.8m | 9o |
| 91 | 72 | 97 | B | A- | 33.0 | DelphiAuto | | DLPH | 32.00 | .. | +80 | 2.6m | 9o |
| 99 | 94 | 92 | A | A | 48.1 | Dorman | | DORM | 46.08 | +0.67 | +4 | 35 | 15 |
| 41 | 88 | 16 | B | D | 16.7 | DougDyn | 6.3 | PLOW | 13.05 | +0.05 | +4 | 132 | 14k |
| 52 | 60 | 32 | C | B- | 27.2 | FedMogul | | FDML | 17.44 | +0.23 | +35 | 158 | 8o |
| 42 | 14 | 55 | B | B- | 16.2 | FordMo | 1.6 | F | 12.66 | +0.28 | +33 | 68m | 6o |
| 43 | 11 | 59 | B | B+ | 33.8 | GenerlMtrs | | GM | 26.47 | +0.45 | -26 | 8.9m | 5o |
| 47 | 63 | 12 | A | C | 32.2 | Gentex | 2.1 | GNTX | 24.30 | +0.65 | +379 | 6.8m | 21o |
| 20 | 26 | 19 | B | C | 18.8 | Goodyear | | GT | 12.86 | .. | -5 | 5.2m | 5o |
| 40 | 5 | 69 | D | B | 44.0 | HondaM | 1.8 | HMC | 32.44 | +0.32 | -6 | 667 | 29o |
| 39 | 60 | 29 | B | D- | 42.9 | JohnsnCt | 2.2 | JCI | 33.41 | +0.78 | -38 | 8.1m | 13o |
| 38 | 26 | 42 | B | B- | 54.9 | LearCorp | 1.2 | rLEA | 46.36 | +1.15 | -10 | 1.3m | 8o |
| 76 | 37 | 88 | B | A- | 54.4 | MagnaI | 2.3 | MGA | 48.87 | +1.29 | +77 | 2.1m | 10o |
| 64 | 75 | 26 | B | C- | 21.3 | MillerI | 3.0 | rMLR | 15.97 | +0.13 | +60 | 33 | 8o |
| 13 | 44 | 9 | D | D | 17.9 | Modine | | MOD | 9.13 | +0.05 | -35 | 227 | 16o |
| 38 | 63 | 17 | .. | B | 71.5 | Navistar | | rNAV | 41.76 | -0.02 | -4 | 1.6m | 7o |
| 24 | 3 | 32 | D | B- | 36.7 | OshkoshCp | | OSK | 23.30 | -0.01 | -21 | 762 | 9o |
| 90 | 73 | 63 | B | B- | 54.5 | Paccar | 1.6 | rPCAR | 45.03 | +0.02 | -46 | 1.7m | 16o |
| 90 | 65 | 98 | C | B | 25.9 | StdrdMtr | 1.5 | rSMP | 24.64 | +1.92 | +86 | 290 | 16o |
| 34 | 21 | 33 | B | B | 26.3 | SuperrIn | 3.5 | SUP | 18.69 | +0.01 | -14 | 35 | 10o |
| 55 | 27 | 67 | B | B | 60.4 | TRWAuto | | TRW | 45.48 | -0.26 | -24 | 1.7m | 6o |
| 91 | 27 | 96 | A | A+ | 29.1 | TataMot | 1.5 | TTM | 27.75 | +0.45 | -6 | 2.1m | 8o |
| 77 | 79 | 83 | .. | A- | 46.8 | Tenneco | | rTEN | 38.75 | +0.25 | -45 | 610 | 14o |
| 51 | 3 | 89 | D | B | 35.0 | Tesla | | TSLA | 34.41 | +1.00 | -38 | 703 | ..o |
| 71 | 83 | 66 | C | C+ | 31.4 | TitanInt | .1 | TWI | 24.63 | -0.01 | -29 | 415 | 16o |
| 47 | 83 | 35 | .. | B | 18.3 | TowerIntl | | TOWR | 12.50 | -0.24 | -31 | 39 | 10 |
| 54 | 17 | 74 | E | A | 93.9 | Toyota | 1.4 | TM | 83.07 | +0.36 | 0 | 546 | 53o |
| 32 | 34 | 24 | B | B- | 75.9 | VisteonCorp | | VC | 55.52 | +1.80 | +63 | 625 | 36o |
| 88 | 76 | 83 | A | B+ | 75.0 | WABCOn | | rWBC | 60.82 | +1.33 | -49 | 322 | 12o |
| 74 | 14 | 99 | D | B- | 47.4 | WstptInn | | WPRT | 42.85 | +2.38 | +28 | 2.1m | ..o |

