UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge St. Eve Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION, AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND REIMBURSEMENT OF THE PLAINTIFFS' EXPENSES PURSUANT TO 15 U.S.C. §78u-4(a)(4)

# TABLE OF CONTENTS

**Page**

I.    THE SETTLEMENT HAS GARNERED NEARLY UNIVERSAL SUPPORT FROM CLASS MEMBERS ....................................................................................1

II.   CLASS MEMBERS RECEIVED ADEQUATE NOTICE OF THE MOTION FOR ATTORNEYS' FEES ...............................................................................................3

III.  THE REQUESTED ATTORNEYS' FEES ARE REASONABLE AND SHOULD BE GRANTED ...........................................................................................................5

      A.    The Class Representatives Have Reviewed and Approved the Requested Attorneys' Fees ....................................................................................5

      B.    Class Counsel's Fee Request Is Reasonable, Even Under the Authority Cited by Mr. Falkner, and Should Be Granted ......................................................7

IV.  CONCLUSION...........................................................................................................9

700879_1

Class Representatives Macomb County Employees' Retirement System ("Macomb County") and St. Clair Shores Police & Fire Retirement System ("St. Clair") (collectively, "Plaintiffs") submit this memorandum to update the Court on the number of Notices mailed to potential Class Members as well as the number of requests for exclusion received. In addition, Plaintiffs and Class Counsel respond to the objection to Class Counsel's request for attorneys' fees filed by Edward Falkner (Dkt. No. 463).[1]

## I. THE SETTLEMENT HAS GARNERED NEARLY UNIVERSAL SUPPORT FROM CLASS MEMBERS

As detailed in the opening papers, the $200 million settlement was achieved for the Class after more than four years of extensive litigation and with the assistance of an experienced and highly-respected mediator, the Honorable Daniel Weinstein (Ret.). *See* Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement, Plan of Allocation, and Award of Attorneys' Fees and Expenses and Reimbursement of the Plaintiffs' Expenses Pursuant to 15 U.S.C. §78u-4(a)(4) ("Final Approval Memo.") at 1-9 (Dkt. No. 455). The settlement is an outstanding result, particularly when viewed in light of the result anticipated at the outset of the Litigation and the considerable risks presented by the continued litigation of this case. *Id.* at 12-16, 29-31, 37-39.

Pursuant to the Court-approved notice program, the Notice of Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release Form were mailed to over 712,000 potential Class Members. *See* paragraph 3 to the Supplemental Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Proposed Settlement of Class Action and the Proof of Claim and Release Form and B) the Response of Class Members ("Sylvester Decl."), attached hereto as Exhibit A. The response to the proposed settlement has been overwhelmingly positive. Not a single Class Member

---

[1]     All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation of Settlement dated as of January 31, 2012 (the "Stipulation") (Dkt. No. 445).

objected to the fairness, reasonableness or adequacy of the settlement, the Plan of Allocation, the

Class Representatives' expense requests or Class Counsel's expense request. Only a single Class

Member lodged an objection, and that objection was limited to Class Counsel's fee request. *See* Dkt.

No. 463. Moreover, the Claims Administrator received just 103 requests for exclusion – an opt-out

rate of roughly 1/100 of 1% of potential claimants. These factors strongly militate in favor of final

approval of the settlement, the Plan of Allocation, and award of attorneys' fees and expenses and

reimbursement of Plaintiffs' expenses. *See In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d

1002, 1020-21 (N.D. Ill. 2000) (small number of objections by class members indicates fairness),

*aff'd*, 267 F.3d 743 (7th Cir. 2001); *Mangone v. First USA Bank*, 206 F.R.D. 222, 227 (S.D. Ill.

2001) (collecting numerous cases in which courts approved settlements over class member

objections).[2]

    The strong support for the settlement and fee request is particularly significant in this case

because the Class is comprised of hundreds of sophisticated institutional investors, which

collectively held over 75% of Motorola common stock during the Class Period and have by far the

largest stake in the proposed settlement. Not a single institutional investor objected to the settlement

or fee request or opted out of the settlement. The lone objector, Edward Falkner, seeks to minimize

