FILED
APR 30 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated** | ) | **No. 1:07-cv-04507 (consolidated)** |
| **Plaintiff** | ) | |
| **vs.** | ) | |
| | ) | **CLASS ACTION** |
| **MOTOROLA, INC, et al.** | ) | |
| **Defendant** | ) | **Judge St. Eve** |
| | ) | **Magistrate Judge Mason** |

**OBJECTIONS TO THE PURPOSED SETTLEMENT PROOF OF MEMBERSHIP IN CLASS AND MOTION TO ALLOW OBJECTIONS TO BE SERVED AND FILED OUT OF TIME**

Objector, Paul Liles, hereby provides information needed to demonstrate his membership in the settlement class and objects to the proposed settlement, and says:

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

I, Paul Liles, am a member of the settlement class having received a notice on April 6, 2012 from the settlement administrator, Gilardi & Co. LLC. Attached hereto and incorporated by reference is a list of my schedule of transactions in Motorola common stock during the class period, July 19, 2006 through and including January 4, 2007. My address and telephone number are 1305 Wakefield Lane, Birmingham, Alabama 35243; 205-870-8210.

**MOTION TO ALLOW OBJECTIONS TO BE SERVED AND FILED OUT OF TIME**

I hold this stock in a Street Name to facilitate the timely sale of such stocks. As a result I did not receive a direct mailing of the Notice from the settlement administrator, Gilardi & Co. LLC. Instead the Notice was supplied to my broker by the settlement administrator and subsequently the broker mailed the notice to me. As a direct and proximate result of the inherent

delay, I did not receive Notice until April 6, 2012. These Objections are being served within 21 days of my receipt of the Notice. The delay in responding was due to my daughter's wedding. I respectfully move this Court for an Order Allowing These Objections to Be Served and Filed out of Time.

## OBJECTIONS

1. Lead Counsel for Plaintiff and the settling defendant have violated the notice requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ( hereinafter PSLRA) by failing to provide a "Statement of Potential Outcome of Case" that comports with the PSLRA in the Notice provided to me and all other known unnamed class members.

2. The Notice in paragraph II on page 1 has a section entitled "Statement of Potential Outcome". It provides:

> Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced ( if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

3. The PSLRA, which governs the notice in the instant case, explicitly requires that any proposed or final settlement that is provided to the class shall include both of the following:

1) a statement of the amount of distribution under the settlement in the aggregate and on an average per share basis (15 U.S.C. §78u-4(a)(7)(A)); and,

2) a separate and distinct Statement of the Potential Outcome of the Case (15 U.S.C. §78u-4(a)(7)(B)(i)(ii) and (iii)).

4. The Statement of the Potential Outcome of the Case provides, in the alternative, in sections (i) and (ii) that if the settling parties agree on the average amount of damages, then they only have to include a statement concerning "the average amount of such potential damages per share." 15 U.S.C. §78u-4(a)(7)(B)(I); or, if the parties disagree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the PSLRA, then the notice must include "a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii).

5. In context, remembering that this subsection of the PSLRA's is entitled "Statement of the Potential Outcome of the Case," 15 U.S.C. §78u-4(a)(7)(B)(ii) clearly requires the settling parties to disclose in the notice provided to the class what they believe to be "the average amount of such potential damages per share." Any other reading of the statutory language, "a statement from each settling party concerning the issue or issues on which the parties disagree", would be either out of context or disingenuous.

6. Furthermore, 15 U.S.C. §78u-4(a)(7)(B)(iii) clarifies clauses (i) and (ii) by providing: "A statement made in accordance with clause (i) or (ii) concerning the amount of

damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement."

7. In this matter, the paragraph II on page 1 is a joint statement concerning eight issues of proof that would arise at trial. Paragraph II is not "a statement from each settling party concerning the issue or issues on which the parties disagree" because under 15 U.S.C. §78u - 4(a)(7)(B)(ii) the issue or issues on which the parties disagree concerns "the average amount of such potential damages per share."

