UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SILVERMAN, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:07-cv-04507 **(Consolidated)** |
| Plaintiff | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge St. Eve Magistrate Judge Mason |
| MOTOROLA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

RESPONSE TO PAUL LILES' OBJECTION TO THE NOTICE OF PROPOSED
SETTLEMENT OF CLASS ACTION

**TABLE OF CONTENTS**

                                                                                           **Page**

I.      INTRODUCTION ...........................................................................................................1

II.     MR. LILES HAS FAILED TO ESTABLISH HIS STANDING TO OBJECT
        AND HIS OBJECTION IS UNTIMELY ..........................................................................2

III.    THE NOTICE PROVIDED SUFFICIENT INFORMATION CONCERNING
        PER SHARE DAMAGES TO ENABLE CLASS MEMBERS TO EVALUATE
        THE SETTLEMENT .......................................................................................................4

IV.     THE PSLRA DOES NOT REQUIRE PARTIES WHO DISAGREE ABOUT
        THE MAXIMUM RECOVERABLE DAMAGES TO PROVIDE INDIVIDUAL
        DAMAGES ESTIMATES................................................................................................5

V.      CONCLUSION................................................................................................................8

705895_1

Class representatives Macomb County Employees' Retirement System and St. Clair Shores Police & Fire Retirement System (collectively, "Plaintiffs") submit this response to Paul Liles' Objection to the Purposed [sic] Settlement Proof of Membership in Class and Motion to Allow Objections to be Served and Filed Out of Time ("Objection"). *See* Dkt. No. 466.[1] The Objection should be rejected or overruled for three reasons: it is inexcusably late; Mr. Liles has failed to establish that he is a Class Member and he thus has no standing to object; and his objection is entirely without merit.

## I.  INTRODUCTION

Mr. Liles, an attorney who has not established his membership in the Class as required by the Notice of Proposed Settlement of Class Action ("Notice") (Dkt. No. 445, Ex. A-1), filed his Objection on April 30, 2012, nearly a month after the deadline established by the Court for Class Members to submit objections to the settlement of this securities class action, the proposed Plan of Allocation of the settlement proceeds, or the application for attorneys' fees and expenses. Dkt. No. 466. Mr. Liles' Objection is wholly predicated on the grounds that the Notice is deficient under the Private Securities Litigation Reform Act of 1995 ("PSLRA") because it does not contain Plaintiffs' and Defendants' separate estimates of the per share damages. Dkt. No. 466. Even if Mr. Liles has standing and had timely filed his Objection, the lone basis for his Objection is premised on a flawed reading of both the PSLRA's statutory requirements and the Notice. Where, as here, the settling parties disagree about per share damages, even assuming liability has been established, the PSLRA only requires that the settlement notice contain a statement of the issues about which the parties disagree – not the per share damages estimate that Mr. Liles suggests is required. *See* 15 U.S.C.

---

[1]      All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation of Settlement dated as of January 31, 2012. Dkt. No. 445.

§78u-4(a)(7)(B)(ii). Mr. Liles' argument to the contrary is based on an unsound interpretation of the PSLRA that is not supported by case law, the statute itself, or the legislative history. Moreover, the Notice, approved by this Court on February 21, 2012, adequately informs Class Members of their likely per share recovery pursuant to the settlement and their potential recovery assuming success at trial. Accordingly, Mr. Liles' Objection is meritless and should be disregarded.

## II. MR. LILES HAS FAILED TO ESTABLISH HIS STANDING TO OBJECT AND HIS OBJECTION IS UNTIMELY

As set forth in the Notice, Class Members are entitled to object to the settlement, provided that the objector establishes Class membership, by identifying "the number and type of Motorola publicly traded securities purchased or acquired and sold during the Class Period," and ensures that notice of the objection is received by the Clerk of the Court, Class Counsel and counsel for Defendants by April 2, 2012. Dkt. No. 445, Ex. A-1 (Notice) at §§XII (Item 5), XVIII.[2] Mr. Liles, an attorney based in Birmingham, Alabama, has not complied with either of these requirements and he should not be entitled to be heard on this matter.

