# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4507 | **DATE** | 5/7/2012 |
| **CASE TITLE** | Silverman vs. Motorola, Inc et al | | |

**DOCKET ENTRY TEXT**

The Court overrules Abraham Laniado's and Paul Liles' respective objections to the proposed settlement [464-2][466].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Before the Court are two objections to the proposed class action settlement. For the following reasons, the Court overrules both objections. In the present order, the Court assumes familiarity with the underlying facts of the case, which are set forth in detail in the Court's summary judgment order. *See Silverman v. Motorola, Inc.*, 798 F. Supp. 2d 954 (N.D. Ill. 2011).

### I.    Abraham Laniado

    Mr. Abraham Laniado submitted an objection to Class Counsel on April 2, 2012, in which he states that he objects to the proposed settlement "because it does not include the 'call or the put options' of Motorola. I have big losses buying and selling the call options during that period." (R. 464-2, Laniado Obj. at 1.) The class in this case is defined as:

> all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the publicly traded securities of Motorola, Inc. during the period from July 19, 2006 through January 4, 2007, inclusive, excluding (1) Defendants and their immediate family; (2) any entity in which Defendants have or had a controlling interest; (3) Officers and Directors of Motorola, Inc.; and (4) the legal representatives, heirs, successors or assigns of any excluded party.

(R. 462-1, Notice § VII(3).) As Mr. Laniado recognizes, the class does not include purchasers or sellers of call options. Because he is not a member of the class, he does not have standing to object to the proposed settlement. The Court therefore overrules his objection.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## II.     Paul Liles

As an initial matter, Mr. Paul Liles filed his objection on April 30, 2012–28 days after the April 2, 2012 objection deadline. Pursuant to the Court's Order, Class Counsel, through a third party claims administrator, sent a Notice of Proposed Settlement of Class Action (the "Notice") to class members on February 27, 2012 and also published the Notice with the Depository Trust Corporation's Legal Notice System. (R. 462, Sylvester Decl. ¶¶ 4-7.) The Notice provided that the deadline for objections to the proposed settlement was April 2, 2012. (462-1, Notice § XVIII.) Mr. Liles states in his objection that he holds the relevant Motorola stock in a "Street Name" and he therefore did not receive a direct mailing of the Notice from the third-party administrator.[1] He claims that he did not receive the Notice until April 6, 2012, when his broker emailed the Notice to him. He further states that the additional delay in objecting was due to his daughter's wedding. Whether Mr. Liles' objection is timely ultimately is of no consequence because, as explained below, the Court overrules his objection on the merits.

Mr. Liles argues that Class Counsel and Defendant have violated the notice requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") by failing to provide an adequate "Statement of Potential Outcome of a Case." (R. 466, Liles Obj. at 2-3 (citing 15 U.S.C. § 78u-4(a)(7)(B)).) The relevant portion of the PSLRA reads as follows:

> **(B) Statement of potential outcome of case**
>
> **(i) Agreement on amount of damages**
> If the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement concerning the average amount of such potential damages per share.
>
> **(ii) Disagreement on amount of damages**
> If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree.
>
> **(iii) Inadmissibility for certain purposes**
> A statement made in accordance with clause (i) or (ii) concerning the amount of damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement.

15 U.S.C. §§ 78u-4(a)(7)(B)(i-iii). The "Statement of Potential Outcome of Case" in the Notice provided to class members in this case states:

> Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability;

---

[1] Although Mr. Liles states in his written objection that he attached a list of his transactions in Motorola common stock during the class period, he did not file such a list with the Court.

(3) the appropriate economic model for determining the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the prices of Motorola publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Motorola publicly traded securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Motorola publicly traded securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Motorola publicly traded securities at various times during the Class Period.

(R. 462-1, Notice § II.) Mr. Liles contends that this provision of the Notice is deficient under 15 U.S.C. § 78u-4(a)(7)(B)(ii) because it does not set forth the average amount of damages that would have been recoverable if the Lead Plaintiff prevailed in the litigation. (R. 466, Liles Obj. at 6-7.) According to his argument, this deficiency deprives class members of the ability to intelligently evaluate the settlement.