## 2. COMPUTER | +1.0% Daily Change | +25.25% Since Jan. 1

SECTOR LEADERS

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Dividend % Yield | Stock Symbol | Close Price | Chg | Vol% Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | 99 | 97 | A | A+ | NH | AppleInc | | AAPL | 544.5 | +2.03 | +60 | 24m | 15o |

KEY DATA: EPS 3 Q Avg 97%, LQ 116%, Next Q 47%, Sales 3Q Avg 69%, LQ 73%, Next Yr EPS 54%, Pretax 28%, ROE 42%, EPS due 04/20

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Dividend % Yield | Stock Symbol | Close Price | Chg | Vol% Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 83 | 86 | B | B+ | 19.2► | AllotCm | | ALLT | 18.12 | +0.27 | -23 | 248 | 40o |
| 35 | 57 | 20 | D | C | 39.1 | BlackBox | 1.0 | BBOX | 26.89 | -0.03 | +46 | 89 | 8 |
| 54 | 59 | 32 | C | B- | 50.0 | Canon | 3.1 | CAJ | 45.84 | +0.50 | +8 | 349 | 17o |
| 15 | 15 | 9 | .. | B- | 21.1 | Carbonite | | CARB | 9.52 | -0.17 | +23 | 139 | .. |
| 92 | 76 | 76 | A | B- | 20.5 | Cisco | 1.6 | CSCO | 19.89 | .. | +1 | 43m | 11o |
| 81 | 67 | 72 | C | B- | 18.4 | DellInc | | rDELL | 17.38 | +0.08 | -20 | 14m | 8o |
| 77 | 73 | 89 | C | A- | 39.7 | Diebold | 2.9 | DBD | 38.69 | -0.44 | +37 | 617 | 14o |
| 26 | 25 | 26 | D | D+ | 15.4 | DigitInt | | DGII | 10.91 | -0.33 | +2 | 97 | 29o |
| 97 | 92 | 80 | A | B+ | 28.7 | EMC | | rEMC | 28.28 | +0.59 | -8 | 24m | 12o |
| 71 | 55 | 56 | C | B | 19.2 | Electmag | | rEFII | 15.91 | -0.05 | -24 | 138 | 14o |
| 94 | 63 | 93 | B | A | NH | EZchip | | EZCH | 41.44 | +1.02 | -6 | 251 | 38o |
| 94 | 83 | 81 | B | B | 41.7► | Fusion-Io | | FIO | 29.70 | +2.40 | +309 | 11m | 76o |
| 22 | 49 | 10 | C | E | 43.9 | HewlttPk | 1.9 | rHPQ | 25.25 | -0.06 | +55 | 25m | 5o |
| 30 | 42 | 13 | B | C- | 45.0 | JnprNtwk | | JNPR | 22.29 | -0.47 | +42 | 15m | 18o |
| 74 | 45 | 77 | B | B- | 38.7 | Lexmark | 2.7 | LXK | 36.96 | +0.08 | -3 | 847 | 7o |
| 46 | 79 | 22 | C | B+ | 21.9 | MrcryCpt | | MRCY | 14.41 | +0.04 | -46 | 100 | 19o |