---

[2]    Class Counsel received one communication from a non-Class Member, Abraham Laniado, objecting to the settlement on the basis that it does not include individuals who bought or sold put or call options on Motorola, Inc. common stock during the relevant time period. *See* Exhibit B attached hereto. As a buyer or seller of options, however, Mr. Laniado is not a Class Member and does not have standing to object. Dkt. No. 445, Ex. A-1 (Notice), §§XII (Item 5), XVIII (Stipulation). The Class includes only those persons who purchased or acquired "the publicly traded securities of Motorola, Inc." *Id.* at §VII (Item 3). While the underlying security for Mr. Laniado's put and call options – Motorola common stock – is a Motorola, Inc. security, the put and call options themselves are not "securities issued by the corporation that issued the underlying securities." *See Fry v. UAL Corp.*, 84 F.3d 936, 938 (7th Cir. 1996); *see also Bd. of Trade v. SEC*, 677 F.2d 1137, 1157 (7th Cir. 1982) (interpreting the Supreme Court's ruling in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750-51 (1975), and holding that §10(b) and Rule 10b-5 "may be invoked only by purchasers or sellers of securities," and not by individuals who purchase or sell security options, unless they exercise those options and in fact purchase or sell the underlying security).

Class Counsel's fee award on grounds that the Class did not receive "'reasonable notice'" of the fee request and that, in his view, absent an *ex ante* fee agreement, fees in "megafund class action settlements" should be capped at 15% of the recovery. Dkt. No. 463 at 5. As set forth below, Mr. Falkner's arguments are factually incorrect and contrary to Seventh Circuit precedent. Given the overwhelming support demonstrated by Class Members, the settlement, the Plan of Allocation, counsel's fee and expense request and the reimbursement of the Plaintiffs' expenses should be approved.

## II.  CLASS MEMBERS RECEIVED ADEQUATE NOTICE OF THE MOTION FOR ATTORNEYS' FEES AND EXPENSES

On March 19, 2012, Plaintiffs filed their motion for final approval of the settlement, the Plan of Allocation and Class Counsel's fee and expense request together with all supporting papers. Dkt. Nos. 454-462. Class Members had until April 2, 2012 to submit any objections. Despite timely filing an objection, Mr. Falkner points to the Ninth Circuit ruling in *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988 (9th Cir. 2010), and argues that "'class members were deprived of an adequate opportunity'" to object. Dkt. No. 463 at 1-2 (citation omitted). This objection is unfounded. In *Mercury Interactive*, the Ninth Circuit found that the class had received inadequate notice of counsel's fee request where the fee motion was filed *after* the deadline to object had expired. *Mercury Interactive*, 618 F.3d at 993-94. Here, in accordance with the schedule set by the Court on February 16, 2012 (Dkt. No. 450), Class Counsel filed their fee request well in advance of the objection deadline.

In *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935 (N.D. Ill. 2011), the Court deemed similar notice arguments "misplaced," when class members had one week from the time the final approval papers were filed to object to the settlement. *Id.* at 969. The Court held that class members were sufficiently informed about the fee request where they were advised of

the approximate percentage of the settlement fund that counsel would seek to recover and the date by which counsel would file its motion. *Id.* at 972. The Notice here easily satisfies the standard set forth in *AT&T Mobility*. The Notice specified that Class Counsel would be requesting 27.5% of the $200 million Settlement Fund and provided Class Counsel's contact information, including a toll-free number and a mailing address, to obtain further information regarding the settlement. Dkt. No. 445, Ex. A-1 at §§IV-V, XVI, XX (Stipulation). The Notice was mailed to hundreds of thousands of potential Class Members, widely published and available on the Claims Administrator's website.[3] Also available on the Claims Administrator's website was the Court's Order Preliminarily Approving Settlement and Providing for Notice, which specified that the motion for attorneys' fees and supporting papers would be filed with the Court on March 19, 2012. Dkt. No. 450, ¶12.[4] While Mr. Falkner argues that the motion for attorneys' fees "must be posted on the settlement website by a date certain," neither *Mercury Interactive* nor any other case or statute sets forth such a requirement. Dkt. No. 463 at 2. Indeed, no Class Member (including Mr. Falkner) contacted Class Counsel to request copies of the briefing in support of the fee request, no Class Member requested an extension or otherwise asserted that they did not have time to object to any aspect of the settlement and no Class Member contacted the Claims Administrator requesting the fee request briefing or asserting they did not have proper notice of the fee request. Sylvester Decl., ¶4. The Class clearly received sufficient notice of Class Counsel's fee request and Mr. Falkner's argument to the contrary is meritless. *See AT&T Mobility*, 789 F. Supp. 2d at 972.

---

[3]     *See* Sylvester Declaration at ¶4, and http://www.gilardi.com/Motorola2/pdf/Final_MOTOROLA2_ Notice_ 022212.pdf.

[4]     *See* http://www.gilardi.com/Motorola2/pdf/MOTOROLA2_SignedOrder_022112.pdf.