8. An exemplar of a proper paragraph pursuant to 15 U.S.C. §78u-4(a)(7)(B)(ii) would be:

> Lead plaintiff and defendant Motorola do not agree on the average amount of damages per share that would be recoverable even if Lead Plaintiff was to prevail on the claims asserted against Motorola. Lead Plaintiff believes that the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged is $1.1283. Lead Plaintiff disagrees with Motorola in this regard because the economic model used by Motorola to determine the amounts by which Motorola securities were artificially inflated during the class period is not generally accepted and grossly undervalues the damage per share experienced by class members; and the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

10. In light of both class counsel's failure to follow the notice requirements of the PSLRA with regard to The Notice to absent class members; and, the size of the settlement fund, I maintain that the proposed $55 million attorney's fee is both unreasonable and excessive. A twenty-seven percent recovery for a common fund this large is clearly excessive.

11. I hereby adopt all other meritorious and timely filed objections that are not inconsistent with these objections

WHEREFORE, Paul Liles respectfully request that this Court to sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to: this Court not approving the proposed settlement because of the improper notice to the class; and requiring class counsel and the settling defendants to craft a new notice that complies with the PSLRA and then to re-notice the class. And granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

**MEMORANDUM IN SUPPORT OF THE FOREGOING OBJECTIONS**

The PSLRA requires the notice to class members of a proposed settlement to include a "Statement of the Potential Outcome of the Case", 15 U.S.C. §78u-4(a)(7)(B)(i)(ii) and (iii). The Notice in this matter violates the notice requirements of the PSLRA because it fails to provide a Statement of Potential Outcome of Case that complies with the PSLRA notice requirement set forth in 15 U.S.C. §78u-4(a)(7)(B)(ii). The proviso in this PSLRA notice is that it requires the settling parties to assume that the plaintiff has prevailed on each claim alleged. Therefore, there is no issue of liability as the parties are required by the PSLRA to assume, for notice purposes, that liability has been established as to each count. In this light, the "Statement of Potential Outcome" (The Notice, page 1 paragraph II) is clearly noncompliant as it fails to assume liability. The bolded language highlights my point.

> Plaintiffs and Defendants do not agree on the average amount of damages per share, is any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) **whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws**; (2) **whether Defendants have valid defenses to any such claims of liability**; (3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all)

during the Class Period; (4) the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) **the extent to which the various matters that Plaintiffs alleged were materially false or the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.**

The "Statement of the Potential Outcome of the Case" provides, in the alternative, that if the settling parties agree on the average amount of damages, then they only have to include a statement concerning "the average amount of such potential damages per share." 15 U.S.C. §78u-4(a)(7)(B)(i); or, if the parties disagree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the PSLRA, then the notice must include "a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii). The third section, 15 U.S.C. §78u-4(a)(7)(B)(iii) clarifies the previous two. Subsection (iii) provides: "A statement made in accordance with clause (i) or (ii) **concerning the amount of damages** shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement." (Emphasis added) By specifically providing for the inadmissability, in any other Federal or State judicial action or administrative proceeding, of any admission as to the average amount of damages per share, pursuant to clause (i) or (ii), set forth in a PSLRA Notice, Congress clearly contemplated that both the section (i) disclosure and the section (ii) disclosure would include statements concerning the amount of damages.

Disclosure of settlement terms to class members under subpart (a)(7) of the PSLRA (15 U.S.C. §78u-4(a)(7)) is an intrinsic part of the Act, and compliance by litigants and the District Courts is not optional. "One of the concerns Congress had in enacting the PSLRA was to ensure that class members received sufficient, **comprehensive notice** so that they could evaluate proposed settlements intelligently." *In re Independent Energy Holdings PLC Securities Litigation*, 302 F.Supp.2d 180, 184 (S.D.N.Y. 2003), *citing* S.Rep. No. 104-98 at 12 (1995) (Emphasis added). In order to intelligently evaluate a settlement, any settlement, the settling party must know at least two things: what he/she will receive under the settlement, and what he/she could have received if litigation had continued. By failing to include any information about the average amount of damages that would have been recoverable if the Lead Plaintiff prevailed, the settling parties deprived absent class members of the ability to intelligently evaluate the settlement, in contravention of the purpose and requirements of the PSLRA. *See Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Furthermore, parties should not be able to circumvent the purpose of the PSLRA notice requirement merely by stating that they do not agree on the average per share damages if plaintiff prevailed. Why would any defendant ever agree to the amount of per share damages, if refusal to agree then allows for publication of a Class Notice devoid of all information regarding per share damages? In order to give effect to the statute's purpose, even if the parties disagree, the notice must state the amount each party believes plaintiffs would recover if they prevailed on all claims. A mere recitation of boilerplate reasons for the party's differing opinions on liability for damages is insufficient to allow class members to make intelligent, informed decisions about their participation in the class.