Mr. Liles has provided no evidence that he is a Class Member with standing to object to the settlement. Although he refers in his brief to a "schedule of [his] transactions in Motorola common stock during the class period," he failed to attach any such schedule or otherwise demonstrate that he is a Class Member. Dkt. No. 466 at 1. Indeed, neither Class Counsel nor the Claims Administrator has received a claim form or any other communication from Mr. Liles which would demonstrate his Class membership. Because Mr. Liles has not complied with the requirement set by the Court to establish his membership in the Class, his Objection should not be entertained. *See* Dkt. No. 445, Ex. A-1 at §XVIII.

---

[2]     Only a single individual investor timely objected to the settlement. *See* Dkt. No. 464 at 2.

Even if Mr. Liles has standing as a Class Member, his Objection is untimely. He did not file his Objection until April 30, 2012 – four weeks after the deadline. Mr. Liles' explanation is that he holds his stock in "Street Name," in order to facilitate timely stock sales, and he thus did not receive the Notice from his broker until April 6, 2012. Dkt. No. 466 at 1-2. Mr. Liles' explanation, however, does not excuse his failure to timely object to the settlement. Courts have repeatedly held that the potential delay in receiving corporate notice from a broker is "the risk a shareholder takes in registering his or her securities in street name." *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *24 (S.D.N.Y. Dec. 23, 2009); *see also Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (affirming the lower court's approval of the settlement over class member's objection that he did not receive notice of the settlement until after the deadline to object had passed); *In re Intel Corp. Derivative Litig.*, No. 09-867-JJF, 2010 WL 2955178, at *2 (D. Del. July 22, 2010) ("lack of timely notice to the few shareholders who have objected is insufficient to withhold the Court's approval of the Settlement"); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (the question is not whether a specific class member received timely notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement"). Assuming Mr. Liles acquired Motorola stock in Street Name during the Class Period – and there is no evidence that he did – he assumed the risk of receiving untimely notice concerning his rights as a stockholder. Moreover, assuming he did receive the Notice on April 6, 2012, Mr. Liles provided no explanation, other than the apparent wedding of his daughter, for why he did not promptly file an objection or request an extension of the deadline to do so. As a result, Mr. Liles' Objection to the settlement is untimely and should be rejected. *See* Dkt. No. 445, Ex. A-1 at §XVIII.

### III. THE NOTICE PROVIDED SUFFICIENT INFORMATION CONCERNING PER SHARE DAMAGES TO ENABLE CLASS MEMBERS TO EVALUATE THE SETTLEMENT

In order to assist Class Members in evaluating the $200 million settlement, the Notice: (1) indicates an estimated $0.28 average distribution per share, prior to deducting fees and expenses, in the event 100% of eligible Class Members file claims (and notes the likelihood that the per share distribution will be higher given lower historical claim rates); and (2) provides a detailed Plan of Allocation, which sets forth an assessment of the per share damages that Plaintiffs believe "could have been recovered by Class Members had Plaintiffs prevailed at trial." Dkt. No. 445, Ex. A-1 (Notice) at §§I, XIII. The Notice further indicates that Plaintiffs and Defendants disagree on the "average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged." *Id.* at §II. The PSLRA requires that, when "the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, [the settlement notice must contain] a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii). Accordingly, the Notice states that:

> The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

- 4 -

Dkt. No. 445, Ex. A-1 at §II. All of the disputed issues identified in the Notice impact a damages evaluation, whether, with respect to items (1) and (2), because a failure to establish liability would preclude any recovery, or, with respect to items (3) through (8), because various factors would directly affect the damages calculation even if Plaintiffs succeeded at trial. *Id.*

As set forth above, the Notice adequately apprised investors of their potential recovery pursuant to the settlement, the maximum possible recovery had Plaintiffs succeeded at trial, and the issues that Plaintiffs and Defendants disputed that could affect the Class Members' recovery in the absence of settlement. Indeed, not a single investor (including Mr. Liles) contacted Class Counsel or the Claims Administrator seeking additional information about the damages estimate or the issues disputed by parties.