In support of his argument, Mr. Liles relies primarily on two cases, both of which are distinguishable and, in any event, not controlling on this Court. The first is *In re Cendant Corp. Litig.*, 264 F.3d 201, 247 n.26 (3d Cir. 2001), where the Third Circuit, in a footnote, affirmed the district court's rejection of an objector's argument that the settlement notice was inadequate under 15 U.S.C. § 78u-4(a)(7)(B)(ii) because it did not include a statement regarding every issue on which the parties disagreed in the case. *Id.* The court stated that "the phrase 'the issue or issues on which the parties disagree' in (7)(B)(ii) refers only to damages issues, not to *every* disputed issue involved in the class action." *Id.* (emphasis in original). That case does not support Mr. Liles' argument that the Notice must set forth the average amount of damages per share that would have been recoverable if the Lead Plaintiff prevailed in the litigation. Moreover, the Notice in this case set forth the issues regarding damages on which the parties disagree.[2] Likewise, Mr. Liles' reliance on the Ninth Circuit's opinion in *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Cir. 2007), is misplaced. There, the issue before the court was whether notice was adequate under 15 U.S.C. § 78u-4(a)(7)(A), not (7)(B), where the notice did not disclose that the parties based the amount of per-share recovery on the assumption that only a certain percentage of the class members would file claims. The Ninth Circuit did not address the "Statement of Potential Outcome of Case" in (7)(B)(ii). In short, neither of these cases address the issue raised in Mr. Liles objection.

In a recent case, *In re American Int'l Group, Inc. Sec. Litig.*, No. 04 Civ. 8141, 2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010), *aff'd* 452 Fed. App'x 75, 77 (2d Cir. 2012), a district court in the Southern District of New York addressed a similar objection to the one Mr. Liles interposes here–namely, that the notice provided to the class was insufficient under (7)(B)(ii) because it did not provide a prediction of the damages available had the plaintiffs prevailed at trial. Noting that the PSLRA does not "unambiguously require such an estimate," the court held that "[w]here, as here, the parties disagree as to the amount of damages available had Plaintiffs prevailed at trial, the statute requires only that each party make a statement 'concerning the issue or issues on which the parties disagree.'" *Id.* at *3 (citing 15 U.S.C. § 78u-4(a)(7)(B)).[3] The notice in that case stated that the lead

---

[2] Additionally, the Notice provides a detailed plan of allocation, which "reflects an assessment of the damages that [Class Counsel] believe could have been recovered by Class Members had Plaintiffs prevailed at trial." (R. 462-1, Notice § XIII.)

[3] The objector in *American Int'l*, like Mr. Liles, relied on *In re Veritas*. The district court distinguished that case on the same basis explained above.

plaintiffs and the defendant disagreed on whether the defendant made false statements, whether the defendant knew or should have known that its statements were false, whether the alleged misrepresentations were material, and the amount of damages, if any, those representations caused. *Id.* After explaining that courts have "repeatedly approved settlements involving notice forms with nearly identical language," the court held that the notice was "sufficient" and "comprehensible" to allow the class to evaluate the settlement intelligently. *Id.* (citing cases). The Second Circuit affirmed, holding that "[t]he plain language of 15 U.S.C. § 78u-4(a)(7)(B)(ii) . . . does not require that the parties provide their respective views about recoverable damages in the event they disagree about the amount recoverable. Rather, the plain language of the PSLRA clearly requires an amount recoverable be provided *only* in the case that the parties agree on that amount." *In re American Int'l*, 452 Fed. App'x at 77 (emphasis in original).

The Court finds the reasoning in *American Int'l* persuasive and therefore overrules Mr. Liles' objection. In addition to the numerous other courts that have approved notices like the one here and the one in *American Int'l*, this Court has previously approved a similar notice. *See Greater Penn. Carpenters Pension Fund v. Whitehall Jewelers, Inc.*, No. 04-cv-1107 (N.D. Ill. July 24, 2006). Indeed, the Notice provided to the class in this case was even more focused on particular areas of disagreement relating to damages than the notice in *American Int'l*.

## CONCLUSION

For the reasons set forth above, the Court overrules both objections to the proposed settlement.