| 76 | 87 | 63 | A | B- | 53.5 | MicrosSys | | MCRS | 52.28 | +0.35 | -17 | 267 | 25o |
| 88 | 81 | 85 | B | A- | 22.1 | NCR | | NCR | 21.46 | -0.26 | +82 | 2.4m | 11o |
| 24 | 33 | 30 | B | D | 33.2 | NatInstr | 2.1 | NATI | 26.65 | +0.05 | -41 | 203 | 24o |
| 83 | 83 | 42 | A | B- | 56.5 | NetApp | | rNTAP | 43.31 | +0.31 | -42 | 4.2m | 18o |
| 93 | 89 | 67 | A | C | 45.3 | Netgear | | NTGR | 38.08 | +0.51 | -18 | 363 | 13o |
| 51 | 87 | 45 | B | E | 36.5 | NICESys | | NICE | 34.92 | +0.73 | -30 | 154 | 16o |
| 53 | 90 | 18 | A | B | 118 | OpenTabl | | rOPEN | 47.63 | -0.87 | -19 | 975 | 37o |
| 25 | 56 | 14 | .. | B- | 26.4 | PitneyB | 8.2 | PBI | 16.21 | +0.08 | -17 | 2.4m | 7o |
| 83 | 94 | 30 | B | B+ | 34.3 | Polycom | | PLCM | 20.53 | -0.12 | -49 | 1.2m | 17o |
| 99 | 83 | 99 | C | A+ | 20.9 | ProceraNt | | PKT | 19.70 | +0.24 | -38 | 140 | 51o |
| 78 | 46 | 77 | B | E | 19.0 | Qlogic | | rQLGC | 17.43 | +0.24 | -10 | 899 | 12o |
| 94 | 68 | 75 | B | A- | 38.9 | Radware | | rRDWR | 32.69 | +0.40 | -12 | 106 | 24o |
| 42 | 61 | 3 | D | D | 16.4 | Rimage | 6.3 | rRIMG | 10.85 | -0.10 | +50 | 61 | 23x |
| 86 | 96 | 29 | A | B | 44.7 | Riverbed | | rRVBD | 29.27 | +0.80 | -8 | 3.6m | 32o |
| 92 | 48 | 99 | B | A- | 27.8 | Seagate | 3.7 | rSTX | 27.36 | +1.10 | -14 | 11m | 12o |
| 20 | 23 | 3 | B | D | 23.0 | SilicGrIn | | SGI | 9.78 | +0.09 | +41 | 1.2m | 32o |
| 79 | 54 | 81 | B | C+ | 19.3 | SuperMicn | | SMCI | 16.61 | +0.07 | -47 | 89 | 15o |
| 87 | 63 | 92 | B | B | 39.9 | Synaptics | | rSYNA | 37.26 | +0.51 | -20 | 380 | 15o |
| 98 | 95 | 92 | A | B+ | NH | Teradata | | rTDC | 67.02 | +0.47 | -40 | 996 | 28o |
| 92 | 93 | 93 | C | A | 41.9 | WestDigtl | | WDC | 39.86 | +0.61 | +10 | 4.0m | 9o |
| 47 | 61 | 22 | C | B | 11.0 | Xerox | 2.0 | XRX | 8.40 | +0.17 | -27 | 9.4m | 7o |
| 70 | 17 | 97 | D | A- | 17.5 | Xyratex | 1.6 | rXRTX | 16.66 | -0.46 | +11 | 298 | 12o |
| 70 | 78 | 35 | B | C- | 44.5 | ZebraTech | | rZBRA | 38.32 | -0.12 | +36 | 237 | 15o |