- 4 -

700879_1

## III. THE REQUESTED ATTORNEYS' FEES ARE REASONABLE AND SHOULD BE GRANTED

As set forth in the Final Approval Memorandum, Class Counsel have requested that they be awarded a fee of 27.5% of the Settlement Amount. Dkt. No. 455 at 21-39. Plaintiffs Macomb County and St. Clair, both independently assessed and approved the fee request, and Professor Charles Silver of the University of Texas School of Law concluded that the fee request is consistent with those negotiated in the private legal marketplace. *See* Declarations of Peter M. Provenzano and James Haddad (Dkt. Nos. 458 and 459) and Report of Professor Charles Silver on Attorneys' Fees ("Silver Report") (Dkt. No. 457 at 23-49). While more than 75% of Motorola shares were held by institutional investors, including many that are active in prosecuting securities fraud claims, not a single one of these Class Members objected to the requested attorneys' fees. The lone objection was filed by Mr. Falkner, who purchased only 165 shares of Motorola stock during the Class Period. *See* Dkt. No. 463 at Ex. A. Mr. Falkner, however, fails to assess any of the risks undertaken by Class Counsel, the benefits conferred by the settlement or the likelihood of the settlement at the onset of the Litigation. Rather, in contravention of the Seventh Circuit's holding in *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001), Mr. Falkner simply argues that, in the absence of an *ex ante* agreement, attorneys' fees in a large settlement, such as this one, should be limited to 15%.[5]

### A. The Class Representatives Have Reviewed and Approved the Requested Attorneys' Fees

As Mr. Falkner acknowledges, when awarding attorneys' fees, courts in the Seventh Circuit must consider "the market rate that was *or would have been* negotiated between the client and the attorney at the beginning of the litigation." Dkt. No. 463 at 3 (emphasis added). Conceding that

---

[5]     Mr. Falkner's counsel, Thomas C. Cronin, was counsel for some of the objectors in *Synthroid*. *Synthroid*, 264 F.3d at 713.

courts are often faced with the task of evaluating what an *ex ante* fee agreement would have been, Mr. Falkner nevertheless cites *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) for the proposition that the Plaintiffs here were required to negotiate an *ex ante* fee agreement with counsel and that such an agreement is a prerequisite to granting Class Counsel's fee request. Dkt. No. 463 at 3-5. Nothing in *Taubenfeld* (or any other Seventh Circuit authority) supports his argument. In fact, in *Taubenfeld*, the Seventh Circuit affirmed the lower court's award of 30% of the settlement fund, plus expenses, in the absence of an *ex ante* fee agreement. *Taubenfeld*, 415 F.3d at 598, 600.[6]

Consistent with past practices, both of the Plaintiffs elected to independently assess the issue of fees at the time of settlement, weighing the risks undertaken and the benefit conferred and, after doing so, support a 27.5% fee award. *See* Dkt. No. 458 at ¶¶3-4 (Provenzano Declaration); Dkt. No. 459 at ¶¶3-5 (Haddad Declaration). Mindful of the Court's obligation to evaluate the market rate that would have been negotiated at the outset of the litigation, the Plaintiffs and Class Counsel also retained Professor Silver to evaluate the reasonableness of the fee request. *See* Dkt. No. 457 (Silver Report); *see also* Dkt. No. 455 at 25 (Final Approval Memo.). Professor Silver analyzed the risks faced by Class Counsel, the quality of their representation, the caliber of the result obtained and contingent fees awarded in similar litigation, and concluded that the fee request is reasonable and consistent with privately negotiated arrangements. Dkt. No. 457 at 8-49 (Silver Report). Accordingly, the informed recommendation of the Plaintiffs, who have been actively involved throughout the Litigation, should be respected even in the absence of an *ex ante* fee agreement.[7]

---

[6] Mr. Falkner also refers elusively to the "PSLRA's requirement" that a class representative or lead plaintiff negotiate an *ex ante* fee agreement. Dkt. No. 463 at 4. The PSLRA, however, contains no such requirement and he cites to no authority for this proposition.

[7] Mr. Falkner's reference to the fact that a different client (The Regents of the University of California) in a very different case (*Enron*) entered into a fee agreement in no way undermines the actions taken by the Plaintiffs or Class Counsel here. *See* Dkt. No. 463 at 4.

700879_1

**B.      Class Counsel's Fee Request Is Reasonable, Even Under the Authority Cited by Mr. Falkner, and Should Be Granted**

Absent any analysis of the risks undertaken or benefit conferred in the Litigation, Mr. Falkner generally argues that because this is a "megafund" settlement, Class Counsel should be limited to a fee of no more than 15%. Dkt. No. 463 at 5-6. This is entirely inconsistent with the very authority on which Mr. Falkner purports to rely. In *Synthroid*, the Seventh Circuit expressly held that there is no rule or cap that should be applied to "megafund" settlements and any artificial limit on fees is inappropriate. *Synthroid*, 264 F.3d at 718 ("disapprov[ing] the megafund cap").