The Notice in the instant case was insufficient to allow class members to evaluate the settlement and make an intelligent decision regarding their participation because the Notice failed to comply with the notice requirements of the PSLRA.

The U.S. Court of Appeals for the Third Circuit has affirmed that 15 U.S.C. 78u-4(a)(7) requires that notice to the class contain a statement made in accordance with clause (i) or (ii) concerning the amount of damages *In re Cendant Corp. Litigation*, 264 F. 3d 201, 247 n.26 (3rd Cir. 2001). In *Cendant* the notice said in part:

> STATEMENT OF POTENTIAL OUTCOME: As described in the Plan of Allocation, Lead Plaintiffs and Lead Counsel estimate that, if Class Members prevailed on all of their claims against all Defendants, the reasonable damages would be approximately $8.5 billion. This amount could increase or decrease significantly using different assumptions and methodologies. The reasonable average amount of damages recoverable for Class Members' claims would be $8.79 per share, without regard to actual liability or other discounts. However, it is unlikely that Class Members could have recovered the maximum amount even if they prevailed at trial on all of their claims in light of Defendants' (i) challenges to Lead Plaintiffs' damages calculation; (ii) defenses to the amount of damages; and (iii) ability to pay any damages that may have been found to be attributable to them. Cendant, the HFS Individual Defendants and E&Y deny all liability and dispute the maximum amount of damages recoverable if Class Members prevailed on each of their claims and in all respects.

When addressing an objection to the Notice, as set forth above, the Third Circuit wrote:

[Objector] Throenle makes two other arguments which can be dealt with summarily. First, she argues that the Settlement Notice was inadequate because it omitted information that the PSLRA requires in such notices, in 15 U.S.C. § 78u-4(a)(7)(B)(ii). That statute provides, in relevant part: "Disagreement on amount of damages: If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree" must be included in the notice of a settlement. Throenle appears to interpret this as a requirement that, if the parties do not agree on damages, the notice of a settlement must include a statement from each settling party concerning every issue on which the parties disagree. **The District Court rejected this argument, holding that (7)(B)(ii) clearly only requires a statement on the damages issues on which the parties disagree.[1] The District Court was correct. Quite obviously,**

1. Lead Plaintiffs were not required to list all issues on which the parties disagree, only

> **the phrase "the issue or issues on which the parties disagree" in (7)(B)(ii) refers only to damages issues, not to every disputed issue involved in the class action.** The court found that the Settlement Notice contained a statement of the damages issues on which the parties disagree and that this statement was sufficient; this finding was supported. Throenle also argues that several of the statements contained in the Settlement Notice were misleading or incomplete; these arguments are patently without merit and we reject them without further discussion.

*Id.* at 247,n. 26 (Emphasis added).

Additionally, in *In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 969 (2007), the Ninth Circuit explicitly found that "The PSLRA requires that a settlement notice include a statement of 'the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged.' 15 U.S.C. §78u-4(a)(7)(B)." Furthermore, "[i]t is clear that the purpose of the notice requirement is to allow class members to evaluate a proposed settlement. With sufficient notice, class members can compare the recovery per share under the settlement with the potential damages per share if the class prevailed at trial and weigh the risks and rewards of proceeding to trial or participating in the proposed settlement. The Conference Committee Report notes that the PSLRA requires improved settlement notices to class members because '[c]lass members often receive insufficient notice of the terms of a proposed settlement and, thus, have no basis to evaluate the settlement.' H.R.Rep. No. 104-369, at 36 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 735." *Id.*