## IV.   THE PSLRA DOES NOT REQUIRE PARTIES WHO DISAGREE ABOUT THE MAXIMUM RECOVERABLE DAMAGES TO PROVIDE INDIVIDUAL DAMAGES ESTIMATES

Mr. Liles' Objection to the settlement is premised entirely on the insupportable argument that when settling parties disagree about the damages that plaintiffs would have recovered had they succeeded in establishing liability, 15 U.S.C. §78u-4(a)(7)(B) of the PSLRA requires each party to provide class members with notice of their per share damages estimate. Dkt. No. 466 at 3-4, 6-7, 10-11. But, nothing in the statute, case law, or legislative history supports such a requirement.

The Second Circuit recently evaluated the requirements of 15 U.S.C. §78u-4(a)(7)(B) in deciding an appeal premised on the precise grounds proffered by Mr. Liles' Objection and, in February of this year, confirmed that when parties do not agree about per share damages, the PSLRA requires "no more" than a statement of the issues about which the parties disagree. *In re Am. Int'l Grp., Inc. Sec. Litig.*, 452 F. App'x 75, 77 (2d Cir. 2012) ("*AIG*"). The court specifically held that the "plain language" of the statute "clearly requires an amount recoverable be provided ***only*** in the case that the parties agree on that amount." *Id.* (emphasis in original). The Second Circuit is

- 5 -

correct. The language of the PSLRA is plain and unambiguous, and does not require the Notice to contain the information Mr. Liles requests.

The relevant portions of the PSLRA state that:

**(7) Disclosure of settlement terms to class members**

Any proposed or final settlement agreement that is published or otherwise disseminated to the class shall include each of the following statements . . . .

\*      \*      \*

**(B) Statement of potential outcome of case**

**(i) Agreement on amount of damages**

If the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement concerning the average amount of such potential damages per share.

**(ii) Disagreement on amount of damages**

If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree.

15 U.S.C. §78u-4(a)(7)(B).

The proper interpretation of a statute begins with a determination of "'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 710 (7th Cir. 2005) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). If the language is "plain and unambiguous," considering the context, the court's inquiry ceases. *Id.* Here, the PSLRA unambiguously states that parties ***who agree*** on damages must provide an "average amount of such potential damages per share," but parties ***who do not agree*** on damages need only provide a statement concerning "the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(i) and (ii). The statute could not be more clear. Indeed, "'[where] Congress includes particular language in one section of a statute but omits

- 6 -

it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States,* 464 U.S. 16, 23 (1983) (citation omitted). Here, Congress only included language concerning the average amount of per share damages in subsection (i); *i.e.* when the parties agree on the damages estimates. Congress specifically excluded this language from subsection (ii); *i.e.*, when, as here, the parties do not agree on damages. As the Supreme Court has counseled, courts cannot presume that "the differing language in the two subsections has the same meaning in each." *Russello*, 464 U.S. at 23.[3] Accordingly, a per share damages estimate is only required when the parties agree on that figure. Because, as the Court is well aware, the parties here disagreed on the damages that could have been recovered, the Notice was not required to include such an estimate.