## 3. BUILDING | +0.4% Daily Change | +11.73% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Dividend % Yield | Stock Symbol | Close Price | Chg | Vol% Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 50 | 20 | B | C+ | 24.2 | AAON | 1.3 | AAON | 18.50 | -0.05 | -2 | 56 | 24k |
| 91 | 68 | 86 | B | B | 64.3 | Acuity | .8 | rAYI | 61.20 | -0.99 | +15 | 388 | 23 |
| 64 | 83 | 31 | C | C- | 29.0 | AecomTecn | | rACM | 23.61 | +0.26 | +62 | 1.2m | 10o |
| 58 | 77 | 18 | B | C+ | 42.7 | AMCOLI | 2.5 | ACO | 29.02 | -0.31 | -13 | 112 | 15o |
| 35 | 47 | 35 | E | D- | 22.5 | AWod | | AMWD | 14.80 | +0.59 | -30 | 24 | .. |
| 88 | 70 | 84 | E | B- | 15.1 | ApogeE | 2.4 | APOG | 13.06 | -0.19 | +37 | 130 | ..o |
| 64 | 21 | 97 | D | B | 17.6 | Argann | | AGX | 15.54 | +0.55 | -69 | 9 | 36 |
| 79 | 45 | 83 | D | A- | 52.4 | ArmstrW | | AWI | 51.51 | +0.29 | -17 | 169 | 23o |
| 68 | 77 | 69 | A | B+ | 18.6 | Blount | | BLT | 17.29 | +0.14 | +13 | 260 | 16k |
| 64 | 54 | 66 | D | B- | 25.2 | CRHPlc | 3.3 | CRH | 21.72 | +0.34 | -40 | 161 | 19o |
| 87 | 83 | 75 | C | E | 54.1 | CavcoInd | | CVCO | 44.22 | -0.87 | +14 | 21 | 21 |
| 56 | 29 | 48 | C | A | 19.0 | Chase | 2.4 | CCF | 14.55 | +0.05 | +74 | 19 | 12 |
| 96 | 80 | 89 | B | A | 47.7► | ChicgB&I | .4 | CBI | 46.70 | +0.18 | +30 | 1.1m | 18o |
| 24 | 17 | 42 | D | C+ | 14.4 | ComfrtS | 1.8 | rFIX | 10.93 | -0.51 | +108 | 175 | 72 |
| 92 | 83 | 89 | E | A- | 14.8 | DRHort | 1.1 | DHI | 14.17 | -0.17 | -38 | 4.5m | 37o |
| 28 | 12 | 70 | D | C | 76.0 | DeltcTm | .5 | DEL | 65.52 | +0.31 | +101 | 67 | 99 |
| 91 | 42 | 89 | B | B+ | 30.2 | DrewIndu | | DW | 27.29 | -0.11 | -38 | 47 | 18o |
| 82 | 40 | 92 | D | A- | 34.0 | EagleMat | 1.3 | EXP | 31.40 | +0.02 | -41 | 360 | 74o |
| 72 | 92 | 42 | D | C | 75.5 | Fluor | 1.0 | rFLR | 61.84 | +1.36 | +39 | 2.3m | 18x |
| 70 | 19 | 96 | D | B | 20.2 | FortuneBrds | | FBHS | 19.37 | +0.03 | +18 | 1.2m | 33o |
| 99 | 83 | 95 | B | A- | 31.6 | FullerHB | 1.0 | FUL | 30.37 | +0.24 | -32 | 325 | 15 |
| 75 | 48 | 81 | D | C | 30.5 | GraniteC | 1.8 | GVA | 28.66 | +0.06 | -9 | 182 | 22o |
| 45 | 18 | 61 | B | C | 29.0 | HomexDvlp | | HXM | 18.17 | +0.13 | -6 | 469 | 8o |
| 27 | 20 | 13 | C | B | 20.5 | Intrface | .7 | IFSIA | 12.02 | -0.23 | +147 | 813 | 17o |
| 84 | 78 | 71 | C | B- | 52.5 | JacobsEng | | JEC | 47.28 | +1.06 | +14 | 1.2m | 17o |
| 91 | 96 | 85 | D | A- | 39.3► | KBRInc | .5 | rKBR | 37.37 | +1.05 | +33 | 2.2m | 11o |
| 32 | 55 | 16 | C | D | 38.0 | LaynChrst | | LAYN | 24.05 | -0.14 | +88 | 208 | 12o |
| 73 | 16 | 93 | D | A- | 24.4 | LennarA | .7 | LEN | 23.38 | .. | -10 | 5.4m | 48 |