Mr. Falkner primarily bases his argument on a single page of a March 2003 article entitled *Attorney Fee Awards in Common Fund Class Actions. See* Dkt. No. 463 at 5-6. A full copy of the article is attached hereto as Exhibit C. According to Mr. Falkner, the article concludes that fees in "megafund" settlements average 15%. Dkt. No. 463 at 5. A review of the article, however, actually demonstrates the reasonableness of the fee request here. The article identifies nine cases that settled between $190 and $250 million. Ex. C at 169. Of those nine, the awarded fees, with expenses, in five of the cases were between 25.8% and 35.1%. *Id.* In fact, for the six cases that were settled after 1990, the average award was 27.85%, slightly higher than the fee request here.

The article also undermines Mr. Falkner's argument about an appropriate lodestar multiplier. Dkt. No. 463 at 5-6. Specifically, the article finds that the average lodestar multiplier for cases settling above $100 million was 4.50. Ex. C at 167. This, of course, is significantly higher than the effective multiplier of 3.18 here for a 27.5% fee award.[8]

---

[8]      Mr. Falkner's argument that the lodestar multiplier was "inflated" because (he claims) a significant amount of the work was done by contract attorneys is factually and legally incorrect. Dkt. No. 463 at 5-6. Factually, all of the attorneys involved in this case were salaried employees, not hourly contract workers. Mr. Falkner's speculation to the contrary is wrong. Legally, even if certain members of the litigation team had been hourly attorneys, it is well-accepted that counsel are entitled to seek an award based on the market rate, rather than the cost, of their services. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989) (rejecting

700879_1

Mr. Falkner ultimately fails to substantiate his objection because he does not evaluate any of the factors that courts in the Seventh Circuit consider when ruling on a fee request, including the quality of the legal services rendered, the contingent nature of the case, the amount of work required to achieve the result, the risks to recovery, the probability of success from the outset of the litigation and other unique circumstances of the case. *See Taubenfeld*, 415 F.3d at 600; *Synthroid*, 264 F.3d at 721; *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *Cooper v. IBM Pers. Pension Plan*, No. 99-829-GPM, 2005 U.S. Dist. LEXIS 17071, at *24 (S.D. Ill. Aug. 16, 2005); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032, 1035-40 (N.D. Ill. 2011). His objection, therefore, falls far short of establishing either that Class Counsel's fee request is inappropriate or that a 15% award is appropriate. *See Taubenfeld*, 415 F.3d at 600 (noting the weakness of objector's argument compared to memorandum filed by class counsel).[9]

As set forth in the opening papers, Class Counsel's requested fee is fair and reasonable in light of the pertinent factors, including (1) fee percentages negotiated *ex ante* and awarded under Seventh Circuit criteria, (2) the contingent nature of the Litigation and Class Counsel's substantial, at-risk investment of time and money, (3) the fact that the $200 million Settlement Amount is a

---

argument that counsel should not be compensated for the work of lower level attorneys and paralegals at their market rate). The Seventh Circuit has found that to hold otherwise is both "unsound" and "futile." *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 569 (7th Cir. 1992).

[9]     Mr. Falkner identifies *In re Waste Management, Inc. Sec. Litig.*, No. 97 C 7709 (N.D. Ill.) and *In re Sears Roebuck & Co. Sec. Litig.*, No. 02 C 7527 (N.D. Ill.) in support of his position that Class Counsel's award should be capped at 15%. Dkt. No. 463 at 5. He makes no effort, however, to compare any of the factors affecting the settlement amount and fees awarded in those cases with the factors affecting the settlement here. As Plaintiffs noted in their Final Approval Memorandum, in both *Waste Management* and *Sears Roebuck*, the plaintiffs benefitted from the companies' restatements and publicly admitted accounting errors prior to the commencement of these cases. Dkt. No. 455 at 34-36 (Final Approval Memo.). Additionally, *Waste Management* settled after just five months of litigation and *Sears Roebuck* was preceded by a SEC investigation. *Id.* at 35. Such factors raised the amount of the anticipated recovery at the outset of the litigation and lessened the burden on counsel to achieve the settlement result. *Id.*; *see also* Dkt. No. 457 at 11 (Silver Report).