---

disputed damages issues. The PSLRA provision at issue is captioned "Disagreement on Amount of Damages" — the Cendant notice reads: "Cendant, the HFS Individual Defendants, and E & Y deny all liability and dispute the maximum amount of damages recoverable." Notice at 1. It continues, "Defendants strongly disputed the [damages] analysis ..., particularly the amount of recoverable damages" and adds "Cendant supplied Lead Counsel with the analyses prepared by Cendant's own financial consultants and damages experts." Notice ¶ 12. See also§ 78u-4(a)(7)(B)(ii). The Court found these passages sufficient to put members of the class on notice that the damages estimate of Lead Plaintiffs was and is contested by all settling Defendants. *In re Cendant Corp. Securities Litigation*, 109 F. Supp. 2d 235 (D.C.N.J. 2000)

In *Veritas* the Ninth Circuit also held that "[t]he absence of adequate notice injects a fatal flaw into the entire settlement process and undermines the district court's analysis of the fairness of the settlement. . ." *Id.* at 972.; *But see cf. AIG SECURITIES*, . . .. The Court reasoned that since the district court cannot approve a class action settlement without giving class members an adequate opportunity to object and the inadequate notice may have discouraged other objectors from speaking up, the limited number of objectors was insignificant in light of the inadequacy of the notice. *Id.* The Court vacated the district court's approval of the settlement and remanded for new notice to the class. *Id*

In this matter nothing in the Notice to the Motorola class informs class members that class counsel and the defendant disagreed about the average amount of damages per share that would be recoverable if the plaintiff class prevailed on each claim alleged under the PSLRA; i.e., the notice is silent on the issue of damages. Therefore, under *Cendant* and *Veritas*, the failure to address damages renders the Notice facially defective. This Notice fails to address either the average amount of damages per share that would be recoverable if the plaintiffs were to prevail on *all* the claims asserted under the PSLRA, or that the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged. Nothing in this Notice informs a class member that class counsel and defendant disagreed about recoverable damages.

If not required by law no defendant in a PSLRA class action would ever agree to the amount of per share damages, if refusal to agree then allows for publication of a Class Notice devoid of all information regarding damages? Class members should not be required to choose whether or not to participate in the settlement without giving them any information about the potential amount of damages class members sustained on a per share basis.

In this matter the plain language of the PSLRA read *in pari materia* is sufficient. Reading all three subsections of 15 U.S.C. §78u-4(a)(7)(B) in conjunction clarifies that both subsection (i)and (ii) require disclosure about damages to class. It is inconceivable that Congress would provide in subsection (iii) that "A statement made in accordance with clause (i) or (ii) **concerning the amount of damages** shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement," if a statement concerning the amount of damages was not required under subsection (ii).

The PSLRA Notice requirements in U.S.C. §78U-4(a)(7)(B) unequivocally requires that in the notice to class members, class counsel and defendant must either agree on the amount of damages together, or class counsel must inform the class members regarding damages per share separately and state either that defendant does not agree with the damage analysis or that defendant believes the amount of damages to be X .

## CONCLUSION

The language of section II on page 1 of the Notice is contrary to the plain language of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78u-4(a)(7), which requires that "any proposed or final settlement agreement that is published or otherwise disseminated to the class shall include a "statement of potential outcome of case." It was the intent of Congress that class members be given notice of the potential outcome of the case concerning the amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged, 15 U.S.C. 78u-4(a)(7). Therefore, it is impermissible, pursuant to subsection 78u-4(a)(7)(B)(ii), to fail to provide information to class members concerning the amount of damages by simply disagreeing on the average amount of damages per share. 15 U.S.C. 78u-4(a)(7)(B) subsections (i), (ii) and (ii) must be read *in pari materia* to always require disclosure of potential damages to the class..

Respectfully submitted,

Paul Liles, Esq. *Pro se*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of April, 2012, the original Objections to the Purposed Settlement and Motion to Allow Objections to Be Served and Filed out of Time was put in the U.S. Mail to the Clerk of the Court, United States District Court, Northern District of Illinois Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 and true and correct copies were served, by overnight mail, postage prepaid, to Lead Counsel for Plaintiffs, ROBBINS GELLER RUDMAN & DOWD LLP, KEITH F. PARK, 655 West Broadway, Suite 1900, San Diego, CA 92101 and to Counsel for Defendants, KIRKLAND & ELLIS LLP, ANNE M. SIDRYS, 300 North LaSalle St., Chicago, IL 60654.

Paul Liles, Esq.