Because the language of the statute is "plain and unambiguous," it is unnecessary to examine the legislative history of the PSLRA. *See United States v. Jones*, 372 F.3d 910, 913 n.2 (7th Cir. 2004) (citing *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004)). Nevertheless, the differing requirements under subsections (i) and (ii) are evident from the House Conference Report, dated November 28, 1995. H.R. Conf. Rep. No. 104-369 (1995), 1995 WL 709276 ("Report"). The Report contains a "Joint Explanatory Statement of the Committee of Conference," addressing the "Improved settlement notice to class members" and states that a settlement notice "must contain a statement of the average amount of damages per share that would be recoverable ***if the settling parties can agree on a figure, or a statement from each settling party on why there is***

---

[3]    Mr. Liles also makes the unfounded argument that because the PSLRA renders any statements concerning damages made pursuant to subsections (i) and (ii) inadmissible, both subsections necessarily require a per share damages estimate. Dkt. No. 466 at 3-4, 6, 11; 15 U.S.C. §78u-4(a)(7)(B)(iii). Mr. Liles' reading of the statute is strained, to say the least, and deviates from the principle that had Congress intended that an average per share damages estimate was required under both subsections (i) and (ii), it would have utilized the same language in each subsection. *See Russello*, 464 U.S. at 23.

- 7 -

*disagreement*." *Id.* at \*730, \*735 (emphasis added). The Report clearly evidences Congress' intent that a numerical "figure" need only be provided when the parties agree, just as the reasons "why there is disagreement" need only be provided when the parties disagree. *Id.*; *see also* S. Rep. No. 104-98 (1995), 1995 WL 372783 (statement by Senator Alfonse M. D'Amato, member of the Conference Committee for the PSLRA, commenting on the rule and stating that it: "[R]equires the settling parties, if they can agree, to state the average amount of damages per share that would be recoverable if the plaintiff prevailed. *If the parties cannot agree, each party must provide a statement on the issues on which they disagree*."). *Id.* at \*704 (emphases added).

Plaintiffs' interpretation of the PSLRA is supported by the case law, the language of the statute and the legislative history. Mr. Liles' contortions have been explicitly rejected by the Second Circuit and should be rejected by this Court as well. *See AIG*, 452 F. App'x at 77.[4]

## V.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court overrule Mr. Liles' Objection and: (1) grant final approval of the proposed settlement; (2) approve the Plan of

---

[4] Mr. Liles does not point to a single case in which a court required parties who disagreed on damages to provide their individual per share damages estimate. Moreover, the cases he does cite are inapposite and do not support his position. In *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646 (7th Cir. 2006), the court was evaluating whether the settlement was "'fair, reasonable and adequate,'" not whether the notice sufficiently apprised investors of the damages recoverable had liability been established. *Id.* at 653 (citation omitted). Importantly, *Synfuel* was not a securities case and the opinion does not even mention the PSLRA. *Id.* In *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962 (9th Cir. 2007), the court was evaluating the claims rate assumptions underlying plaintiffs' estimated per share distribution pursuant to the settlement. *Id.* at 971. Mr. Liles, however, does not challenge the $0.28 per share distribution estimated here, or the 100% claim rate that served as the basis for the estimate. Accordingly, *Veritas* is not instructive. In *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001), the court was evaluating whether, when the parties disagreed on the per share damages estimate pursuant to 15 U.S.C. §78u-4(a)(7)(B)(ii), they were required to identify "every" issue they disagreed on, or just the "damages issues." *Cendant*, 264 F.3d at 247 n.26. The court held that the parties were only required to identify the "damages issues," but the court did not require the parties to disclose their per share damages estimate. *Id.* Finally, *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180 (S.D.N.Y. 2003), the court upheld the original notice, finding that "minor deviations" from the PSLRA requirements "do not justify upsetting the notice procedure used." *Id.* at 184.

705895_1

Allocation of settlement proceeds; (3) grant Macomb County's and St. Clair's requests for reimbursement of their expenses; 4) grant Class Counsel's requested fee award; and (5) grant Class Counsel's request for litigation expenses.