| 65 | 16 | 94 | D | B- | 19.6 | LennarB | .9 | LENB | 18.70 | -0.02 | +1 | 51 | 38k |
| 55 | 42 | 60 | C | B | 54.1 | Lennox | 1.8 | LII | 39.50 | +0.37 | -13 | 364 | 19o |
| 59 | 17 | 84 | E | A | 29.5 | MDCHld | 4.1 | MDC | 24.20 | -0.38 | +2 | 1.1m | ..o |
| 52 | 40 | 48 | B | B- | 48.4 | Makita | 1.7 | MKTAY | 40.73 | -0.97 | -85 | 9 | 14 |
| 56 | 10 | 66 | D | A | 92.4 | MrtMar | 1.9 | MLM | 85.80 | -0.07 | +18 | 705 | 49o |
| 50 | 8 | 76 | D | B | 14.4 | Masco | 2.5 | MAS | 11.87 | -0.03 | -46 | 3.5m | ..o |
| 54 | 7 | 84 | E | B | 28.7 | Meritage | | MTH | 25.99 | +0.10 | -31 | 464 | ..o |
| 63 | 41 | 74 | D | C+ | 68.9 | MohawkInd | | MHK | 62.83 | -0.68 | +10 | 675 | 21o |
| 32 | 22 | 35 | D | B- | 788 | NVR | | rNVR | 690.0 | -1.99 | +32 | 45 | 29 |
| 59 | 19 | 98 | .. | B+ | 45.0 | Nortek | | NTK | 35.70 | +0.25 | +475 | 72 | ..k |
| 58 | 67 | 34 | D | B | 38.9 | OwensC | | OC | 31.45 | -0.20 | +12 | 2.1m | 14o |
| 92 | 80 | 93 | A | C+ | 17.1 | Primoris | .8 | PRIM | 15.23 | -0.15 | +135 | 508 | 13o |
| 92 | 53 | 96 | E | A | 9.3 | PulteGrp | | PHM | 8.59 | -0.23 | -28 | 9.2m | 99o |
| 34 | 18 | 59 | D | D- | 21.6 | Quanex | 1.0 | rNX | 16.79 | -0.22 | +66 | 338 | 39 |
| 66 | 74 | 49 | C | D- | 23.2 | Quanta | | rPWR | 21.18 | -0.28 | +8 | 1.3m | 25o |
| 63 | 55 | 55 | C | D | 26.0 | RPMIntl | 3.6 | RPM | 23.79 | -0.08 | +105 | 1.4m | 15o |
| 85 | 69 | 89 | E | B | 21.2 | RylandGp | .7 | RYL | 18.22 | +0.09 | +40 | 2.2m | ..o |
| 63 | 84 | 49 | E | B | 41.6 | ShawGp | | rSHAW | 29.37 | +0.43 | -11 | 794 | 33o |
| 56 | 58 | 42 | C | D | 35.2 | SmpsnMf | 1.7 | SSD | 30.28 | -0.46 | +63 | 322 | 29o |
| 93 | 85 | 81 | C | A- | 47.1 | SmithAO | 1.4 | AOS | 45.60 | -0.44 | -31 | 357 | 19o |
| 85 | 88 | 74 | B | A- | 64.4 | SnapOn | 2.2 | SNA | 61.20 | -0.07 | -7 | 356 | 13o |
| 89 | 81 | 78 | B | B | 78.2 | Stanley | 2.1 | SWK | 76.79 | -0.01 | +18 | 1.9m | 15o |
| 32 | 33 | 12 | B | B- | 17.0 | SterlCons | | STRL | 10.27 | -0.10 | +11 | 83 | 10 |
| 24 | 3 | 38 | E | C+ | 46.5 | TexasInds | | TXI | 33.45 | -0.38 | +1 | 217 | .. |
| 87 | 82 | 97 | D | B | NH► | ThermonGrp | | THR | 21.13 | +0.99 | +129 | 294 | 43 |
| 81 | 18 | 90 | B | A- | 34.4 | ThorInd | 1.8 | THO | 32.50 | -0.07 | +105 | 836 | 17 |
| 54 | 12 | 83 | E | B | 24.2 | TollBros | | TOL | 23.20 | -0.26 | -20 | 2.7m | 99o |
| 92 | 81 | 83 | B | B+ | NH | Toro | 1.3 | TTC | 67.90 | +0.16 | +51 | 307 | 17o |
| 57 | 21 | 82 | E | B | 34.0 | Trex | | TREX | 27.34 | +0.41 | +47 | 184 | ..o |
| 33 | 36 | 22 | D | B | 26.9 | TutorPerini | | TPC | 16.04 | -0.26 | +7 | 198 | 9 |