700879_1

remarkable recovery that was not likely from the outset of the Litigation, (4) the high quality work performed by Class Counsel, and (5) the Plaintiffs' approval of the fee request after evaluating the work performed by Class Counsel and the risks and uncertainties of the Litigation. Dkt. No. 455 at 21-39 (Final Approval Memo.). All of these factors, as well as the fact that, of the more than 712,000 potential Class Members, just one individual investor objected to the fee request, weigh in favor of approval.

## IV. CONCLUSION

For the reasons set forth herein and in Plaintiffs' Final Approval Memorandum and supporting declarations, it is respectfully submitted that the Court should: (1) grant final approval of the proposed settlement; (2) approve the Plan of Allocation; (3) grant Macomb County's and St. Clair's requests for reimbursement of their expenses in the amount of $6,450 and $4,350, respectively; (4) grant Class Counsel's request for a 27.5% fee award; and (5) grant Class Counsel's request for litigation expenses in the amount of $4,814,298.54.

DATED: April 17, 2012               Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD
KEITH F. PARK
TOR GRONBORG
SUSAN G. TAYLOR
TRIG R. SMITH
JENNIFER L. GMITRO
IVY T. NGO

_____
s/ Tor Gronborg
TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

700879_1

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2012.

s/ Tor Gronborg
TOR GRONBORG

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: torg@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-04507

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Joseph Barber**
  jbarber@tdrlawfirm.com,edocket@tdrlawfirm.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David K. Cole**
  courtnotification@mayerbrown.com

- **Michael J. Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Timothy Eaton**
  teaton@shefskylaw.com,sfdocket@shefskylaw.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **James R. Figliulo**
  jfigliulo@fslegal.com

- **Jennifer L. Gmitro**
  JGmitro@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **David Hall**
  dhall@rgrdlaw.com

- **Mark H Horwitch**
  mhorwitch@tdrlawfirm.com,edocket@tdrlawfirm.com

- **Stephanie D. Jones**
  sjones@fslegal.com

- **Robert J. Kopecky**
  rkopecky@kirkland.com

- **M. Sean Laane**
  sean.laane@aporter.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com

- **Daniel E. Laytin**
  dlaytin@kirkland.com

- **Kim Ann Leffert**
  courtnotification@mayerbrown.com

- **Erin K. Lynch**
  elynch@shefskylaw.com,sfdocket@shefskylaw.com

- **Richard A. Maniskas**
  sradcliffe@glancylaw.com

- **John C Massaro**
  john_massaro@aporter.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,JRamirez@millerlawllc.com

- **Matthew P Montgomery**
  mattm@csgrr.com

- **Ivy T Ngo**
  ingo@rgrdlaw.com

- **Keith F. Park**
  keithp@rgrdlaw.com

- **David A Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Joseph Russello**
  jrussello@csgrr.com

- **Stephen M Sacks**
  stephen_sacks@aporter.com

- **Jeffrey Charles Sharer**
  jsharer@sidley.com,efilingnotice@sidley.com

- **Michael P. Sheehan**
  msheehan@shefskylaw.com,sfdocket@shefskylaw.com

- **Anne J. Sidrys**
  anne.sidrys@kirkland.com,kimberly.love@kirkland.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Susan G Taylor**
  SusanT@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James W. Thomas , Jr**
  james.thomas@aporter.com,elissa.spencer@aporter.com,matthew.roessing@aporter.com

- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Faulkner**
,

**Joseph         I. Goldstein**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**Jerry         A Isenberg**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**D              Seamus Kaskela**
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087

**Michael        Kelley**
Sidley and Austin
555 West Fifth Street
40th Floor
Los Angeles, CA 90013

Thomas C. Cronin
Aaron L. Davis
CRONIN & CO., LTD.
233 South Wacker Drive, Suite 2100
Chicago, IL  60606
T: 312/201-7100
F: 312/201-7101

Abraham Laniado
441-AVE T
BROOKLYN, NY 11223

INDEX OF EXHIBITS TO REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION,
AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND REIMBURSEMENT OF
THE PLAINTIFFS' EXPENSES PURSUANT TO 15 U.S.C. §78u-4(a)(4)

| DOCUMENT | EXHIBIT |
|---|---|
| Supplemental Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Proposed Settlement of Class Action and the Proof of Claim and Release Form, and B) the Response of Class Members | A |
| April 2, 2012 correspondence from Abraham Laniado | B |
| 24 Stuart J. Logan, Dr. Jack Moshman & Beverly C. Moore, Jr., *Attorney Fee Awards in Common Fund Class Actions* (Class Action Reports Mar.-Apr. 2003) | C |
| *Cooper v. IBM Pers. Pension Plan*, No. 99-829-GPM, 2005 U.S. Dist. LEXIS 17071 (S.D. Ill. Aug. 16, 2005) | D |

701715_1