DATED:  May 4, 2012                    Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       MICHAEL J. DOWD
                                       KEITH F. PARKS
                                       TOR GRONBORG
                                       SUSAN G. TAYLOR
                                       TRIG R. SMITH
                                       JENNIFER L. GMITRO
                                       IVY T. NGO


                                              s/ TOR GRONBORG
                                       ─────────────────────────────
                                             TOR GRONBORG

                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       JAMES E. BARZ (IL Bar # 6255605)
                                       200 South Wacker Drive, 31st Floor
                                       Chicago, IL  60606
                                       Telephone:  312/674-4674
                                       312/674-4676 (fax)

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       58 South Service Road, Suite 200
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)

                                       Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

705895_1

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2012, I authorized the electronic filing of the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on May 4, 2012.

s/ TOR GRONBORG
TOR GRONBORG

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: tgronborg@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-04507

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Joseph Barber**
  jbarber@tdrlawfirm.com,edocket@tdrlawfirm.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David K. Cole**
  courtnotification@mayerbrown.com

- **Michael J. Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Timothy Eaton**
  teaton@shefskylaw.com,sfdocket@shefskylaw.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **James R. Figliulo**
  jfigliulo@fslegal.com

- **Jennifer L. Gmitro**
  JGmitro@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **David Hall**
  dhall@rgrdlaw.com

- **Mark H Horwitch**
  mhorwitch@tdrlawfirm.com,edocket@tdrlawfirm.com

- **Stephanie D. Jones**
  sjones@fslegal.com

- **Robert J. Kopecky**
  rkopecky@kirkland.com

- **M. Sean Laane**
  sean.laane@aporter.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com

- **Daniel E. Laytin**
  dlaytin@kirkland.com

- **Kim Ann Leffert**
  courtnotification@mayerbrown.com

- **Erin K. Lynch**
  elynch@shefskylaw.com,sfdocket@shefskylaw.com

- **Richard A. Maniskas**
  sradcliffe@glancylaw.com

- **John C Massaro**
  john_massaro@aporter.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,JRamirez@millerlawllc.com

- **Matthew P Montgomery**
  mattm@csgrr.com

- **Ivy T Ngo**
  ingo@rgrdlaw.com

- **Keith F. Park**
  keithp@rgrdlaw.com

- **David A Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Joseph Russello**
  jrussello@csgrr.com

- **Stephen M Sacks**
  stephen_sacks@aporter.com

- **Jeffrey Charles Sharer**
  jsharer@sidley.com,efilingnotice@sidley.com

- **Michael P. Sheehan**
  msheehan@shefskylaw.com,sfdocket@shefskylaw.com

- **Anne J. Sidrys**
  anne.sidrys@kirkland.com,kimberly.love@kirkland.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Susan G Taylor**
  SusanT@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James W. Thomas , Jr**
  james.thomas@aporter.com,elissa.spencer@aporter.com,matthew.roessing@aporter.com

- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Faulkner**

'

**Joseph          I. Goldstein**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**Jerry          A Isenberg**
Murphy & McGonigle
555 13th Street, N.W.
#410 W
Washington, DC 20004

**D          Seamus Kaskela**
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087

**Michael          Kelley**
Sidley and Austin
555 West Fifth Street
40th Floor
Los Angeles, CA 90013

Thomas C. Cronin*
Aaron L. Davis
CRONIN & CO., LTD.
233 South Wacker Drive, Suite 2100
Chicago, IL  60606


Abraham Laniado*
441-AVE T
Brooklyn, NY    11223


Paul Liles*
1305 Wakefield Lane
Birmingham, AL    35243


*Denotes service via overnight delivery

**INDEX OF EXHIBITS TO RESPONSE TO PAUL LILES' OBJECTION TO THE
NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**Document**                                                                                    **Exhibit**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    452 F. App'x 75 (2d Cir. 2012) ...............................................................................1

*In re Intel Corp. Derivative Litig.*,
    No. 09-867-JJF, 2010 WL 2955178 (D. Del. July 22, 2010) ...................................2

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
    No. 04 Civ. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)...................3

H.R. Conf. Rep. No. 104-369 (1995),
    1995 WL 709276 (Excerpt) ......................................................................................4

S. Rep. No. 104-98 (1995),
    1995 WL 372783 (Excerpt) ......................................................................................5