**Stocks Just Out Of Bases**

| EPS Rnk | Rel Str | Stock Name | Symbol | Closing Price | Net Up | Vol% Chg |
|---|---|---|---|---|---|---|
| 97 | 90 | Mercadolibre Inc | MELI | 97.67 | +0.36 | +86 |
| 99 | 89 | Celgene | CELG | 73.92 | +0.59 | -33 |

Copyright 2012 Investor's Business Daily Inc.

# LARKSPUR DESIGN GROUP

Affidavit of Publication

I, David Chernus, as Media Coordinator of the Larkspur Design Group in San Rafael, California, hereby certify that I caused the attached notice for Gilardi & Co., LLC to be published as a press release by the following wire service:

Name of Publication: PR Newswire

Address: 810 7th Ave., 32nd floor

City, State, Zip New York, NY 10019

Phone #: 800.832.5522

State of: New York

The press release was distributed to the following media circuits offered by the above referenced wire service:

1. US1 National Newsline

I, David Chernus, as Media Coordinator of the Larkspur Design Group in San Rafael, California hereby certify that I caused the attached ***Motorola Securities Litigation*** notice for Gilardi & Co., LLC to be released on the following date:

3/2/2012

[signature] David Chernus 3/12/2012

Signature Print Name Date

**State of: California**
**County of: Marin**

Subscribed and sworn to (or affirmed) before me on this 12th day of March, 2012, by David Chernus, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal

N. WASHINGTON
COMM. # 1841622
NOTARY PUBLIC - CALIFORNIA
MARIN COUNTY
MY COMM. EXP. MAR. 22, 2013

[signature]

Signature of Notary Public







# Robbins Geller Rudman & Dowd LLP Announces Notice of Hearing to Determine Approval of Proposed Settlement of Class Action

SAN DIEGO, March 2, 2012 /PRNewswire/ -- The following statement is being issued by Robbins Geller Rudman & Dowd LLP pursuant to an order of the United States District Court for the Northern District of Illinois:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:07-cv-04507 |
| Plaintiff, | ) | **(Consolidated)** |
| vs. | ) | CLASS ACTION |
| MOTOROLA, INC., et al., | ) | Judge St. Eve |
| Defendants. | ) | Magistrate Judge Mason |

**SUMMARY NOTICE**

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MOTOROLA, INC. ("MOTOROLA") FROM JULY 19, 2006 THROUGH JANUARY 4, 2007, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on May 9, 2012, at 8:30 a.m., before the Honorable Amy J. St. Eve, at the United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $200,000,000.00, plus accrued interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Plaintiffs' expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED ANY OF THE PUBLICLY TRADED SECURITIES OF MOTOROLA DURING THE PERIOD FROM JULY 19, 2006 TO JANUARY 4, 2007, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Motorola Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release ***postmarked no later than May 28, 2012***, establishing that you are entitled to recovery.

If you purchased or otherwise acquired Motorola publicly traded securities and you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than April 2, 2012, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be received, not simply postmarked, by each of the following recipients ***no later than***

*April 2, 2012*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN
UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

| Lead Counsel for Plaintiffs: | Counsel for Defendants: |
| --- | --- |
| ROBBINS GELLER RUDMAN & DOWD LLP | KIRKLAND & ELLIS LLP |
| KEITH F. PARK | ANNE M. SIDRYS |
| 655 West Broadway, Suite 1900 | 300 North LaSalle St. |
| San Diego, CA 92101 | Chicago, IL 60654 |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the settlement, you may contact Lead Counsel at the address listed above.

DATED: FEBRUARY 16, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOURCE Robbins Geller Rudman & Dowd LLP

Back to top

**Find this article at:**
http://www.prnewswire.com/news-releases/robbins-geller-rudman--dowd-llp-announces-notice-of-hearing-to-determine-approval-of-proposed-settlement-of-class-action-141201193.html

☐ Check the box to include the list of links referenced in the article.